Donald L. Saltzman, State Bar No. 54483
Professional Law Corporation
10537 Butterfield Road
Los Angeles, California 90064
Telephone: (310) 617-3073
Facsimile: (310) 836-8944
dlslawcorp@aol.com

Attorneys for Defendant
YESHIVA OHR
ELCHONON CHABAD

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA *ex rel.* ARIA KOZAK AND DONNA KOZAK,

Plaintiff,

vs.

CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF MARINA; and BAIS CHAYA MUSHKA,

Defendants.

---

YESHIVA OHR ELCHONON CHABAD,

Cross-Complainant,

vs.

CHABAD OF CALIFORNIA,

Cross-Defendant.

---

Case No. 2:10-cv-01056-MCE-EFB

**ANSWER OF DEFENDANT YESHIVA OHR ELCHONON CHABAD TO FIRST AMENDED COMPLAINT;**

**CROSS-CLAIM OF DEFENDANT YESHIVA OHR ELCHONON CHABAD AGAINST CROSS-DEFENDANT CHABAD OF CALIFORNIA FOR DECLARATORY RELIEF; IMPLIED INDEMNITY; COMPARATIVE INDEMNITY**

**[PURSUANT TO RULES 8, 12(b) AND 13, FEDERAL RULES OF CIVIL PROCEDURE]**

DEFENDANT YESHIVA OHR ELCHONON CHABAD ("DEFENDANT"), ON ITS OWN BEHALF ONLY, RESPONDS TO THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT (THE "COMPLAINT") AS FOLLOWS:

1. Defendant admits the first two sentences of paragraph number 1 of the Complaint but denies, or lacks knowledge or information sufficient to form a belief about the truth of, the remainder of that paragraph.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 2, 3, 4, 5, 6, and 7.

3. Defendant admits that it is located at 7215 Waring Avenue, Los Angeles, California, but denies, or lacks knowledge or information sufficient to form a belief about the truth of, the remainder of paragraph number 8.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 9.

5. Defendant admits the allegations of paragraph number 10.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 11.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 12, 13, 14, 15, 16, 17, 18 and 19.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 20, except Defendant admits that it authorized Defendant Chabad of California to lawfully obtain and administer a grant on Defendant's behalf in the amount of $72,750 and further admits that Defendant delivered all of said amount to Defendant Chabad of California to lawfully administer on behalf of Defendant.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 21, except Defendant admits that it authorized Defendant Chabad of California to lawfully obtain and administer a grant

on Defendant's behalf in the amount of $72,750 and further admits that Defendant delivered all of said amount to Defendant Chabad of California to lawfully administer on behalf of Defendant.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 22.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 23, except that Defendant specifically denies that it knowingly breached NSGP Terms and Conditions resulting in debts owed to the DHS and further specifically denies that Defendant knowingly concealed the nature and extent of such debts.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42.

13. With respect to paragraph number 43 of the Complaint, Defendant admits that it authorized Chabad of California to seek a grant of $72,750 on behalf of Defendant and further admits it authorized Defendant and Cross-Defendant Chabad of California to lawfully administer the grant on behalf of Yeshiva Ohr Elchonon Chabad. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the remaining allegations in paragraph 43.

14. With respect to paragraph number 44 of the Complaint, Defendant admits that security cameras were installed at its facility. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the remaining allegations in paragraph 44.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph 45.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraphs 46, 47, 48, 49, 50, 51, 52

17. Defendant denies the allegations in paragraph 53 except that it admits that it paid

over to Chabad of California the grant sum of $72,750 in reliance on Chabad of California's representation to Defendant that it would lawfully handle all paperwork related to the grant, lawfully administer the grant and lawfully interact with governmental agencies in connection with the grant.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, and 103.

19. Admits the allegations of paragraph numbers 104 and 105.

20. To the extent paragraph 106 refers to Defendant, Defendant denies all allegations of said paragraph. To the extent paragraph 106 refers to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 106.

21. To the extent paragraph 107 refers to Defendant, Defendant denies all allegations of said paragraph. To the extent paragraph 107 refers to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 107.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 108, 109 and 110.

23. Admits the allegations of paragraph numbers 111 and 112.

24. To the extent paragraph 113 refers to Defendant, Defendant denies all allegations of said paragraph. To the extent paragraph 113 refers to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 113.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 114 and 115.

26. Admits the allegations of paragraph numbers 116 and 117.

27. To the extent paragraph 118 refers to Defendant, Defendant denies all allegations of said paragraph. To the extent paragraph 118 refers to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 118.

