UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ex rel. ARIA KOZAK AND DONNA KOZAK, <br><br> Plaintiff, <br><br> v. <br><br> CHABAD-LUBAVITCH, INC., et al., <br><br> Defendants. | No. 2:10-cv-1056-MCE-EFB <br><br><br> ORDER |

On October 30, 2013, the court heard the United States' motion to compel defendant Chabad of California ("defendant") to provide its initial disclosures, as required by Federal Rule of Civil Procedure 26(a), and to respond to the United States' First Set of Interrogatories and First Set of Requests for Production of Documents. ECF No. 58. Attorneys Glen Dorgan and Kelli Taylor appeared on behalf of the United States; defendant failed to appear.

In light of defendant's complete failure to respond to the discovery requests, a Joint Statement in not required for this motion. Rule 251(e), Eastern District of California Local Rules (E.D. Cal. L.R.) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order"). Further, defendant has not complied with Local Rule 251(e), which requires a responding party to file a response to the discovery motion at issue no

1

later than seven days before the hearing date, or in this instance, by October 23, 2013. Nor did counsel for defendant appear at the duly noticed hearing.

Federal Rule of Civil Procedure ("Rule") 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). The United States' motion shows that, in spite of the parties' stipulation to a deadline of August 29, 2013, for completion of their Rule 26(a) disclosures, *see* Fed. R. Civ. P. 26(a)(1)(c) and ECF No. 52 at 4, and in spite of the follow up requests by counsel for the United States, the defendant still has not served the United States with its initial disclosures. Declaration of Glen Dorgan, ECF No. 58-1, ¶¶ 3-4. Nor has defendant submitted anything in opposition to this motion. Given defendant's failure to demonstrate any valid excuse for its failure to provide the required initial disclosures, defendant is ordered to do so within seven days of the filing of this order.

In addition to the outstanding initial disclosures, the United States' motion shows that defendant has also not responded to the United States' First Set of Interrogatories and First Set of Requests for Production of Documents, which were served on August 5, 2013, despite requests for those responses. ECF No. 58-1 ¶¶ 3-4. Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Here, defendant has not provided any valid excuse for its failure to respond to the interrogatories and requests for production of documents. Therefore, defendant is ordered to fully respond to those discovery requests within seven days.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless the moving party failed to attempt in good faith to obtain the discovery or disclosures without court action, the non-disclosure was substantially justified, or the circumstances make an award of expenses unjust.

/////

Counsel for the United States has represented that multiple attempts were made to obtain both the disclosures and the discovery responses without court action, yet defendant failed to provide the required discovery. Defendant has submitted nothing to show any justification for its failure to timely provide its initial disclosures and its failure to timely respond to defendant's discovery requests. Accordingly, the defendant shall reimburse the United States for the costs and fees incurred in bringing this motion to compel.

Within seven day of the date of this order, the United States shall file a declaration identifying the costs and attorney's fees incurred in bringing this motion. Any response by defendant as to the hourly rate or number of hours expended that are identified in the declaration shall be filed within seven days thereafter. Upon receipt of the United States' declaration, and objections, if any, the court will assess the reasonableness of the amount requested, and order defendant to pay the United States the reasonable expenses incurred.

Accordingly, it is hereby ORDERED that:

1. The United States' motion to compel defendant Chabad of California to provide its initial disclosures and to respond to the United States' First Set of Interrogatories and First Set of Requests for Production of Documents (ECF No. 58) is granted.

2. Within seven days of the date of this order, defendant Chabad of California shall serve the United States with its initial disclosures, as required by Federal Rule of Civil Procedure 26(a).

3. Also within seven days of the date of this order, defendant Chabad of California shall serve the United States with responses to its First Set of Interrogatories and First Set of Requests for Production of Documents.

4. Within seven days of the date of this order, the United States shall file a declaration identifying the reasonable expenses incurred in making its motion to compel.

5. Any response to the declaration shall be filed within seven days thereafter.

6. Defendant Chabad of California is admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of further sanctions, including monetary sanctions,

/////

evidentiary sanctions, and/or rendering a default judgment against defendant Chabad of California.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2).

Dated:  November 5, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE