BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
GLEN F. DORGAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California  93721
(559) 497-4080 (telephone)
(559) 497-4099 (facsimile)

Attorneys for the Plaintiff UNITED STATES

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARIA KOZAK and DONNA KOZAK,<br><br>                    Plaintiff,<br><br>v.<br><br>CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF MARINA; and BAIS CHAYA MUSHKA,<br><br>                    Defendants. | CASE NO. 2:10-cv-01056-MCE-EFB<br><br>**UNITED STATES' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT CHABAD OF CALIFORNIA**<br><br>[Fed. R. Civ. P. 56; Local Rule 260]<br><br>Date:  August 21, 2014<br>Time:  2:00 p.m.<br>Courtroom:  7<br>Judge:  Hon. Morrison C. England, Jr.<br>Trial:  January 5, 2015 |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 260(a), the UNITED STATES submits the following Statement of Undisputed Material Facts in support of the Motion for Summary Judgment, or, Alternatively, Partial Summary Judgment against Defendant CHABAD OF CALIFORNIA.

///

///

///

Separate Statement of Undisputed Material Facts in
Support of Partial MSJ Against Chabad of California

1

**A.**    <u>**Chabad's NSG Program Grants**</u>.

| <u>Material Facts</u> | <u>Evidence</u> |
|---|---|
| 1. On or about May 8, 2008, Defendant CHABAD OF CALIFORNIA ("Chabad") applied for a federal grant under the Urban Areas Security Initiative: Nonprofit Security Grant Program ("NSG Program") to pay the costs of installing video surveillance and identification equipment and perimeter security equipment at Chabad's facility located at 3500 Seymour Road, Running Springs, California ("the Running Springs Grant Project"). | 1. United States' Requests for Admissions, Set No. 2, to Chabad ("Chabad RFA 2"), Ex. "6" to Declaration of Glen F. Dorgan ("Dorgan Decl."), Request No. 4; and<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted). |
| 2. For the purpose of applying for the NSG Program Grant for the Running Springs Grant Project, Chabad's authorized representative, Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "28" to the Notice of Lodgment. | 2. Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC);<br><br>First Amended Complaint ("FAC"), Ex. "A" to Request for Judicial Notice ("RJN"), para. 21 (authenticating the Grant Assurances); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). |
| 3. On or about June 2, 2008, the California Governor's Office of Homeland Security, which was later merged into the California Emergency Management Agency and is referred to herein as "Cal EMA," notified Chabad that it was awarded NSG Program Grant No. 2007-0023/037-90820 ("the Running Springs Grant"), in the amount of $97,000, and Cal EMA established a performance period of May 12, 2008, through December 31, 2009. | 3. Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 5-6;<br><br>Notification of Subgrantee Award [US002000], Ex. "17" to Dorgan Decl.;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted);<br><br>FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). |

| | |
|---|---|
| 4.  On or about August 29, 2008, Chabad applied for a federal grant under the NSG Program to pay the costs of installing video surveillance and identification equipment and access control equipment at Chabad's facility located at 741 Gayley Avenue in Los Angeles, California ("the Gayley Grant Project"). | 4.  Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 7; and<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted). |
| 5.  For the purpose of applying for the NSG Program Grant for the Gayley Grant Project, Chabad's authorized representative, Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "28" to the Notice of Lodgment. | 5.  Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC);<br><br>FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). |
| 6.  On or about October 10, 2008, Cal EMA notified Chabad that it was awarded NSG Program Grant No. 2008-0005/037-90820 ("the Chabad Gayley Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010. | 6.  Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 8-9;<br><br>Notification of Subgrantee Award [US002082], Ex. "18" to Dorgan Decl.;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted).<br><br>FAC, Ex. "A" to RJN, para. 21 (alleging performance periods); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). |

**B.**     **Additional NSG Program Grants Awarded to the Other Defendants**.

| Material Facts | Evidence |
|---|---|
| 7.  On or about November 3, 2008, Cal EMA notified Defendant YESHIVA OHR ELCHONON CHABAD ("Yeshiva Ohr") that it was awarded Grant No. 2008-0005/037-90838 ("the Yeshiva Ohr Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 31, 2008, through May 31, 2010. | 7.  Notification of Subgrantee Award [US002219], Ex. "21" to Lane Decl.; <br><br> Lane Decl., para. 3 (authenticating Ex. "21"); <br><br> FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and <br><br> Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). |
| 8.  For the purpose of applying for the Yeshiva Ohr Grant, Yeshiva Ohr's authorized representative, Rabbi Danny Yiftach-Hashem ("Rabbi Yiftach-Hashem"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "30" to the Notice of Lodgment. | 8.  Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl.; <br><br> Lane Decl., para. 3 (authenticating Ex. "30"); <br><br> Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 6 (authenticating Ex. "30"); <br><br> Dorgan Decl., para. 5 (RFA responses are deemed admitted); <br><br> Transcript of the Deposition of Jan Yeftadonay, aka Rabbi Danny Yiftach-Hashem ("Yiftach Depo."), Ex. "16" to Dorgan Decl., 7:16-8:18, 28:1-29:15 (confirming that Jan Yeftadonay is also known as Rabbi Danny Yiftach-Hashem and authenticating Ex. "30"); <br><br> FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and <br><br> Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). |

