BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
GLEN F. DORGAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4080 (telephone)
(559) 497-4099 (facsimile)

Attorneys for the Plaintiff UNITED STATES

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARIA KOZAK and DONNA KOZAK,<br><br>Plaintiff,<br><br>v.<br><br>CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF MARINA; and BAIS CHAYA MUSHKA,<br><br>Defendants. | CASE NO. 2:10-cv-01056-MCE-EFB<br><br>**UNITED STATES' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT YESHIVA OHR ELCHONON CHABAD**<br><br>[Fed. R. Civ. P. 56; Local Rule 260]<br><br>Date:  August 21, 2014<br>Time:  2:00 p.m.<br>Courtroom:  7<br>Judge:  Hon. Morrison C. England, Jr.<br>Trial:  January 5, 2015 |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 260(a), the UNITED STATES submits the following Statement of Undisputed Material Facts in support of the Motion for Summary Judgment, or, Alternatively, Partial Summary Judgment against Defendant YESHIVA OHR ELCHONON CHABAD.

///

A.  **Yeshiva Ohr's NSG Program Grant**.

| Material Facts | Evidence |
|---|---|
| 1.  On or about August 29, 2008, Defendant YESHICA OHR ELCHONON CHABAD ("Yeshiva Ohr") applied for a federal grant under the Urban Areas Security Initiative: Nonprofit Security Grant Program ("NSG Program") to pay the costs of installing video surveillance and identification equipment and perimeter security equipment at Yeshiva Ohr's facility located at 7215 Waring Avenue, Los Angeles, California. | 1.  Declaration of Amber Lane ("Lane Decl."), para. 3; <br><br>United States' Requests for Admissions, Set No. 1, to Yeshiva Ohr ("Yeshiva Ohr RFA"), Ex. "7" to Declaration of Glen F. Dorgan ("Dorgan Decl."), Request No. 5; and <br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted). |
| 2.  For the purpose of applying for the NSG Program Grant, Yeshiva Ohr's Board of Directors passed and adopted a Resolution naming Dr. David Sternlight ("Dr. Sternlight") and Rabbi Danny Yiftach-Hashem ("Rabbi Yiftach-Hashem") as authorized representatives of Yeshiva Ohr in all matters pertaining to the grant application. | 2.  Resolution [US002198-99], Ex. "20" to Lane Decl.; <br><br>Lane Decl., para. 3 (authenticating Ex. "20"); <br><br>Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 4 (authenticating Ex. "20"); and <br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted). |
| 3.  For the purpose of applying for the NSG Program Grant, Yeshiva Ohr's authorized representative, Rabbi Yiftach-Hashem, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "30" to the Notice of Lodgment. | 3.  Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl.; <br><br>Lane Decl., para. 3 (authenticating Ex. "30"); <br><br>Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 6 (authenticating Ex. "30"); <br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted); and <br><br>Transcript of the Deposition of Jan Yeftadonay, aka Rabbi Danny Yiftach-Hashem ("Yiftach Depo."), Ex. "16" to Dorgan Decl., 7:16-8:18, 28:1-29:15 (confirming that Jan Yeftadonay is also known as Rabbi Danny Yiftach-Hashem and authenticating Ex. "30"). |

| | |
|---|---|
| 4. On or about November 3, 2008, the California Governor's Office of Homeland Security, which was later merged into the California Emergency Management Agency and is referred to herein as "Cal EMA," notified Yeshiva Ohr that it was awarded NSG Program Grant No. 2008-0005/037-90838 ("the Yeshiva Ohr Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 31, 2008, through May 31, 2010. | 4. Notification of Subgrantee Award [US002219], Ex. "21" to Lane Decl.; Lane Decl., para. 3 (authenticating Ex. "21"); Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request Nos. 7-8 (authenticating Ex. "21"); Dorgan Decl., para. 5 (RFA responses are deemed admitted); and Declaration of Catherine Lewis ("Lewis Decl."), para. 2 (explaining OHS' merger into Cal EMA). |

