LAW OFFICES OF MARK J. WERKSMAN
Mark J. Werksman, Esq. (CA SBN 120767)
Mark M. Hathaway, Esq.  (CA SBN 151332;
NY SBN 2431682; DC SBN 437335)
Emmanuelle Subar Esq. (CA SBN 287497)
     888 West Sixth Street, Fourth Floor
     Los Angeles, California  90017
     Telephone: (213) 688-0460
     Facsimile: (213) 624-1942
     E-Mail: mhathaway@werksmanlaw.com

Attorneys for defendant Chabad of California

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>ARIA KOZAK and DONNA KOZAK,<br><br>          Plaintiff<br><br>v.<br><br>CHABAD-LUBAVITCH INC.;<br>CHABAD OF CALIFORNIA;<br>CHABAD RUNNING SPRINGS<br>RESIDENTIAL CAMP; CHABAD<br>CHEDER MENACHEM; YESHIVA<br>OHR ELCHONON CHABAD; BAIS<br>CHANA HIGH SCHOOL; CHABAD<br>OF MARINA; and BAIS CHAYA<br>MUSHKA,<br><br>          Defendants | Case No.  10-CV-01056-MCE-EFB<br><br>SEPARATE STATEMENT OF<br>UNDISPUTED MATERIAL FACTS<br>IN OPPOSITION TO OF MOTION<br>FOR SUMMARY JUDGMENT BY<br>DEFENDANT CHABAD OF<br>CALIFORNIA<br><br>[Fed. R. Civ. P. 56; Local Rule 260]<br><br>Date: August 21, 2014<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Hon. Morrison C. England, Jr.<br>Trial: January 5, 2015 |

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 1.  On or about May 8, 2008, Defendant CHABAD OF CALIFORNIA ("Chabad") applied for a federal grant under the Urban Areas Security Initiative: Nonprofit Security Grant Program ("NSG Program") to pay the costs of installing video surveillance and identification equipment and perimeter security equipment at Chabad's facility located at 3500 Seymour Road, Running Springs, California ("the Running Springs Grant Project"). | Undisputed. |
| 2.  For the purpose of applying for the NSG Program Grant for the Running Springs Grant Project, Chabad's authorized representative, Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "28" to the Notice of Lodgment. | Undisputed. |
| 3. On or about June 2, 2008, the California Governor's Office of Homeland Security, which was later merged into the California Emergency Management Agency and is referred to herein as "Cal EMA," notified Chabad that it was awarded NSG Program Grant No. 2007-0023/037-90820 ("the Running Springs Grant"), in the amount of $97,000, and Cal EMA established a performance period of May 12, 2008, through December 31, 2009. | Undisputed. |
| 4. On or about August 29, 2008, Chabad applied for a federal grant under the NSG Program to pay the costs of installing video surveillance and identification equipment and access control equipment at Chabad's facility located at 741 Gayley Avenue in Los Angeles, California ("the Gayley Grant Project"). | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 5. For the purpose of applying for the NSG Program Grant for the Gayley Grant Project, Chabad's authorized representative, Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "28" to the Notice of Lodgment. | Disputed.  Should refer to Exhibit 29

Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC);

FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and

Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). |
| 6. On or about October 10, 2008, Cal EMA notified Chabad that it was awarded NSG Program Grant No. 2008-0005/037-90820 ("the Chabad Gayley Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010. | Undisputed. |
| 7. On or about November 3, 2008, Cal EMA notified Defendant YESHIVA OHR ELCHONON CHABAD ("Yeshiva Ohr") that it was awarded Grant No. 2008-0005/037-90838 ("the Yeshiva Ohr Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 31, 2008, through May 31, 2010. | Undisputed. |
| 8. For the purpose of applying for the Yeshiva Ohr Grant, Yeshiva Ohr's authorized representative, Rabbi Danny Yiftach-Hashem ("Rabbi Yiftach-Hashem"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "30" to the Notice of Lodgment. | Undisputed. |
| 9. On or about October 10, 2008, Cal EMA notified Defendant CHABAD OF MARINA ("Marina") that it was awarded Grant No. 2008-0005/037-90842 ("the Marina Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 10. For the purpose of applying for the Marina Grant, Marina's authorized representative, Rabbi Yiftach-Hashem, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "31" to the Notice of Lodgment. | Undisputed. |
| 11. On or about October 10, 2008, Cal EMA notified Bais Chana that it was awarded Grant No.2008-0005/037-95062 ("the Bais Chana Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010. | Undisputed. |
| 12. For the purpose of applying for the Bais Chana Grant, Bais Chana's authorized representative, Rabbi Aharon Begun, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "32" to the Notice of Lodgment. | Undisputed. |
| 13. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Uniform Administrative Requirements for Grants and Cooperative Agreements (including sub-awards) with Institutions of Higher Learning, Hospitals and other Non-Profit Organizations, commonly referred to as "OMB Circular A-110" and codified at 28 CFR Part 70. | Undisputed. |
| 14. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Urban Areas Security Initiative Nonprofit Security Grant Program Guidance and Application Kit dated February 2008 ("Federal Guidance"), a true and correct copy of which is attached as Exhibit "33" to the Notice of Lodgment. | Undisputed. |