28. To the extent paragraph 118 refers to Defendant, Defendant denies all allegations of said paragraph. To the extent paragraph 118 refers to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 118.

29. To the extent paragraph numbers 119 and 120 refer to acts of Defendant, Defendant denies all allegations of said paragraphs. To the extent paragraph numbers 119 and 120 refer to acts of other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 119 and 120.

30. Admits the allegations of paragraph number 121.

31. To the extent paragraph 122 refers to Defendant, Defendant denies all allegations of said paragraph. To the extent paragraph 122 refers to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph number 122.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of, and based thereon denies, the allegations in paragraph numbers 123, 124, 125 and 126.

**First Affirmative Defense**

33. The First Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

**Second Affirmative Defense**

34. The Plaintiff's claims are barred by all applicable statutes of limitation.

**Third Affirmative Defense**

35. In the event Defendant may be found liable to plaintiff for any damages

whatsoever, all such damages are the responsibility of defendant Chabad of California because Defendant justifiably relied upon Chabad of California to lawfully obtain the grant and lawfully administer all aspects of the grant on behalf of this Defendant.

**Fourth Affirmative Defense**

37. Defendant is not liable for any damages caused by acts of its agents because such agents were acting at all relevant times outside the scope of their authority.

**Fifth Affirmative Defense**

38. Defendant is not liable for any damages caused by acts of its agents to the extent its agents committed acts of intentional wrongdoing.

**Sixth Affirmative Defense**

39. In the event Defendant may be found liable for any damages whatsoever, the Plaintiff is responsible in part or in whole for such damages due to its own actions or failures to act in connection with the grant(s) in issue.

**Seventh Affirmative Defense**

40. All damages claimed by Plaintiff are solely due to the wrongful acts of co-defendants.

**Eighth Affirmative Defense**

41. Plaintiff is liable for a portion or all of the damages claimed due to its failure to mitigate damages.

WHEREFORE, Defendant requests judgment as follows:

1. That plaintiff take nothing by the Complaint.

2. That Defendant recover from Plaintiff its reasonable attorney's fees and costs of suit;

3. For such additional relief as the Court shall deem proper.

**CROSS-CLAIM**

(Against Cross-Defendant Chabad of California,

For Declaratory Relief; Implied Indemnity; Comparative Indemnity)

## GENERAL ALLEGATIONS

1. Defendant and Cross-Complainant Yeshiva Ohr Elchonon Chabad ("Cross-Complainant" or "Yeshiva Ohr") is a religious school with its principal place of business located 7215 Waring Avenue, Los Angeles, California 90046.

2. Defendant and Cross-Defendant Chabad of California ("Cross-Defendant" or "Chabad of California") is a corporation with its principal office located at 741 Gayley Avenue, Los Angeles, California.

3. Chabad of California was established in approximately 1965 as an arm of a worldwide Jewish educational organization that has its headquarters in New York. Chabad of California's chief representative in California was its President, Rabbi Boruch Cunin. In about 1978, Chabad of California, acting by and through Rabbi Cunin, had the opportunity to found a new "yeshiva," which is a school devoted to the study of religion and culture as well as general education. That school was Cross-Complainant Yeshiva Ohr. Chabad of California originally owned the property on which Yeshiva Ohr is located, although Yeshiva Ohr is and always has been a totally separate organization from Chabad of California. For a number of years, Chabad of California provided financial assistance to Yeshiva Ohr. Even though Yeshiva Ohr is a separate and independent organization from Chabad of California, Yeshiva Ohr cannot use the name "Chabad" without permission of Chabad of California and Yeshiva Ohr relies upon the occasional assistance of Chabad of California in the running and maintenance of its school.

4. At some point in time prior to August 25, 2008, a representative or representatives of Chabad of California approached representatives of Yeshiva Ohr and offered to Yeshiva Ohr that Chabad of California could and would apply to the Office of Homeland Security to obtain a grant for improvements in the physical security at the Yeshiva Ohr school. Chabad of California represented to Yeshiva Ohr that it was making similar applications to the Office of Homeland Security for a number of Chabad organizations with which it was affiliated. Chabad of California also represented and promised to Yeshiva Ohr that Chabad of California was experienced in the matters of obtaining grants from the Office of Homeland Security and that Chabad would handle

all aspects of the application for and administration of the grant funds in compliance with all applicable federal and state rules and regulations. Chabad of California also at this time represented and promised to Yeshiva Ohr that it knew many vendors and that it would deal directly with and handle all aspects of contracts, negotiations and payments of grant funds to the vendors of the security equipment. On information and belief, Yeshiva Ohr alleges that at or about the same time, possibly thereafter, Chabad of California told representatives of Yeshiva Ohr that the grant amount would be in the sum of $72,750.