| | |
|---|---|
| 9.  On or about October 10, 2008, Cal EMA notified Defendant CHABAD OF MARINA ("Marina") that it was awarded Grant No. 2008-0005/037-90842 ("the Marina Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010. | 9.  Notification of Subgrantee Award [US002165], Ex. "24" to Lane Decl.;<br><br>Lane Decl., para. 4 (authenticating Ex. "24");<br><br>FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). |
| 10.  For the purpose of applying for the Marina Grant, Marina's authorized representative, Rabbi Yiftach-Hashem, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "31" to the Notice of Lodgment. | 10.  Marina Grant Assurances [US000113-18], Ex. "31" to Lane Decl.;<br><br>Lane Decl., para. 4 (authenticating Ex. "31");<br><br>Yiftach Depo., Ex. "16" to Dorgan Decl., 29:25-30:22 (authenticating Ex. "31");<br><br>FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). |
| 11.  On or about October 10, 2008, Cal EMA notified Bais Chana that it was awarded Grant No. 2008-0005/037-95062 ("the Bais Chana Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010. | 11.  Notification of Subgrantee Award [US002372], Ex. "27" to Lane Decl.;<br><br>Lane Decl., para. 5 (authenticating Ex. "27");<br><br>FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and<br><br>Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). |

| | |
|---|---|
| 12.  For the purpose of applying for the Bais Chana Grant, Bais Chana's authorized representative, Rabbi Aharon Begun, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "32" to the Notice of Lodgment. | 12.  Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC); <br><br> Lane Decl., para. 5 (authenticating Ex. "32"); <br><br> FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and <br><br> Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). |

**C.      The NSG Program Terms and Conditions.**

| **Material Facts** | **Evidence** |
|---|---|
| 13.  As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Uniform Administrative Requirements for Grants and Cooperative Agreements (including sub-awards) with Institutions of Higher Learning, Hospitals and other Non-Profit Organizations, commonly referred to as "OMB Circular A-110" and codified at 28 CFR Part 70. | 13.  Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000103, para. 31.o.; <br><br> Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000083, para. 16.o.; <br><br> Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002203, para. 16.o.; <br><br> Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000116, para. 16.o.; and <br><br> Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000122, para. 16.o. |

14.  As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Urban Areas Security Initiative Nonprofit Security Grant Program Guidance and Application Kit dated February 2008 ("Federal Guidance"), a true and correct copy of which is attached as Exhibit "33" to the Notice of Lodgment.

14.  Federal Guidance [US000001-36], Ex. "33" to Lane Decl. (Ex. "A" to FAC);

Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 10-11;

Dorgan Decl., para. 4 (RFA responses are deemed admitted);

Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000102, para. 29;

Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000084, para. 20;

Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002204, para. 20;

Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000117, para. 20;

Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000123, para. 20; and

Lane Decl., para. 6 (authenticating Ex. "33").

| | |
|---|---|
| 15.  As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Governor's Office of Homeland Security Fiscal Year 2008 Urban Area Security Initiative Nonprofit Security Grant Program, California Supplement ("California Supplement"), a true and correct copy of which is attached as Exhibit "34" to the Notice of Lodgment. | 15.  California Supplement [US000037-48], Ex. "34" to Lane Decl. (Ex. "B" to FAC);<br><br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 12-13;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted);<br><br>Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000102, para. 29;<br><br>Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000084, para. 20;<br><br>Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002204, para. 20;<br><br>Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000117, para. 20;<br><br>Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000123, para. 20; and<br><br>Lane Decl., para. 6 (authenticating Ex. "34"). |

| | |
|---|---|
| 16.  As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Office of Justice Program's Financial Guide dated 2006 ("OJP Guide"), a true and correct copy of which is attached as Exhibit "35" to the Notice of Lodgment. | 16.  OJP Guide [US000049-79], Ex. "35" to Dorgan Decl. (Ex. "C" to FAC);<br><br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 14-15;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted);<br><br>Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000103, para. 36;<br><br>Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000084, para. 19;<br><br>Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002204, para. 19;<br><br>Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000117, para. 19; and<br><br>Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000123, para. 19. |