B. **The NSG Program Terms and Conditions**.

| Material Facts | Evidence |
|---|---|
| 5. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Uniform Administrative Requirements for Grants and Cooperative Agreements (including sub-awards) with Institutions of Higher Learning, Hospitals and other Non-Profit Organizations, commonly referred to as "OMB Circular A-110" and codified at 28 CFR Part 70. | 5. Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002203, para. 16.o. |
| 6. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Urban Areas Security Initiative Nonprofit Security Grant Program Guidance and Application Kit dated February 2008 ("Federal Guidance"), a true and correct copy of which is attached as Exhibit "33" to the Notice of Lodgment. | 6. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request Nos. 9-10; Dorgan Decl., para. 5 (RFA responses are deemed admitted); Federal Guidance [US000001-36], Ex. "33" to Lane Decl. (Ex. "A" to FAC); and Lane Decl., para. 6 (authenticating Ex. "33"). |

| Material Facts | Evidence |
|---|---|
| 7. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Governor's Office of Homeland Security Fiscal Year 2008 Urban Area Security Initiative Nonprofit Security Grant Program, California Supplement ("California Supplement"), a true and correct copy of which is attached as Exhibit "34" to the Notice of Lodgment. | 7. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request Nos. 11-12; Dorgan Decl., para. 5 (RFA responses are deemed admitted); California Supplement [US000037-48], Ex. "34" to Lane Decl. (Ex. "B" to FAC); and Lane Decl., para. 6 (authenticating Ex. "34"). |
| 8. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Office of Justice Program's Financial Guide dated 2006 ("OJP Guide"), a true and correct copy of which is attached as Exhibit "35" to the Notice of Lodgment. | 8. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request Nos. 13-14; Dorgan Decl., para. 5 (RFA responses are deemed admitted); and OJP Guide [US000049-79], Ex. "35" to Dorgan Decl. (Ex. "C" to FAC). |

C.   **Yeshiva Ohr's Grant Drawdown**.

| Material Facts | Evidence |
|---|---|
| 9. On or about August 24, 2009, Yeshiva Ohr submitted a claim to Cal EMA, a true and correct copy of which is attached as Exhibit "38" to the Notice of Lodgment, seeking a drawdown of $72,750 from the Yeshiva Ohr Grant based on representations that the Yeshiva Ohr Grant Project had generated costs of $72,750 for video surveillance equipment installed by vendor Elite Interactive Solutions ("Elite") during the expenditure period of July 1, 2009 through August 24, 2009. | 9. Yeshiva Ohr Project Ledger [US000959-61], Ex. "38" to Dorgan Decl., pp. US000959 (identifying "Amount This Request" and "Expenditure Period"), US000960 (identifying expenditure period and date of request), US000961 (identifying vendor and scope of work). Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request Nos. 15-16 (authenticating Ex. "38"); and Dorgan Decl., para. 5 (RFA responses are deemed admitted). |

Separate Statement of Undisputed Material Facts in Support of Partial MSJ Against Yeshiva Ohr

4

| Material Facts | Evidence |
|---|---|
| 10. On or about September 2, 2009, in reliance on Yeshiva Ohr's certifications in its Grant Assurances that it was in compliance with the financial management standards required by the NSG Program terms and conditions, Cal EMA approved the drawdown request and the State of California paid $72,750 in federal grant funds to Yeshiva Ohr. | 10. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 18 (confirming receipt of grant funds);<br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted); and<br><br>Town Decl., paras. 2-5 (confirming Cal EMA's reliance on the Grant Assurances). |