4

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 15. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Governor's Office of Homeland Security Fiscal Year 2008 Urban Area Security Initiative Nonprofit Security Grant Program, California Supplement ("California Supplement"), a true and correct copy of which is attached as Exhibit "34" to the Notice of Lodgment. | Undisputed. |
| 16. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Office of Justice Program's Financial Guide dated 2006 ("OJP Guide"), a true and correct copy of which is attached as Exhibit "35" to the Notice of Lodgment. | Undisputed. |
| 17. Commencing in or about late 2008, Chabad entered into agreements with the other Defendants that included the following terms: (1) Chabad would have sole responsibility for selecting, supervising and paying vendors hired to perform the security improvements; (2) Chabad would direct the timing of all drawdown requests against the grants; and (3) all funds received by Defendants through their drawdown requests would be transferred to, and held and managed by, Chabad. | Undisputed. |
| 18. Rabbi Cunin, Chabad's President, was the individual solely responsible for determining when to seek a grant drawdown, when to pay vendors, and how to manage advances. | Undisputed. |
| 19. On or about May 28, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $66,725 from the Running Springs Grant, a true and correct copy of which is attached as Exhibit "36" to the Notice of Lodgment, based on representations that the Running Springs Grant Project generated or would generate costs of $1,050 for fencing installed by vendor Larry Clayton and costs of $65,675 for video surveillance equipment installed by vendor Elite Interactive Solutions ("Elite") during the expenditure period of July 1, 2008, through June 30, 2009. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF
MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
| --- | --- |
| 20. On or about July 28, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $68,140 from the Chabad Gayley Grant, a true and correct copy of which is attached as Exhibit "37" to the Notice of Lodgment, based on representations that the Chabad Gayley Grant Project generated costs of $8,140 for elevator access improvements installed by vendor Thyssen Krupp Elevator ("Thyssen Krupp") and $60,000 for video surveillance equipment installed by vendor Elite during the expenditure period of July 1, 2009, through July 23, 2009. | Undisputed. |
| 21. On or about August 24, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Yeshiva Ohr Grant, a true and correct copy of which is attached as Exhibit "38" to the Notice of Lodgment, based on representations that the Yeshiva Ohr Grant Project generated costs of $72,750 for video surveillance equipment installed by vendor Elite during the expenditure period of July 1, 2009, through August 24, 2009. | Undisputed. |
| 22. On or about October 29, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Marina Grant, a true and correct copy of which is attached as Exhibit "39" to the Notice of Lodgment, based on representations that the Marina Grant Project would generate costs of $58,675 for video surveillance equipment installed by Elite and $14,075 for a security fence extension by a separate vendor during the expenditure period of September 1, 2009, through March 1, 2010. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 23. On or about October 27, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Bais Chana Grant, a true and correct copy of which is attached as Exhibit "40" to the Notice of Lodgment, based on representations that the Bais Chana Grant Project would generate costs of $72,750 for video surveillance equipment installed by vendor Elite during the expenditure period of December 1, 2009, through March 1, 2010. | Undisputed. |
| 24. In reliance on Defendants' certifications in their Grant Assurances that they were in compliance with the financial management standards required by the NSG Program terms and conditions, and in further reliance on Defendants' re-certifications in the drawdown requests, Cal EMA approved each of the drawdown requests and the State of California paid each drawdown to the individual grantees with federal funds. | Undisputed. |