     5.     Based upon Chabad of California's representations and promises to Yeshiva Ohr as stated in paragraph number 4 hereof, Yeshiva Ohr authorized Chabad of California to proceed with obtaining and administering the grant in issue.

     6.     At all times relevant herein, Yeshiva Ohr relied upon the representations and promises made to it by Chabad of California as stated in paragraph number 4 of this Cross-Complaint.

     7.     Attached hereto as "Exhibit 1 to Cross-Complaint" is a letter dated June 1, 2010 to the California SAA (CalEMA) from Chabad of California's accountant, Chaim Aaron Levin. This letter is referenced in paragraph number 35 of the principal Complaint. Among other things, in that letter Cross-Defendant Chabad of California specifically admitted that entities such as Yeshiva Ohr totally relied upon Chabad of California to properly administer the grant funds:

> "[S]everal of the entities relied on the expertise and experience of the procurement personnel employed by Chabad of California to select and manage the vendors grants. The Chabad of California personnel have broad expertise in construction management; examples including . . . .
>
> To build up the purchasing power of all the entities, the other entities paid or transferred the grant proceeds to Chabad of California. . . . Thus you may see that an outside vendor may consider that there is an open balance to their account with one of the entities even though the entity paid Chabad of California completely. Thus, because Chabad of California is in-between the other subrecipients and some of the

vendors, there may be the temporary situation of the vendor showing a balance due even though the subrecipient shows the charges under the contract as expended in full. . . ."

8. At some point in time after Chabad of California applied for the grant to be used for security improvements at Yeshiva Ohr, Yeshiva Ohr received a check for $72,750 from the Office of Homeland Security. At the request of Chabad of California, whom Yeshiva Ohr understood was going to administer those funds and pay the vendors, Yeshiva Ohr forwarded the entire amount (less $750 through oversight) to Chabad of California for such purposes. Attached hereto as "Exhibit 2 to Cross-Complaint" is a true and correct copy of a check, dated November 24, 2009, from Yeshiva Ohr payable to Chabad of California, in the amount of $40,000. Attached hereto as "Exhibit 3 to Cross-Complaint" is a true and correct copy of a check, dated December 15, 2009, from Yeshiva Ohr payable to Chabad of California, in the amount of $32,000. Those two payments represented the payment to Chabad of California of all of the grant proceeds (except $750 through oversight) that had been received by Yeshiva Ohr from the Office of Homeland Security.

9. Yeshiva Ohr alleges that at all times herein relevant, it was unaware of the specific actions taken by, or inactions of, Chabad of California in its interactions with any governmental agencies or vendors. At all times herein relevant, Yeshiva Ohr was justified in its reliance on the representations and promises of Chabad of California as outlined in paragraph number 4 above.

10. After the grants were obtained the security upgrades at Yeshiva Ohr were ultimately performed by vendors chosen and hired by Chabad of California. The vendors at no time asked Yeshiva Ohr for payment as they knew from the outset that Chabad of California and Rabbi Cunin had hired them and were responsible for payment. If from time to time any vendors would ask Yeshiva Ohr about the status of payment for their services, representatives of Yeshiva Ohr always responded that all payments were being handled by Chabad of California and they should contact Chabad of California concerning status of any payment or payments. If a vendor raised a payment status question of Yeshiva Ohr, representatives of Yeshiva Ohr would from time

to time call representatives of Chabad of California and mention that a vendor had raised a question about payment, at which time Chabad of California always responded to Yeshiva Ohr that they were "on top of it," "not to worry about it" and that "the vendors would be paid."

11. Representatives of Yeshiva Ohr were at all relevant times of the belief that all vendors had been paid by Chabad of California, until Yeshiva Ohr was served with the principal Complaint herein in February, 2013. The Complaint alleges damages caused by the negligent and/or intentional wrongful conduct of Yeshiva Ohr with respect to the grant in issue. Yeshiva Ohr contends that it is not liable for any of the events, incidents, occurrences and damages alleged in Plaintiff's Complaint. Most of the documents referred to in the Complaint as relevant to Yeshiva Ohr had never been seen by Yeshiva Ohr prior to service of the Complaint. Yeshiva Ohr neither participated in nor had knowledge of the wrongful acts alleged against Yeshiva Ohr in the Complaint.