**D.**    **Chabad of California's Management Role**.

| Material Facts | Evidence |
|---|---|
| 17.  Commencing in or about late 2008, Chabad entered into agreements with the other Defendants that included the following terms:  (1) Chabad would have sole responsibility for selecting, supervising and paying vendors hired to perform the security improvements; (2) Chabad would direct the timing of all drawdown requests against the grants; and (3) all funds received by Defendants through their drawdown requests would be transferred to, and held and managed by, Chabad. | 17.  United States' Requests for Admissions, Set No. 1, to Chabad ("Chabad RFA 1"), Ex. "1" to Dorgan Decl., Request Nos. 13, 55, 66; <br><br> Dorgan Decl., para. 3 (RFA responses are deemed admitted); <br><br> Transcript of Deposition of Boruch Shlomo Cunin, Volume 1 (Cunin Depo. 1), Ex. "11" to Dorgan Decl., 10:24-11:1 (confirming Rabbi Cunin's employment as President of Chabad), 103:9-17, 108:13-109:4 (funds were to be transferred to Chabad); <br><br> Transcript of Deposition of Rabbi Boruch Shlomo Cunin, Volume 2 ("Cunin Depo. 2"), Ex. "12" to Dorgan Decl., 144:18-145:18, 146:13-147:12, 149:2-23, 150:22-151:13, 211:12-212:6, 212:12-213:5; <br><br> Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 25:20-27:23. |
| 18.  Rabbi Cunin, Chabad's President, was the individual solely responsible for determining when to seek a grant drawdown, when to pay vendors, and how to manage advances. | 18.  Cunin Depo. 1, Ex. "11" to Dorgan Decl., 10:24-11:1, 65:7-13, 94:12-20, 103:9-17, 104:23-106:20, 118:20-119:4, 120:22-24, 122:2-4; <br><br> Cunin Depo. 2, Ex. "12" to Dorgan Decl., 211:12-212:6, 212:12-213:5; and <br><br> Transcript of Deposition of David Sternlight, PhD ("Sternlight Depo."), Ex. "15" to Dorgan Decl., 69:2-70:13, 83:13-18. |

E.   **Defendants' Grant Fund Drawdowns**.

| Material Facts | Evidence |
|---|---|
| 19.  On or about May 28, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $66,725 from the Running Springs Grant, a true and correct copy of which is attached as Exhibit "36" to the Notice of Lodgment, based on representations that the Running Springs Grant Project generated or would generate costs of $1,050 for fencing installed by vendor Larry Clayton and costs of $65,675 for video surveillance equipment installed by vendor Elite Interactive Solutions ("Elite") during the expenditure period of July 1, 2008, through June 30, 2009. | 19.  Running Springs Project Ledger [US000833-835], Ex. "36" to Dorgan Decl., pp. US000833 (identifying "Amount This Request" and "Expenditure Period"), US000834 (identifying date of request and certifications), and US000835 (identifying vendors and scope of work);  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 36-37; and  Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 20.  On or about July 28, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $68,140 from the Chabad Gayley Grant, a true and correct copy of which is attached as Exhibit "37" to the Notice of Lodgment, based on representations that the Chabad Gayley Grant Project generated costs of $8,140 for elevator access improvements installed by vendor ThyssenKrupp Elevator ("ThyssenKrupp") and $60,000 for video surveillance equipment installed by vendor Elite during the expenditure period of July 1, 2009, through July 23, 2009. | 20.  Gayley Project Ledger [US000860-862], Ex. "37" to Dorgan Decl., pp. US000860 (identifying "Amount This Request" and "Expenditure Period"), US000861 (identifying date of request and certifications), and US000862 (identifying vendors and scope of work);  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 6-7;  Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 21.  On or about August 24, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Yeshiva Ohr Grant, a true and correct copy of which is attached as Exhibit "38" to the Notice of Lodgment, based on representations that the Yeshiva Ohr Grant Project generated costs of $72,750 for video surveillance equipment installed by vendor Elite during the expenditure period of July 1, 2009, through August 24, 2009. | 21.  Yeshiva Ohr Project Ledger [US000959-961], Ex. "38" to Dorgan Decl., pp. US000959 (identifying "Amount This Request" and "Expenditure Period"), US000960 (identifying date of request and certifications), and US000961 (identifying vendor and scope of work);  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 18-19; and  Dorgan Decl., para. 3 (RFA responses are deemed admitted). |

| | |
|---|---|
| 22.  On or about October 29, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Marina Grant, a true and correct copy of which is attached as Exhibit "39" to the Notice of Lodgment, based on representations that the Marina Grant Project would generate costs of $58,675 for video surveillance equipment installed by Elite and $14,075 for a security fence extension by a separate vendor during the expenditure period of September 1, 2009, through March 1, 2010. | 22.  Marina Project Ledger [US000926-928], Ex. "39" to Dorgan Decl., pp. US000926 (identifying "Amount This Request" and "Expenditure Period"), US000928 (identifying date of request and certifications), and US000927 (identifying vendors and scope of work);<br><br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 59-60;<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 23.  On or about October 27, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Bais Chana Grant, a true and correct copy of which is attached as Exhibit "40" to the Notice of Lodgment, based on representations that the Bais Chana Grant Project would generate costs of $72,750 for video surveillance equipment installed by vendor Elite during the expenditure period of December 1, 2009, through March 1, 2010. | 23.  Bais Chana Project Ledger [US000892-894, Ex. "40" to Dorgan Decl., pp. US000892 (identifying "Amount This Request" and "Expenditure Period"), US000894 (identifying date of request and certifications), and US000893 (identifying vendor and scope of work);<br><br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 70-71; and<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 24.  In reliance on Defendants' certifications in their Grant Assurances that they were in compliance with the financial management standards required by the NSG Program terms and conditions, and in further reliance on Defendants' re-certifications in the drawdown requests, Cal EMA approved each of the drawdown requests and the State of California paid each drawdown to the individual grantees with federal funds. | 24.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 8, 20, 38, 61, 72;<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted);<br><br>Declaration of Peter Town ("Town Decl."), paras. 2-5 (confirming Cal EMA's reliance on the Grant Assurances and drawdowns); and<br><br>Declaration of Rene Jackson ("Jackson Decl."), paras. 4-7 (confirming Cal EMA's reliance on the Grant Assurances and drawdowns). |