**D.      Yeshiva Ohr Transfers $72,000 to Chabad and Retains $750.**

| Material Facts | Evidence |
|---|---|
| 11. As of August 24, 2009, the date of its drawdown claim, Yeshiva Ohr entered into an agreement with Defendant CHABAD OF CALIFORNIA ("Chabad") that included the following terms: (1) Chabad would have sole responsibility for selecting, supervising and paying vendors hired to perform the security improvements; (2) Chabad would direct the timing of all drawdown requests against the grants; and (3) all funds received by Yeshiva Ohr through its drawdown requests would be transferred to, and held and managed by, Chabad. | 11. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 17;<br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted);<br><br>Transcript of Deposition of Boruch Shlomo Cunin, Volume 1 (Cunin Depo. 1), Ex. "11" to Dorgan Decl., 10:24-11:1 (confirming Rabbi Cunin's employment as President of Chabad), 103:9-17, 108:13-109:4 (funds were to be transferred to Chabad);<br><br>Transcript of Deposition of Rabbi Boruch Shlomo Cunin, Volume 2 ("Cunin Depo. 2"), Ex. "12" to Dorgan Decl., 144:18-145:18, 146:13-147:12, 149:2-23, 150:22-151:13, 211:12-212:6, 212:12-213:5; and<br><br>Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 25:20-27:23. |

| | |
|---|---|
| 12. On November 23, 2009, and December 15, 2009, Yeshiva Ohr transferred $72,000 of its receipts from the Yeshiva Ohr Grant to Chabad in two installments of $40,000 and $32,000, respectively. | 12. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request Nos. 20-21; Dorgan Decl., para. 5 (RFA responses are deemed admitted); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000217-220, 223-224; United States' Request for Production to Chabad ("Chabad RFP"), Ex. "4" to Dorgan Decl., Request No. 1; Chabad of California's Response to Chabad RFP ("Chabad RFP Response"), Ex. "5" to Dorgan Decl., Request No. 1; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). |
| 13. On the same days the transfers were made, Chabad deposited the $40,000 grant fund transfer and the $32,000 grant fund transfer into a checking account with Comerica Bank bearing an account number ending in 4361 ("Account 4361"). | 13. Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., pp. CH000531-32; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21; Chabad RFP Response, Ex. "5" to Dorgan Decl., Request No. 21; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). |
| 14. Yeshiva Ohr retained and never expended $750 of its receipts from the Yeshiva Ohr Grant. | 14. Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 23; and Dorgan Decl., para. 5 (RFA responses are deemed admitted). |

**E.     Yeshiva Ohr and Chabad Failed to Comply with Financial Management Standards.**

| Material Facts | Evidence |
|---|---|
| 15.  During the period of May 2008 through December 2012, Yeshiva Ohr did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b). | 15.  Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 24; <br><br> Dorgan Decl., para. 5 (RFA responses are deemed admitted); and <br><br> Yiftach Depo., Ex. "16" to Dorgan Decl., 32:20-34:25, 35:9-21, 37:3-38:8, 40:1-11 (Yeshiva Ohr's authorized agent deferred to Chabad and Dr. Sternlight to ensure compliance). |
| 16.  During the period of May 2008 through December 2012, Chabad did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b). | 16.  United States' Requests for Admissions, Set No. 2, to Chabad ("Chabad RFA 2"), Ex. "6" to Dorgan Decl., Request No. 16; <br><br> Dorgan Decl., para. 5 (RFA responses are deemed admitted); <br><br> Transcript of Deposition of Rabbi Boruch Shlomo Cunin, Vol. 1 ("Cunin Depo. 1"), Ex. "11" to Dorgan Decl., 57:20-58:18, 63:1-66:4, 68:2-15, 69:5-18, 72:16-19, 112:8-25, 115:4-117:12, 118:3-16; and <br><br> Transcript of Deposition of Rabbi Boruch Shlomo Cunin, Vol. 2 ("Cunin Depo. 2"), Ex. "12" to Dorgan Decl., 227:17-228:5, 263:18-264:12. |