| 25. On July 16, 2009, after Cal EMA paid the $66,725 grant drawdown to Chabad from the Running Springs Grant, Chabad deposited the $66,725 in grant funds into a checking account with Comerica Bank bearing an account number ending in 3744 ("Account 3744"). | Undisputed. |
| 26. On September 9, 2009, after Cal EMA paid the $68,140 grant drawdown to Chabad from the Gayley Grant, Chabad deposited the $68,140 in grant funds into Account 3744. | Undisputed. |
| 27. On November 23, 2009, and December 15, 2009, after Cal EMA paid the $72,750 grant drawdown to Yeshiva Ohr from the Yeshiva Ohr Grant, Yeshiva Ohr transferred $72,000 of the grant funds to Chabad in two installments of $40,000 and $32,000, respectively. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 28. On the same days the transfers of Yeshiva Ohr grant funds were made, Chabad deposited the $40,000 grant fund transfer and the $32,000 grant fund transfer into a checking account with Comerica Bank bearing an account number ending in 4361 ("Account 4361"). | Undisputed. |
| 29. On December 17, 2009, after Cal EMA paid the $72,750 grant drawdown to Marina from the Marina Grant, Marina transferred $50,000 of the grant funds to Chabad. | Undisputed. |
| 30. On December 17, 2009, Chabad deposited the $50,000 grant fund transfer received from Marina into Account 4361. | Undisputed. |
| 31. On or about December 21, 2009, after Cal EMA paid the $72,750 grant drawdown to Bais Chana from the Bais Chana Grant, Bais Chana transferred $72,750 of the grant funds to Chabad. | Undisputed. |
| 32. On December 21, Chabad of California deposited the $72,750 grant fund transfer received from Bais Chana into Account 4361. | Undisputed. |
| 33. On or before July 21, 2008, Chabad paid vendor Larry Clayton in full for all work performed on the Running Springs Grant Project. | Undisputed. |
| 34. On or about September 9, 2009, Marina paid vendor Wolf Bros. the amount of $7,000 for fence extensions installed within the scope of the Marina Grant Project. | Undisputed. |
| 35. The first payment made by Chabad to vendor Elite for work performed on the Running Springs Grant Project was a payment of $2,000 on June 16, 2009. | Undisputed. |
| 36. The only payment made by Chabad to Thyssen Krupp for work performed on the Gayley Grant Project was a payment of $4,070 made on or about July 29, 2009. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF
MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 37. On or about December 15, 2009, Marina paid vendor Wolf Bros. the amount of $7,075 for fence extensions installed within the scope of the Marina Grant Project. | Undisputed. |
| 38. The first payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant Project was the payment of $40,000 on November 23, 2009. | Undisputed. |
| 39. The second payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant Project was the payment of $10,000 on December 15, 2009. | Undisputed. |
| 40. On February 16, 2010, Elite's successor, Continental Business Credit, Inc. ("CBC") filed suit against Chabad in Los Angeles Superior Court Case No. BC431893 ("the Collection Action"), seeking damages for Chabad's failure to pay Elite in full for work performed on the Running Springs Grant Project, the Gayley Grant Project and the Yeshiva Ohr Grant Project. | Undisputed that CBC filed suit against Chabad and Elite and Relator Aria Kozak, for *inter alia*, breach of contract.<br><br>Collection Action, Ex. "C" to RJN, pp. US001728-29 |
| 41. On May 11, 2010, Elite filed a cross-complaint in the Collection Action seeking damages for Chabad's failure to pay Elite in full for work performed on the Running Springs Grant Project, the Gayley Grant Project and the Yeshiva Ohr Grant Project. | Undisputed. |
| 42. The second payment made by Chabad to Elite, or its successors, for work performed on the Running Springs Grant Project was one of several installment payments totaling $41,137, which were made in settlement of the Collection Action to CBC commencing on or about October 26, 2010. | Undisputed. |
| 43. The final payment made by Chabad to Elite, or its successors, for work performed on the Running Springs Grant Project was one of several installment payments totaling $21,863, which were made in settlement of the Collection Action to Elite commencing on or about February 15, 2011. | Undisputed. |