## FIRST CAUSE OF ACTION

(Against Cross-Defendant Chabad of California,

Declaratory Relief; For Implied Indemnity of Principal by Agent)

12. Cross-Complainant incorporates the allegations of paragraphs 1 through 11 of this Cross-Complaint as if fully stated below.

13. An actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendant in that Cross-Complainant contends, and Cross-Defendant denies, the following:

    a. That, as between Cross-Defendant acting as agent for Cross-Complainant with respect to obtaining and managing the grants in issue, and Cross-Complainant as principal who justifiably relied upon the promises and representations of agent as set forth in paragraph number 4 above, responsibility, if any, for the damages claimed by Plaintiff in the principal action herein rests entirely or partially on Cross-Defendant;

    b. That, as a result, if Cross-Complaint is obligated to pay part or all of the damages alleged in the Complaint upon a theory of vicarious liability of the principal for the acts of its agent, a derivative form of liability not resulting from Cross-Complainant's conduct, but resulting

-10-    No. 2:10-cv-01056-MCE-EFB
ANSWER OF DEFENDANT YESHIVA OHR ELCHONON CHABAD TO FIRST AMENDED COMPLAINT;
CROSSCLAIM AGAINST DEFENDANT CHABAD OF CALIFORNIA FOR INDEMNITY AND OTHER RELIEF

from the wrongful conduct of Cross-Defendant, Cross-Defendant is obligated to fully indemnify Cross-Complainant for any sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant;

c. That, as a further result, if Cross-Complaint is obligated to pay part or all of the damages alleged in the Complaint upon a theory of vicarious liability of the principal for the acts of its agent, a derivative form of liability not resulting from Cross-Complainant's conduct, but resulting from the wrongful conduct of Cross-Defendant, Cross-Defendant is obligated to fully indemnify Cross-Complainant for its reasonable attorney's fees and costs incurred in defending the action by Plaintiff and in prosecuting this action for indemnity against Cross-Complainant.

14. Cross-Complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and Cross-Defendant with respect to the damages claimed in the Complaint of Plaintiff herein. In particular, Cross-Complainant desires a declaration of the comparative liability of Cross-Complainant and Cross-Defendant for these damages, and a declaration of Cross-Defendant's responsibility for comparative indemnity to Cross-Complainant for any sums that Cross-Complainant may be compelled to pay and for which Cross-Defendant is determined responsible, entirely or in part.

15. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain its rights and duties with respect to Plaintiff's claims for damages. Furthermore, the claims of Plaintiff and the claims of Cross-Complainant arise out of the same transactions, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Cross-Complainant is required now to defend against the claims of Plaintiff and then bring a separate action against Cross-Defendant for indemnification of sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant.

## SECOND CAUSE OF ACTION

(Against Cross-Defendant Chabad of California,

Declaratory Relief; For Implied Contractual Indemnity)

16. Cross-Complainant incorporates the allegations of paragraphs 1 through 11 of this Cross-Complaint as if fully stated below.

17. At such time as Cross-Defendant Chabad of California offered to Cross-Complainant that it was qualified to obtain and manage the subject grant on behalf of Cross-Complainant in compliance with all applicable federal and state rules and regulations, and Cross-Complainant agreed to allow Cross-Defendant to take such actions on its behalf, an oral contract was made between Cross-Complainant and Cross-Defendant with respect to obtaining and managing the grant.

18. The obligation that Cross-Defendant agreed to perform on behalf of Cross-Complainant carried with it an implied agreement to indemnify and to discharge foreseeable damages resulting from negligent performance and/or intentional wrongdoing by Cross-Defendant.

19. An actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendant in that Cross-Complainant contends, and Cross-Defendant denies, the following:

   a. That, as between Cross-Defendant and Cross-Complainant, responsibility, if any, for the damages claimed by Plaintiff herein rests entirely or partially on Cross-Defendant because such damages were caused primarily and ultimately by Cross-Defendant's breach of its contract with Cross-Complainant in that Cross-Complainant negligently or intentionally failed to obtain, administer and manage the grant in full compliance with all applicable federal and state rules and regulations.

   b. That, as a result, if Cross-Complaint is obligated to pay to Plaintiff part or all of the damages alleged in the Complaint, Cross-Defendant is obligated to fully indemnify Cross-Complainant for any sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant;

   c. That, as a further result, if Cross-Complaint is obligated to pay to Plaintiff part or all of the damages alleged in the Complaint, Cross-Defendant is obligated to fully indemnify Cross-Complainant for its reasonable attorney's fees and costs incurred in defending the action by

Plaintiff and in prosecuting this action for indemnity against Cross-Complainant.