1    **F.      Chabad of California's Receipt of Grant Funds**.

| Material Facts | Evidence |
|---|---|
| 25.  On July 16, 2009, after Cal EMA paid the $66,725 grant drawdown to Chabad from the Running Springs Grant, Chabad deposited the $66,725 in grant funds into a checking account with Comerica Bank bearing an account number ending in 3744 ("Account 3744"). | 25.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Req. No. 38;<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted);<br><br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 114;<br><br>Bank Statement for Acct. *3744 [CH000527-28], Ex. "42" to Dorgan Decl., p. CH00527;<br><br>United States' Requests for Production, Set No. 1, to Chabad ("Chabad RFP"), Ex. "4" to Dorgan Decl., Request Nos. 1, 21;<br><br>Chabad of California's Response to Chabad RFP ("Chabad RFP Responses"), Ex. "5" to Dorgan Decl., Request Nos. 1, 21; and<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad). |

| | |
|---|---|
| 26.  On September 9, 2009, after Cal EMA paid the $68,140 grant drawdown to Chabad from the Gayley Grant, Chabad deposited the $68,140 in grant funds into Account 3744. | 26.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 8;

Dorgan Decl., para. 3 (RFA responses are deemed admitted);

June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000132, 135;

Bank Statement for Acct. *3744 [CH000527-28], Ex. "42" to Dorgan Decl., p. CH000528;

Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 1, 21;

Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request Nos. 1, 21; and

Dorgan Decl., para. 6 (confirming documents produced by Chabad). |
| 27.  On November 23, 2009, and December 15, 2009, after Cal EMA paid the $72,750 grant drawdown to Yeshiva Ohr from the Yeshiva Ohr Grant, Yeshiva Ohr transferred $72,000 of the grant funds to Chabad in two installments of $40,000 and $32,000, respectively. | 27.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 20-21;

Dorgan Decl., para. 3 (RFA responses are deemed admitted);

June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000217-220, 223-224;

Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1;

Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1; and

Dorgan Decl., para. 6 (confirming documents produced by Chabad). |

| | |
|---|---|
| 28.  On the same days the transfers of Yeshiva Ohr grant funds were made, Chabad deposited the $40,000 grant fund transfer and the $32,000 grant fund transfer into a checking account with Comerica Bank bearing an account number ending in 4361 ("Account 4361"). | 28.  Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., pp. CH000531-532;<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 21; and<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad). |
| 29.  On December 17, 2009, after Cal EMA paid the $72,750 grant drawdown to Marina from the Marina Grant, Marina transferred $50,000 of the grant funds to Chabad. | 29.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 61-62;<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted);<br><br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000168, 171-173;<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1;<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad);<br><br>Marina RFA Responses, Ex. "8" to Dorgan Decl., Request No. 20;<br><br>Marina Initial Disclosures, Ex. "10" to Dorgan Decl. (Ex. "H" to Yiftach Depo.), p. H-10 [0007] (producing proof of wire transfer from Marina to Chabad); and<br><br>Yiftach Depo., Ex. "16" to Dorgan Decl., 98:14-99:23, 119:8-15. |

| | |
|---|---|
| 30.  On December 17, 2009, Chabad deposited the $50,000 grant fund transfer received from Marina into Account 4361. | 30.  Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., p. CH000532;<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 21;<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad);<br><br>Marina Initial Disclosures, Ex. "10" to Dorgan Decl., p. H-10 [0007] (producing proof of wire transfer from Marina to Chabad and identifying Account *4361 as the receiving account); and<br><br>Yiftach Depo., Ex. "16" to Dorgan Decl., 98:14-99:23, 119:8-15. |
| 31.  On or about December 21, 2009, after Cal EMA paid the $72,750 grant drawdown to Bais Chana from the Bais Chana Grant, Bais Chana transferred $72,750 of the grant funds to Chabad. | 31.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 72-73;<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted);<br><br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000146, 149, 153;<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1; and<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad). |

| | |
|---|---|
| 32.  On December 21, Chabad of California deposited the $72,750 grant fund transfer received from Bais Chana into Account 4361. | 32.  Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., p. CH000533; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 21; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). |