**F.     Compliance with Financial Management Standards was Material to Cal EMA.**

| Material Facts | Evidence |
| --- | --- |
| 17.  On the date Cal EMA approved Yeshiva Ohr's drawdown request for $72,750 from the Yeshiva Ohr Grant, Cal EMA was unaware that Yeshiva Ohr had entered into an agreement with Chabad whereby Yeshiva Ohr agreed to transfer grant advances to Chabad and Chabad agreed to manage the Yeshiva Ohr Grant project by selecting, supervising and paying the vendor hired to perform the work within the scope of the Yeshiva Ohr Grant project. | 17.  Town Decl., paras. 2-5; Lewis Decl., para. 5. |
| 18.  On the date Cal EMA approved Yeshiva Ohr's drawdown request for $72,750 from the Yeshiva Ohr Grant, Cal EMA was unaware that neither Yeshiva Ohr nor Chabad had written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b). | 18.  Town Decl., paras. 2-5. |
| 19.  Had Cal EMA known that (1) Yeshiva Ohr had entered into an agreement with Chabad whereby Yeshiva Ohr agreed to transfer grant advances to Chabad and Chabad agreed to manage the Yeshiva Ohr Grant project by selecting, supervising and paying the vendor hired to perform the work within the scope of the Yeshiva Ohr Grant project; and (2) the parties in receipt of the Yeshiva Ohr Grant funds did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b), Cal EMA would not have approved the transfer of the grant funds. | 19.  Town Decl., paras. 2-5. |

**G.     Yeshiva Ohr and Chabad Failed to Timely Pay Elite in Full**.

| Material Facts | Evidence |
|---|---|
| 20. The first payment made by Chabad of California to Elite for work performed on the Yeshiva Ohr Grant project was the payment of $40,000 on November 23, 2009. | 20. United States' Requests for Admissions, Set No. 1, to Chabad ("Chabad RFA 1"), Ex. "1" to Dorgan Decl., Request No. 22; Dorgan Decl., para. 3 (RFA responses are deemed admitted); Bank Statement for Acct. *4361 [US002501-68], Ex. "46" to Dorgan Decl., p. US002526; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Exs. "44" to Dorgan Decl. |
| 21. The second payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant project was the payment of $10,000 on December 15, 2009. | 21. Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 23; Dorgan Decl., para. 3 (RFA responses are deemed admitted); Bank Statement for Acct. *4361 [US002501-68], Ex. "46" to Dorgan Decl., p. US002533; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Exs. "44" to Dorgan Decl. |
| 22. Chabad made no further payments to Elite until in or about February 2011, when Chabad settled a lawsuit filed by Elite seeking collection of the remaining payments. | 22. Declaration of Donna Kozak ("Kozak Decl."), paras. 3-4, 6-7; Chabad RFA1, Ex. "1" to Dorgan Decl., Request No. 24; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). |

**H.     Chabad Misappropriated $22,000.**

| Material Facts | Evidence |
|---|---|
| 23.  The only two accounts used by Chabad to hold NSG Program grant funds were Account 4361 and a checking account with Comerica Bank bearing an account number ending in 3744 ("Account 3744") (collectively the "Comerica Accounts"). | 23. United States' Interrogatories to Chabad of California, ("Chabad Interrogatories"), Ex. "2" to Dorgan Decl., Request No. 1; <br><br>Response to Chabad Interrogatories, Ex. "3" to Dorgan Decl., Request No. 1; and <br><br>Transcript of Deposition of Yoel Edelson, Volume 2 ("Edelson Depo. 2"), Ex. "14" to Dorgan Decl., pp. 146:13-156:3. |
| 24.  The Comerica Accounts were used by Chabad to hold money received from non-grant sources and to pay Chabad's non-grant related operating expenses, including employee payroll, building repairs, mortgages, and utility expenses. | 24.  Cunin Depo. 1, Ex. "11" to Dorgan Decl., 118:3-16; and <br><br>Transcript of Deposition of Yoel Edelson, Volume 1 ("Edelson Depo. 1"), Ex. "13" to Dorgan Decl., pp. 24:22-27:20, 32:8-33:9, 34:5-18. |
| 25.  Between December 15 and December 17, 2009, Chabad withdrew $22,000 in Yeshiva Ohr Grant advances from the Comerica Accounts for non-grant purposes. | 25.  Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.C.-D.; <br><br>Volk Expert Report, Ex. "47" to Volk Decl., p. US002611; <br><br>Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 5; <br><br>Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; <br><br>Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and <br><br>Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. |