9

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 44. The only payments made by Chabad to Elite, or its successors, for work performed on the Gayley Grant Project were payments totaling $60,000, which were made in installments in settlement of the Collection Action to CBC, commencing on or about October 26, 2010. | Undisputed. |
| 45. The third and final payments made by Chabad to Elite, or its successors, for work performed on the Yeshiva Ohr Grant Project were payments totaling $22,000, which were made in installments in settlement of the Collection Action to Elite commencing on or about February 15, 2011. | Undisputed. |
| 46. Other than the payments to vendor Wolf Bros., no other payments have been made to vendors, including Elite, for work performed on the Marina Grant Project, because no additional work has been performed. | Undisputed. |
| 47. No payments have been made to any vendors for work performed on the Bais Chana Grant Project, because no work has been performed. | Undisputed. |
| 48. During the period of May 2008 through December 2012, Chabad did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§70.21(b)(3) and 70.22(b). | Disputed. |
| 49. On the dates Cal EMA approved Defendants' drawdown requests, Cal EMA was unaware that Yeshiva Ohr, Marina and Bais Chana had entered into an agreement with Chabad whereby Defendants agreed to transfer grant advances to Chabad and Chabad agreed to manage Defendants' grant projects by selecting, supervising and paying the vendors hired to perform the work within the scope of the grant projects. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 50. On the date Cal EMA approved Defendants' drawdown requests, Cal EMA was unaware that neither Chabad, Yeshiva Ohr, Marina or Bais Chana had written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b). | Disputed. |
| 51. Had Cal EMA known that (1) Yeshiva Ohr, Marina and Bais Chana had entered into an agreement with Chabad whereby Defendants agreed to transfer grant advances to Chabad and Chabad agreed to manage Defendants' grant projects by selecting, supervising and paying the vendors hired to perform the work within the scope of the grant projects; and (2) the parties in receipt of the grant funds did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b), Cal EMA would not have approved the transfers of the grant funds. | Disputed. |
| 52. The only two accounts used by Chabad to hold NSG Program grant funds were Account 4361 and Account 3744 (collectively the "Comerica Accounts"). | Undisputed. |
| 53. The Comerica Accounts were used by Chabad to hold money received from non-grant sources and to pay Chabad's non-grant related operating expenses, including employee payroll, building repairs, mortgages, and utility expenses. | Undisputed. |
| 54. On July 16, 2009, Chabad withdrew $63,675 in Running Springs Grant advances from the Comerica Accounts for non-grant purposes. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 55. Between September 9, 2009, and October 6, 2009, Chabad withdrew $64,070 in Gayley Grant advances from the Comerica Accounts for nongrant purposes. | Undisputed. |
| 56. Between December 15, 2009 and December 17, 2009, Chabad withdrew $22,000 in Yeshiva Ohr Grant advances from the Comerica Accounts for non-grant purposes. | Undisputed. |
| 57. Between December 17, 2009, and December 21, 2009, Chabad withdrew $50,000 in Marina Grant advances from the Comerica Accounts for non-grant purposes. | Undisputed. |
| 58. Between December 21, 2009, and April 9, 2010, Chabad withdrew $72,750 in Bais Chana Grant advances from the Comerica Accounts for non-grant purposes. | Undisputed. |
| 59. Between 2008 and 2010, Dr. Sternlight was a consultant who assisted Rabbi Cunin with the NSG Program grants. | Undisputed. |
| 60. Dr. Sternlight was the only individual associated with Chabad who underwent training concerning the NSG Program. | Undisputed. |
| 61. On or about October 7, 2009, Dr. Sternlight sent an email to Rabbi Cunin that stated, "IMPORTANT NOTE: Under Homeland Security rules Chabad of California will have 120 calendar days from the date on the California Treasurer's advance check (not the date it is received) to perform and complete the project installation and submit the final invoice information offsetting the cash advance. PLEASE DO NOT FORGET THIS." | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 62. On or about October 20, 2009, Dr. Sternlight sent an email to Rabbi Cunin that stated, "For those who are curious, according to the Office of Homeland Security the 120 days after the issuance of the check, for the project to be completed and fully reported, is because they do not charge interest on the cash advance, and 120 days is the longest a State agency can do this under California law.  Thus this is a firm period and they can't give extensions." | Undisputed. |
| 63. Dr. Sternlight had no involvement with the management of the grant funds received by Chabad of California. | Undisputed. |
| 64. Dr. Sternlight was never informed by Chabad of California that it had failed to pay any vendors for work performed on the grants at issue after drawdown funds were received and throughout most of 2010. Had Dr. Sternlight known, he would have "reminded them in strong—very strong terms that you don't mess with Uncle Sam." | Disputed |