20. Cross-Complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and Cross-Defendant with respect to the damages claimed in the Complaint of Plaintiff herein. In particular, Cross-Complainant desires a declaration of the comparative liability of Cross-Complainant and Cross-Defendant for these damages, and a declaration of Cross-Defendant's responsibility for comparative indemnity to Cross-Complainant for any sums that Cross-Complainant may be compelled to pay and for which Cross-Defendant is determined responsible, entirely or in part.

21. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain its rights and duties with respect to Plaintiff's claims for damages. Furthermore, the claims of Plaintiff and the claims of Cross-Complainant arise out of the same transactions, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Cross-Complainant is required now to defend against the claims of Plaintiff and then bring a separate action against Cross-Defendant for indemnification of sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant.

## THIRD CAUSE OF ACTION

(Against Cross-Defendant Chabad of California,
For Comparative Indemnity by Party at Fault)

22. Cross-Complainant incorporates the allegations of paragraphs 1 through 11 of this Cross-Complaint as if fully stated below.

23. An actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendant in that Cross-Complainant contends, and Cross-Defendant denies, the following:

a. That, as between Cross-Defendant and Cross-Complainant, responsibility, if any, for the damages claimed by Plaintiff herein rests entirely or partially on Cross-Defendant because such damages were caused entirely or partially by Cross-Defendant and not through any acts of negligence or intentional wrongdoing by Cross-Complainant;

b. That, as a result, if Cross-Complaint is obligated to pay to Plaintiff part or all of the damages alleged in the Complaint, Cross-Defendant is obligated to fully indemnify Cross-Complainant for any sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant;

c. That, as a further result, if Cross-Complaint is obligated to pay to Plaintiff part or all of the damages alleged in the Complaint, Cross-Defendant is obligated to fully indemnify Cross-Complainant for its reasonable attorney's fees and costs incurred in defending the action by Plaintiff and in prosecuting this action for indemnity against Cross-Complainant.

24. Cross-Complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and Cross-Defendant with respect to the damages claimed in the Complaint of Plaintiff herein. In particular, Cross-Complainant desires a declaration of the comparative liability of Cross-Complainant and Cross-Defendant for these damages, and a declaration of Cross-Defendant's responsibility for comparative indemnity to Cross-Complainant for any sums that Cross-Complainant may be compelled to pay and for which Cross-Defendant is determined responsible, entirely or in part.

25. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain its rights and duties with respect to Plaintiff's claims for damages. Furthermore, the claims of Plaintiff and the claims of Cross-Complainant arise out of the same transactions, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Cross-Complainant is required now to defend against the claims of Plaintiff and then bring a separate action against Cross-Defendant for indemnification of sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Complainant Chabad of California as follows:

1. For a judicial determination of the comparative fault of Cross-Complainant and Cross-Defendant for the damages claimed by Plaintiff, if any are found to exist;

-14- No. 2:10-cv-01056-MCE-EFB

ANSWER OF DEFENDANT YESHIVA OHR ELCHONON CHABAD TO FIRST AMENDED COMPLAINT; CROSSCLAIM AGAINST DEFENDANT CHABAD OF CALIFORNIA FOR INDEMNITY AND OTHER RELIEF

2. For a declaration of the amount that Cross-Defendant is obligated to indemnify Cross-Complainant if Cross-Complainant is compelled to pay any sum as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant;

3. For a declaration of the amount that Cross-Defendant is obligated to indemnify Cross-Complainant for Cross-Complainant's reasonable attorney's fees and costs incurred in defending the principal action and in prosecuting its claims for indemnity against Cross-Complainant;

4. For an order of the Court awarding judgment in favor of Cross-Complainant against Cross-Defendant, based upon the relative percentage of fault of each party including the Plaintiff;

5. For an order of the Court that Cross-Complainant is entitled to be fully indemnified by Cross-Defendant for any and all amounts that Cross-Complainant is compelled to pay to Plaintiff or others as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant, including but not limited to indemnification for Cross-Complainant's attorney's fees and costs;

6. For an order of the Court that Cross-Complainant is entitled to be fully indemnified by Cross-Defendant for any and all settlements or compromises and/or judgments entered into by Cross-Complainant as a result of this action, including but not limited to indemnification for Cross-Complainant's attorney's fees and costs;

7. For costs of suit herein; and

8. For such other and further relief as the court may deem proper.

Respectfully submitted,

DATED: March 18, 2013

DONALD L. SALTZMAN, PLC

By: ______________________

Donald L. Saltzman
Attorneys for Defendant,
Yeshiva Ohr Elchonon Chabad