**G.    Vendor Payments that Pre-Dated the Corresponding Drawdown Requests.**

| **Material Facts** | **Evidence** |
|---|---|
| 33.  On or before July 21, 2008, Chabad paid vendor Larry Clayton in full for all work performed on the Running Springs Grant Project. | 33.  June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 115, 120; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). |

| | |
|---|---|
| 34.  On or about September 9, 2009, Marina paid vendor Wolf Bros. the amount of $7,000 for fence extensions installed within the scope of the Marina Grant Project. | 34.  June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000168, 172, 174, 178 (confirming payments to Wolf Bros.); |
| | Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; |
| | Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; |
| | Dorgan Decl., para. 6 (confirming documents produced by Chabad); |
| | Marina RFA Responses, Ex. "8" to Dorgan Decl., Request No. 23; |
| | Marina Initial Disclosures, Ex. "10" to Dorgan Decl., pp. H-6 [0003] through H-9 [0006] (producing copies of checks to Wolf Bros.); and |
| | Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 59:10-15, 96:12-97:7, 118:6-119:5. |

**H.   Additional Vendor Payments that Pre-Dated Chabad's Receipt of Grant Advances.**

| Material Facts | Evidence |
|---|---|
| 35.  The first payment made by Chabad to vendor Elite for work performed on the Running Springs Grant Project was a payment of $2,000 on June 16, 2009. | 35.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 39; and<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 36.  The only payment made by Chabad to ThyssenKrupp for work performed on the Gayley Grant Project was a payment of $4,070 made on or about July 29, 2009. | 36.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 10; and<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |

| | |
|---|---|
| 37.  On or about December 15, 2009, Marina paid vendor Wolf Bros. the amount of $7,075 for fence extensions installed within the scope of the Marina Grant Project. | 37.  June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000168, 172, 174, 179 (confirming payments to Wolf Bros.); <br><br> Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; <br><br> Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; <br><br> Dorgan Decl., para. 6 (confirming documents produced by Chabad); <br><br> Marina RFA Responses, Ex. "8" to Dorgan Decl., Request No. 24; <br><br> Marina Initial Disclosures, Ex. "10" to Dorgan Decl., pp. H-6 [0003] through H-9 [0006] (producing copies of checks to Wolf Bros.); and <br><br> Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 59:10-15, 96:12-97:7, 118:6-119:5. |

I.      **Additional Vendor Payments that Pre-Dated the Expiration of Performance Periods**.

| **Material Facts** | **Evidence** |
|---|---|
| 38.  The first payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant Project was the payment of $40,000 on November 23, 2009. | 38.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 22; <br><br> Dorgan Decl., para. 3 (RFA responses are deemed admitted); <br><br> Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl., p. US002526; and <br><br> Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl.. |

| Material Facts | Evidence |
|---|---|
| 39.  The second payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant Project was the payment of $10,000 on December 15, 2009. | 39.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 23;<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted);<br><br>Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl., p. US002533; and<br><br>Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl.. |

**J.**    <u>The Collection Action and the Post-Performance Period Settlement Payments</u>.

| <u>Material Facts</u> | <u>Evidence</u> |
|---|---|
| 40.  On February 16, 2010, Elite's successor, Continental Business Credit, Inc. ("CBC") filed suit against Chabad in Los Angeles Superior Court Case No. BC431893 ("the Collection Action"), seeking damages for Chabad's failure to pay Elite in full for work performed on the Running Springs Grant Project, the Gayley Grant Project and the Yeshiva Ohr Grant Project. | 40.  FAC, Ex. "A" to RJN, para. 26;<br><br>Answer to FAC, Ex. "B" to RJN, para. 10 (admitting paragraph 26 of FAC);<br><br>Collection Action, Ex. "C" to RJN, pp. US001728-29 (alleging nonpayment of Invoice Nos. 8984, 8974 and 8975);<br><br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 121 (attaching Invoice No. 8974 regarding Running Springs), CH000132, 138 (attaching Invoice No. 8984 regarding Gayley), and CH000217, 221 (attaching Invoice No. 8975 regarding Yeshiva Ohr);<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; and<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad). |

| | |
|---|---|
| 41.  On May 11, 2010, Elite filed a cross-complaint in the Collection Action seeking damages for Chabad's failure to pay Elite in full for work performed on the Running Springs Grant Project, the Gayley Grant Project and the Yeshiva Ohr Grant Project. | 41.  Cross-Complaint, Ex. "E" to RJN, pp. US001749-52 (alleging nonpayment of Invoice Nos. 8984, 8974 and 8975);<br><br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 121 (attaching Invoice No. 8974 regarding Running Springs), CH000132, 138 (attaching Invoice No. 8984 regarding Gayley), and CH000217, 221 (attaching Invoice No. 8975 regarding Yeshiva Ohr);<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20;<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad). |
| 42.  The second payment made by Chabad to Elite, or its successors, for work performed on the Running Springs Grant Project was one of several installment payments totaling $41,137, which were made in settlement of the Collection Action to CBC commencing on or about October 26, 2010. | 42.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 40; and<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 43.  The final payment made by Chabad to Elite, or its successors, for work performed on the Running Springs Grant Project was one of several installment payments totaling $21,863, which were made in settlement of the Collection Action to Elite commencing on or about February 15, 2011. | 43.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 41; and<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |
| 44.  The only payments made by Chabad to Elite, or its successors, for work performed on the Gayley Grant Project were payments totaling $60,000, which were made in installments in settlement of the Collection Action to CBC, commencing on or about October 26, 2010. | 44.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 9; and<br><br>Dorgan Decl., para. 3 (RFA responses are deemed admitted). |

| | |
|---|---|
| 45.  The third and final payments made by Chabad to Elite, or its successors, for work performed on the Yeshiva Ohr Grant Project were payments totaling $22,000, which were made in installments in settlement of the Collection Action to Elite commencing on or about February 15, 2011. | 45.  Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 24; <br><br> Dorgan Decl., para. 3 (RFA responses are deemed admitted); and <br><br> Declaration of Donna Kozak ("Kozak Decl."), paras. 3-4, 6-7. |

**K.      No Vendor Payments on the Remaining Grant Projects.**

| **Material Facts** | **Evidence** |
|---|---|
| 46.  Other than the payments to vendor Wolf Bros., no other payments have been made to vendors, including Elite, for work performed on the Marina Grant Project, because no additional work has been performed. | 46.  Cunin Depo. 2, Ex. "12" to Dorgan Decl., 232:7-11; <br><br> Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 63; <br><br> Dorgan Decl., para. 3 (RFA responses are deemed admitted); and <br><br> Yiftach Depo., Ex. "16" to Dorgan Decl., 59:10-18. |
| 47.  No payments have been made to any vendors for work performed on the Bais Chana Grant Project, because no work has been performed. | 47.  Cunin Depo. 2, Ex. "8" to Dorgan Decl., 232:7-233:13. |

**L.**  **Chabad Failed to Comply with Financial Management Standards**.

| Material Facts | Evidence |
|---|---|
| 48.  During the period of May 2008 through December 2012, Chabad did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b). | 48.  Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 16;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted);<br><br>Cunin Depo. 1, Ex. "11" to Dorgan Decl., 57:20-58:18, 63:1-66:4, 68:2-15, 69:5-18, 72:16-19, 112:8-25, 115:4-117:12, 118:3-16; and<br><br>Cunin Depo. 2, Ex. "12" to Dorgan Decl., 227:17-228:5, 263:18-264:12. |

**M.**  **Compliance with Financial Management Standards was Material to Cal EMA**.

| Material Facts | Evidence |
|---|---|
| 49.  On the dates Cal EMA approved Defendants' drawdown requests, Cal EMA was unaware that Yeshiva Ohr, Marina and Bais Chana had entered into an agreement with Chabad whereby Defendants agreed to transfer grant advances to Chabad and Chabad agreed to manage Defendants' grant projects by selecting, supervising and paying the vendors hired to perform the work within the scope of the grant projects. | 49.  Town Decl., paras. 2-5; and<br><br>Lewis Decl., para. 5. |
| 50.  On the date Cal EMA approved Defendants' drawdown requests, Cal EMA was unaware that neither Chabad, Yeshiva Ohr, Marina or Bais Chana had written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b). | 50.  Town Decl., paras. 2-5. |

| | |
|---|---|
| 51.  Had Cal EMA known that (1) Yeshiva Ohr, Marina and Bais Chana had entered into an agreement with Chabad whereby Defendants agreed to transfer grant advances to Chabad and Chabad agreed to manage Defendants' grant projects by selecting, supervising and paying the vendors hired to perform the work within the scope of the grant projects; and (2) the parties in receipt of the grant funds did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b), Cal EMA would not have approved the transfers of the grant funds. | 51.  Town Decl., paras. 2-5. |

**N.**     **Chabad Misappropriated the Grant Advances**.

| **Material Facts** | **Evidence** |
|---|---|
| 52.  The only two accounts used by Chabad to hold NSG Program grant funds were Account 4361 and Account 3744 (collectively the "Comerica Accounts"). | 52. United States' Interrogatories to Chabad of California, ("Chabad Interrogatories"), Ex. "2" to Dorgan Decl., Request No. 1; Response to Chabad Interrogatories, Ex. "3" to Dorgan Decl., Request No. 1; and Transcript of Deposition of Yoel Edelson, Volume 2 ("Edelson Depo. 2"), Ex. "14" to Dorgan Decl., pp. 146:13-156:3. |
| 53.  The Comerica Accounts were used by Chabad to hold money received from non-grant sources and to pay Chabad's non-grant related operating expenses, including employee payroll, building repairs, mortgages, and utility expenses. | 53.  Cunin Depo. 1, Ex. "11" to Dorgan Decl., 118:3-16; and Transcript of Deposition of Yoel Edelson, Volume 1 ("Edelson Depo. 1"), Ex. "13" to Dorgan Decl., pp. 24:22-27:20, 32:8-33:9, 34:5-18. |

| | |
|---|---|
| 54.  On July 16, 2009, Chabad withdrew $63,675 in Running Springs Grant advances from the Comerica Accounts for non-grant purposes. | 54.  Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.A.;<br><br>Volk Expert Report, Ex. "47" to Volk Decl., p. US002611;<br><br>Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 2;<br><br>Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.;<br><br>Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and<br><br>Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. |
| 55.  Between September 9, 2009, and October 6, 2009, Chabad withdrew $64,070 in Gayley Grant advances from the Comerica Accounts for non-grant purposes. | 55.  Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.B.;<br><br>Volk Expert Report, Ex. "47" to Volk Decl., p. US002611;<br><br>Comerica Account Summary Detail, Ex. "48" to Volk Decl., pp. 3-4;<br><br>Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.;<br><br>Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and<br><br>Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. |

| | |
|---|---|
| 56.  Between December 15, 2009 and December 17, 2009, Chabad withdrew $22,000 in Yeshiva Ohr Grant advances from the Comerica Accounts for non-grant purposes. | 56.  Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.C.-D.; <br><br> Volk Expert Report, Ex. "47" to Volk Decl., p. US002611; <br><br> Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 5; <br><br> Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; <br><br> Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and <br><br> Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. |
| 57.  Between December 17, 2009, and December 21, 2009, Chabad withdrew $50,000 in Marina Grant advances from the Comerica Accounts for non-grant purposes. | 57.  Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.D.-E.; <br><br> Volk Expert Report, Ex. "47" to Volk Decl., pp. US002611-12; <br><br> Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 5; <br><br> Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; <br><br> Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and <br><br> Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. |

| | |
|---|---|
| 58. Between December 21, 2009, and April 9, 2010, Chabad withdrew $72,750 in Bais Chana Grant advances from the Comerica Accounts for non-grant purposes. | 58. Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.E.;<br><br>Volk Expert Report, Ex. "47" to Volk Decl., p. US002612;<br><br>Comerica Account Summary Detail, Ex. "48" to Volk Decl., pp. 6-8;<br><br>Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.;<br><br>Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and<br><br>Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. |

## O.   Chabad Acted Recklessly and/or with Deliberate Ignorance.

| **Material Facts** | **Evidence** |
|---|---|
| 59. Between 2008 and 2010, Dr. Sternlight was a consultant who assisted Rabbi Cunin with the NSG Program grants. | 59. Sternlight Depo., Ex. "15" to Dorgan Decl., 20:13-22, 23:20-25:4, 131:16-133:6. |
| 60. Dr. Sternlight was the only individual associated with Chabad who underwent training concerning the NSG Program. | 60. Sternlight Depo., Ex. "11" to Dorgan Decl., 25:21-26:8; and<br><br>Cunin Depo. 1, Ex. "7" to Dorgan Decl., 36:3-40:2, 103:16-24. |

| | |
|---|---|
| 61.  On or about October 7, 2009, Dr. Sternlight sent an email to Rabbi Cunin that stated, "IMPORTANT NOTE:  Under Homeland Security rules Chabad of California will have 120 calendar days from the date on the California Treasurer's advance check (not the date it is received) to perform and complete the project installation and submit the final invoice information offsetting the cash advance.  PLEASE DO NOT FORGET THIS." | 61.  Chabad Emails [CH000538-552], Ex. "49" to Dorgan Decl. (Ex. "D" to Cunin Depo. 2), pp. CH000549-550 (emphasis in original);<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 6-18;<br><br>Chabad RFP Response, Ex. "5" to NOL, Request Nos. 6-18;<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad); and<br><br>Cunin Depo. 2, Ex. "12" to Dorgan Decl., 188:9-189:14, 191:10-194:4 (confirming documents produced by Chabad). |
| 62.  On or about October 20, 2009, Dr. Sternlight sent an email to Rabbi Cunin that stated, "For those who are curious, according to the Office of Homeland Security the 120 days after the issuance of the check, for the project to be completed and fully reported, is because they do not charge interest on the cash advance, and 120 days is the longest a State agency can do this under California law.  Thus this is a firm period and they can't give extensions." | 62.  Chabad Emails [CH000538-552], Ex. "49" to Dorgan Decl., pp. CH000548-549;<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 6-18;<br><br>Chabad RFP Response, Ex. "5" to Dorgan Decl., Request Nos. 6-18;<br><br>Dorgan Decl., para. 6 (confirming documents produced by Chabad); and<br><br>Cunin Depo. 2, Ex. "12" to Dorgan Decl., 188:9-189:14, 191:10-194:4 (confirming documents produced by Chabad). |
| 63.  Dr. Sternlight had no involvement with the management of the grant funds received by Chabad of California. | 63.  Sternlight Depo., Ex. "11" to Dorgan Decl., 25:5-26:1, 39:19-25, 56:9-23, 83:10-18; and<br><br>Cunin Depo. 1, Ex. "7" to Dorgan Decl., 36:3-39:9. |

| | |
|---|---|
| 64.  Dr. Sternlight was never informed by Chabad of California that it had failed to pay any vendors for work performed on the grants at issue after drawdown funds were received and throughout most of 2010.  Had Dr. Sternlight known, he would have "reminded them in strong—very strong terms that you don't mess with Uncle Sam." | 64.  Sternlight Depo., Ex. "11" to Dorgan Decl., 69:15-70:13, 74:19-75:4. |
| 65.  Dr. Sternlight was never informed by Chabad of California that the grant funds at issue herein were misappropriated and used to pay for Chabad of California's non-grant expenses.  Had Dr. Sternlight known, he "would have objective vehemently." | 65.  Sternlight Depo., Ex. "11" to Dorgan Decl., 134:11-15. |

**P.     Chabad Failed to Repay $272,495**.

| **Material Facts** | **Evidence** |
|---|---|
| 66.  By letter dated April 23, 2010, a true and correct copy of which is attached as Exhibit "52" to the Notice of Lodgment, Cal EMA advised Chabad that it was conducting a review of the Running Springs Grant, the Gayley Grant, the Yeshiva Ohr Grant, the Marina Grant and the Bais Chana Grant, and Cal EMA demanded that Chabad produce all records of its management of the grant advances as well as copies of Chabad's written policies "ensur[ing] control over and accountability for grant funds." | 66.  Letter of April 23, 2010 [US000974-76], Ex. "52" to Lewis Decl., p. US000976 (identifying grants subject to review and records requested);<br><br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 17;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted); and<br><br>Lewis Decl., para. 5 (authenticating Ex. "52"). |

| | |
|---|---|
| 67.  On June 1, 2010, Chabad presented its written response to Cal EMA's April 23, 2010, audit request, a true and correct copy of which is attached as Exhibit "41" to the Notice of Lodgment. | 67.  June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl.;<br><br>Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1;<br><br>Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1;<br><br>Dorgan Decl., para. 6 (confirming documents produced); and<br><br>Lewis Decl., para. 6 (authenticating Ex. "41"). |
| 68.  On November 1, 2010, Cal EMA issued a demand to Chabad for repayment of $612,066 in grant funds, which included (1) the $63,675 in grant funds that Chabad failed to timely pay to Elite on the Running Springs Grant Project, (2) the $64,070 that Chabad failed to timely pay to Elite and ThyssenKrupp on the Gayley Grant Project, (3) $22,000 that Chabad failed to timely pay to Elite on the Yeshiva Ohr Grant Project, (4) $50,000 that Chabad failed to timely pay to Elite on the Marina Grant Project, and (5) $72,750 that Chabad failed to timely pay to Elite on the Bais Chana Grant Project. | 68.  November 1 Letter [US001245-47], Ex. "53" to Lewis Decl.;<br><br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 20;<br><br>Dorgan Decl., para. 4 (RFA responses are deemed admitted); and<br><br>Lewis Decl., para. 8 (authenticating Ex. "53" and confirming demand sought the repayment of grant funds at issue herein). |
| 69.  On May 2, 2011, Cal EMA issued a demand to Chabad for repayment of $598,118.17 in grant funds, which included (1) the $63,675 in grant funds that Chabad failed to timely pay to Elite on the Running Springs Grant Project, (2) the $64,070 that Chabad failed to timely pay to Elite and ThyssenKrupp on the Gayley Grant Project, (3) $22,000 that Chabad failed to timely pay to Elite on the Yeshiva Ohr Grant Project, (4) $50,000 that Chabad failed to timely pay to Elite on the Marina Grant Project, and (5) $72,750 that Chabad failed to timely pay to Elite on the Bais Chana Grant Project. | 69.  May 2 Letter [US001217-18], Ex. "54" to Lewis Decl.;<br><br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 24;<br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted); and<br><br>Lewis Decl., para. 10 (authenticating Ex. "54" and confirming demand sought the repayment of grant funds at issue herein). |
| 70.  At no time has Chabad made any payment to Cal EMA to reimburse grant funds. | 70.  Cunin Depo. 2, Ex. "12" to Dorgan Decl., 256:3-257:17; and<br><br>Lewis Decl., para. 11 (confirming no payments received in response to Exs. "53" and "54"). |

1    Date:  June 26, 2014                              Respectfully submitted,

2                                                      BENJAMIN B. WAGNER
                                                       United States Attorney
3

4                                            By  /s/ Glen F. Dorgan
                                                       GLEN F. DORGAN
5                                                      Assistant United States Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28