I. **Yeshiva Ohr and Chabad Acted Recklessly and/or with Deliberate Ignorance**.

| **Material Facts** | **Evidence** |
|---|---|
| 26. Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), Chabad's President, was the individual solely responsible for determining when to seek a grant drawdown, when to pay vendors, and how to manage advances. | 26. Cunin Depo. 1, Ex. "11" to Dorgan Decl., 10:24-11:1, 65:7-13, 94:12-20, 103:9-17, 104:23-106:20, 118:20-119:4, 120:22-24, 122:2-4; Cunin Depo. 2, Ex. "12" to Dorgan Decl., 211:12-212:6, 212:12-213:5; and Transcript of Deposition of David Sternlight, PhD ("Sternlight Depo."), Ex. "15" to Dorgan Decl., 69:2-70:13, 83:13-18. |
| 27. Between 2008 and 2010, Dr. Sternlight was a consultant who assisted Rabbi Cunin with the NSG Program grants. | 27. Sternlight Depo., Ex. "15" to Dorgan Decl., 20:13-22, 23:20-25:4, 131:16-133:6. |
| 28. Dr. Sternlight was the only individual associated with Chabad who underwent training concerning the NSG Program. | 28. Sternlight Depo., Ex. "15" to Dorgan Decl., 25:21-26:8; and Cunin Depo. 1, Ex. "11" to Dorgan Decl., 36:3-40:2, 103:16-24. |
| 29. On or about October 7, 2009, Dr. Sternlight sent an email to Rabbi Cunin and Rabbi Yiftach-Hashem that stated, "Under Homeland Security rules Chabad of California will have 120 calendar days from the date on the California Treasurer's advance check (not the date it is received) to perform and complete the project installation and submit the final invoice information offsetting the cash advance. PLEASE DO NOT FORGET THIS." | 29. Chabad Emails, Ex. "49" to Dorgan Decl. (Ex. "D" to Cunin Depo. 2), pp. CH000549-550; Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 6-18; Chabad RFP Response, Ex. "5" to Dorgan Decl., Request Nos. 6-18; Dorgan Decl., para. 6 (confirming documents produced by Chabad); and Cunin Depo. 2, Ex. "12" to Dorgan Decl., 188:9-189:14, 191:10-194:4 (confirming documents produced by Chabad). |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 | 30. On or about October 20, 2009, Dr. Sternlight sent an email to Rabbi Cunin and Rabbi Yiftach-Hashem that stated, "For those who are curious, according to the Office of Homeland Security the 120 days after the issuance of the check, for the project to be completed and fully reported, is because they do not charge interest on the cash advance, and 120 days is the longest a State agency can do this under California law.  Thus this is a firm period and they can't give extensions." | 30. Chabad Emails, Ex. "49" to Dorgan Decl., pp. CH000548-549; <br><br> Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 6-18; <br><br> Chabad RFP Response, Ex. "5" to Dorgan Decl., Request Nos. 6-18; <br><br> Dorgan Decl., para. 6 (confirming documents produced by Chabad); and <br><br> Cunin Depo. 2, Ex. "12" to Dorgan Decl., 188:9-189:14, 191:10-194:4 (confirming documents produced by Chabad). |
| 11 12 13 14 | 31. Dr. Sternlight had no involvement with the management of the grant funds received by Chabad. | 31. Sternlight Depo., Ex. "15" to Dorgan Decl., 25:5-26:1, 39:19-25, 56:9-23, 83:10-18; and <br><br> Cunin Depo. 1, Ex. "11" to Dorgan Decl., 36:3-39:9. |
| 15 16 17 18 19 | 32. Dr. Sternlight was never informed by Chabad that it had failed to pay any vendors for work performed on the grants at issue after drawdown funds were received and throughout most of 2010. Had Dr. Sternlight known, he would have "reminded them in strong—very strong terms that you don't mess with Uncle Sam." | 32. Sternlight Depo., Ex. "15" to Dorgan Decl., 69:15-70:13, 74:19-75:4. |
| 20 21 22 23 24 25 26 27 28 | 33. Dr. Sternlight was never informed by Chabad that the grant funds at issue herein were misappropriated and used to pay for Chabad's non-grant expenses.  Had Dr. Sternlight known, he "would have objective vehemently." | 33. Sternlight Depo., Ex. "15" to Dorgan Decl., 134:11-15. |

Separate Statement of Undisputed Material Facts in Support of Partial MSJ Against Yeshiva Ohr

12

**J.      Yeshiva Ohr Failed to Repay $22,750.**

| Material Facts | Evidence |
|---|---|
| 34. When Yeshiva Ohr applied for the Yeshiva Ohr Grant, it identified Dr. Sternlight as its agent and point of contact. | 34. Resolution [US002198-99], Ex. "20" to Lane Decl.; Yeshiva Ohr Application Cover Sheet [US002212], Ex. "19" to Lane Decl.; and Lane Decl., para. 3 (authenticating Exs. "19" and "20" and confirming point of contact). |
| 35. By letter dated April 23, 2010, a true and correct copy of which is attached as Exhibit "52" to the Notice of Lodgment, Cal EMA advised Dr. Sternlight that it was conducting a review of the Yeshiva Ohr Grant, and Cal EMA demanded that Yeshiva Ohr produce all records of its management of the grant advances as well as copies of Yeshiva Ohr's written policies "ensur[ing] control over and accountability for grant funds." | 35. Letter of April 23, 2010 [US000974], Ex. "52" to Lewis Decl., p. US000976 (identifying grants subject to review and records requested); Lewis Decl., para. 6 (authenticating Ex. "52"); Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 25; and Dorgan Decl., para. 5 (RFA responses are deemed admitted). |
| 36. On June 1, 2010, Yeshiva Ohr presented its written response to Cal EMA's April 23, 2010, document request, a true and correct copy of which is attached as Exhibit "41" to the Notice of Lodgment. | 36. June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl.; and Lewis Decl., para. 7 (authenticating Ex. "41"). |
| 37. On November 1, 2010, Cal EMA issued a demand to Yeshiva Ohr by letter to Dr. Sternlight seeking Defendants' repayment of $612,066 in grant funds, which included the $22,750 in grant funds that Yeshiva Ohr and Chabad failed to timely pay to Elite. | 37. November 1 Letter [US001245-47], Ex. "53" to Lewis Decl.; Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 28; Dorgan Decl., para. 5 (RFA responses are deemed admitted); and Lewis Decl., para. 8 (authenticating Ex. "53 and confirming demand sought the repayment of grant funds at issue herein). |

| | |
|---|---|
| 38. On May 2, 2011, Cal EMA issued a demand to Yeshiva Ohr by letter to Dr. Sternlight seeking Defendants' repayment of $598,118.17 in grant funds, which included the $22,750 in grant funds that Yeshiva Ohr and Chabad failed to timely pay to Elite. | 38. May 2 Letter [US001217-19], Ex. "54" to Lewis Decl.;<br><br>Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 32;<br><br>Dorgan Decl., para. 5 (RFA responses are deemed admitted); and<br><br>Lewis Decl., para. 10 (authenticating Ex. "54" and confirming demand sought the repayment of grant funds at issue herein). |
| 39. At no time has Yeshiva Ohr or Chabad made any payment to Cal EMA to reimburse grant funds. | 39. Cunin Depo. 2, Ex. "12" to Dorgan Decl., 256:3-257:17;<br><br>Lewis Decl., para. 11 (confirming no payments received in response to Exs. "53" and "54"). |

Date: June 26, 2014

Respectfully submitted,

    BENJAMIN B. WAGNER
    United States Attorney

By /s/ Glen F. Dorgan
    GLEN F. DORGAN
    Assistant United States Attorney