| 65. Dr. Sternlight was never informed by Chabad of California that the grant funds at issue herein were misappropriated and used to pay for Chabad of California's non-grant expenses. Had Dr. Sternlight known, he "would have objective vehemently." | Disputed that grant funds were misappropriated and not accounted for. |
| 66. By letter dated April 23, 2010, a true and correct copy of which is attached as Exhibit "52" to the Notice of Lodgment, Cal EMA advised Chabad that it was conducting a review of the Running Springs Grant, the Gayley Grant, the Yeshiva Ohr Grant, the Marina Grant and the Bais Chana Grant, and Cal EMA demanded that Chabad produce all records of its management of the grant advances as well as copies of Chabad's written policies "ensur[ing] control over and accountability for grant funds." | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 67. On June 1, 2010, Chabad presented its written response to Cal EMA's April 23, 2010, audit request, a true and correct copy of which is attached as Exhibit "41" to the Notice of Lodgment. | Undisputed. |
| 68. On November 1, 2010, Cal EMA issued a demand to Chabad for repayment of $612,066 in grant funds, which included (1) the $63,675 in grant funds that Chabad failed to timely pay to Elite on the Running Springs Grant Project, (2) the $64,070 that Chabad failed to timely pay to Elite and ThyssenKrupp on the Gayley Grant Project, (3) $22,000 that Chabad failed to timely pay to Elite on the Yeshiva Ohr Grant Project, (4) $50,000 that Chabad failed to timely pay to Elite on the Marina Grant Project, and (5) $72,750 that Chabad failed to timely pay to Elite on the Bais Chana Grant Project. | Disputed.<br><br>The "fact" misstates Exhibit 53, which states that Cal EMA would be issuing an invoice for $612,066, which should be remitted within 30 days of receipt, based on findings that Chabad could challenge within 30 days. |
| 69. On May 2, 2011, Cal EMA issued a demand to Chabad for repayment of $598,118.17 in grant funds, which included (1) the $63,675 in grant funds that Chabad failed to timely pay to Elite on the Running Springs Grant Project, (2) the $64,070 that Chabad failed to timely pay to Elite and ThyssenKrupp on the Gayley Grant Project, (3) $22,000 that Chabad failed to timely pay to Elite on the Yeshiva Ohr Grant Project, (4) $50,000 that Chabad failed to timely pay to Elite on the Marina Grant Project, and (5) $72,750 that Chabad failed to timely pay to Elite on the Bais Chana Grant Project. | Disputed.<br><br>The "fact" misstates Exhibit 54, which states that Cal EMA would be issuing an invoice for $598,118.17, which should be remitted within 30 days of receipt, based on findings set forth in the letter. |
| 70. At no time has Chabad made any payment to Cal EMA to reimburse grant funds. | Undisputed that Chabad did not make payment to Cal EMA, but disputed whether Cal EMA issued the invoices called for in Exhibit 53, 54.<br><br>Chabad has tendered $136,920 to the United States, which includes amounts not disputed by Chabad with Cal EMA. |
|  |  |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF
MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| NON-MOVING PARTY'S UNCONTROVERTED FACTS | EVIDENCE |
|---|---|
| 71.  On July 14, 2014 Chabad tendered $136,920 to the United States. | Decl. Of Mark M. Hathaway<br><br>Exhibit 55 |
| 72.  Cal EMA instructed Chabad to identify the funds advanced against costs that had been incurred, but not yet paid to the vendor, as "expended." | Decl. Of Dr. Sternlight<br><br>Exhibit 58, p. 2 |
| 73.  Chabad had a CPA, Chaim Levin, reporting the grant accounting on an accrual basis. | Deposition of Chaim Levin CPA<br><br>Exhibit 57<br><br>Exhibit 10, p. 122 |
| 74.  Cal EMA never issued an invoice for repayment of $612,066 in grant funds. | See SSUF No. 68<br><br>Exhibit 53 |
| 75.  Cal EMA never issued an invoice for repayment of $598,118.17 in grant funds | See SSUF No. 69<br><br>Exhibit 54 |
| 76.  Chabad disputed the claims in the state court complaint filed by Continental Business Credit, Inc. | Decl. Mark M. Hathaway<br><br>Exhibit 59, Chabad Verified Answer to Complaint |
| 77.  Chabad disputed the claims in the state court cross-complaint filed by Elite in the Continental Business Credit case. | Decl. Mark M. Hathaway<br><br>Exhibit 61, Chabad Verified Answer to Cross-Complaint |
| 78.  A Notice of Settlement was filed in the Continental state court action in February 2011 | Decl. Mark M. Hathaway<br><br>Exhibit 62, 63, Notice of Settlement of Entire Case, Court Case Docket |
| 79.  Chabad paid Elite $102,000 to settle claims. | Decl. Mark M. Hathaway<br><br>Exhibit 62 , p. 2, Chabad Summary of Payments and Unobligated Funds |
| 80.  Chabad paid Continental Credit Corp $130,137 to settle claims. | Decl. Mark M. Hathaway<br><br>Exhibit 62 , p. 2, Chabad Summary of Payments and Unobligated Funds |
| 81.  Of the $345,145 in grant funds, Chabad has tendered to the United States $136,920 and paid more than the balance to settle vendor claims, $232,137 | Decl. Mark M. Hathaway<br><br>Exhibit 55, 62 , p. 2, Chabad Summary of Payments and Unobligated Funds |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

1

2                                        Respectfully Submitted,

3                                        LAW OFFICES OF MARK J. WERKSMAN

4

5   Dated: July 24, 2014                 _____
                                         Mark M. Hathaway
6                                        Attorney for Chabad of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF
MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA