LAW OFFICES OF MARK J. WERKSMAN
Mark J. Werksman, Esq. (CA SBN 120767)
Mark M. Hathaway, Esq.  (CA SBN 151332;
NY SBN 2431682; DC SBN 437335)
        888 West Sixth Street, Fourth Floor
        Los Angeles, California  90017
        Telephone: (213) 688-0460
        Facsimile: (213) 624-1942
        E-Mail: mhathaway@werksmanlaw.com

Attorneys for defendant Chabad of California

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARIA KOZAK and DONNA KOZAK,<br><br>            Plaintiff<br><br>v.<br><br>CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF MARINA; and BAIS CHAYA MUSHKA,<br><br>            Defendants | Case No.  10-CV-01056-MCE-EFB<br><br>AMENDED SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS BY DEFENDANT CHABAD OF CALIFORNIA IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT<br><br>[Fed. R. Civ. P. 56; Local Rule 260(b)]<br><br>Date: September 18, 2014<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Hon. Morrison C. England, Jr.<br>Trial: January 5, 2015 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

      Defendant Chabad of California hereby submits its Amended Separate

Statement of Undisputed Material Facts by Defendant Chabad of California in

Opposition to the United States' Motion for Summary Judgment, pursuant to the

Court's August 18, 2014 Minute Order.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 1.  On or about May 8, 2008, Defendant CHABAD OF CALIFORNIA ("Chabad") applied for a federal grant under the Urban Areas Security Initiative: Nonprofit Security Grant Program ("NSG Program") to pay the costs of installing video surveillance and identification equipment and perimeter security equipment at Chabad's facility located at 3500 Seymour Road, Running Springs, California ("the Running Springs Grant Project").<br><br>**Evidence:**<br>United States' Requests for Admissions, Set No. 2, to Chabad ("Chabad RFA 2"), Ex. "6" to Declaration of Glen F. Dorgan ("Dorgan Decl."), Request No. 4; and Dorgan Decl., para. 4 (RFA responses are deemed admitted). | 1.  Undisputed. |
| 2.  For the purpose of applying for the NSG Program Grant for the Running Springs Grant Project, Chabad's authorized representative, Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "28" to the Notice of Lodgment.<br><br>**Evidence:**<br>Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC); First Amended Complaint ("FAC"), Ex. "A" to Request for Judicial Notice ("RJN"), para. 21 (authenticating the Grant Assurances); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). | 2.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 3. On or about June 2, 2008, the California Governor's Office of Homeland Security, which was later merged into the California Emergency Management Agency and is referred to herein as "Cal EMA," notified Chabad that it was awarded NSG Program Grant No. 2007-0023/037-90820 ("the Running Springs Grant"), in the amount of $97,000, and Cal EMA established a performance period of May 12, 2008, through December 31, 2009.<br><br>**Evidence:**<br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 5-6; Notification of Subgrantee Award [US002000], Ex. "17" to Dorgan Decl.; Dorgan Decl., para. 4 (RFA responses are deemed admitted); FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). | 3.  Undisputed. |
| 4. On or about August 29, 2008, Chabad applied for a federal grant under the NSG Program to pay the costs of installing video surveillance and identification equipment and access control equipment at Chabad's facility located at 741 Gayley Avenue in Los Angeles, California ("the Gayley Grant Project").<br><br>**Evidence:**<br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 7; and Dorgan Decl., para. 4 (RFA responses are deemed admitted). | 4.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 5. For the purpose of applying for the NSG Program Grant for the Gayley Grant Project, Chabad's authorized representative, Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "28" to the Notice of Lodgment.<br><br>**Evidence:**<br>Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC); FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). | 5.  Undisputed, however, the United States inadvertently refers to the Grant Assurances (Ex. "29" to Dorgan Decl.) as "Exhibit "28." |
| 6. On or about October 10, 2008, Cal EMA notified Chabad that it was awarded NSG Program Grant No. 2008-0005/037-90820 ("the Chabad Gayley Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010.<br><br>**Evidence:**<br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 8-9; Notification of Subgrantee Award [US002082], Ex. "18" to Dorgan Decl.; Dorgan Decl., para. 4 (RFA responses are deemed admitted). FAC, Ex. "A" to RJN, para. 21 (alleging performance periods); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). | 6.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 7. On or about November 3, 2008, Cal EMA notified Defendant YESHIVA OHR ELCHONON CHABAD ("Yeshiva Ohr") that it was awarded Grant No. 2008-0005/037-90838 ("the Yeshiva Ohr Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 31, 2008, through May 31, 2010. **Evidence:** Notification of Subgrantee Award [US002219], Ex. "21" to Lane Decl.; Lane Decl., para. 3 (authenticating Ex. "21"); FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). | 7. Undisputed. |
| 8. For the purpose of applying for the Yeshiva Ohr Grant, Yeshiva Ohr's authorized representative, Rabbi Danny Yiftach-Hashem ("Rabbi Yiftach-Hashem"), executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "30" to the Notice of Lodgment. **Evidence:** Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl.; Lane Decl., para. 3 (authenticating Ex. "30"); Yeshiva Ohr RFA, Ex. "7" to Dorgan Decl., Request No. 6 (authenticating Ex. "30"); Dorgan Decl., para. 5 (RFA responses are deemed admitted); Transcript of the Deposition of Jan Yeftadonay, aka Rabbi Danny Yiftach-Hashem ("Yiftach Depo."), Ex. "16" to Dorgan Decl., 7:16-8:18, 28:1-29:15 (confirming that Jan Yeftadonay is also known as Rabbi Danny Yiftach-Hashem and authenticating Ex. "30"); FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). | 8. Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 9. On or about October 10, 2008, Cal EMA notified Defendant CHABAD OF MARINA ("Marina") that it was awarded Grant No. 2008- 0005/037-90842 ("the Marina Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010.<br><br>**Evidence:**<br>Notification of Subgrantee Award [US002165], Ex."24" to Lane Decl.; Lane Decl., para. 4 (authenticating Ex. "24"); FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). | 9.  Undisputed. |
| 10. For the purpose of applying for the Marina Grant, Marina's authorized representative, Rabbi Yiftach-Hashem, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "31" to the Notice of Lodgment.<br><br>**Evidence:**<br>Marina Grant Assurances [US000113-18], Ex. "31" to Lane Decl.; Lane Decl., para. 4 (authenticating Ex. "31"); Yiftach Depo., Ex. "16" to Dorgan Decl., 29:25-30:22 (authenticating Ex. "31"); FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). | 10.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 11. On or about October 10, 2008, Cal EMA notified Bais Chana that it was awarded Grant No.2008-0005/037-95062 ("the Bais Chana Grant"), in the amount of $72,750, and Cal EMA established a performance period of October 9, 2008, through May 31, 2010.<br><br>**Evidence:**<br>Notification of Subgrantee Award [US002372], Ex. "27" to Lane Decl.; Lane Decl., para. 5 (authenticating Ex. "27"); FAC, Ex. "A" to RJN, para. 22 (alleging performance periods); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 22 of FAC). | 11.  Undisputed. |
| 12. For the purpose of applying for the Bais Chana Grant, Bais Chana's authorized representative, Rabbi Aharon Begun, executed a document entitled Grant Assurances, a true and correct copy of which is attached as Exhibit "32" to the Notice of Lodgment.<br><br>**Evidence:**<br>Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC); Lane Decl., para. 5 (authenticating Ex. "32"); FAC, Ex. "A" to RJN, para. 21 (authenticating the Grant Assurances); and Answer to FAC, Ex. "B" to RJN, para. 8 (admitting paragraph 21 of FAC). | 12.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 13. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Uniform Administrative Requirements for Grants and Cooperative Agreements (including sub-awards) with Institutions of Higher Learning, Hospitals and other Non-Profit Organizations, commonly referred to as "OMB Circular A-110" and codified at 28 CFR Part 70.<br><br>**Evidence:**<br>Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000103, para. 31.o.; Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000083, para. 16.o.; Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002203, para. 16.o.; Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000116, para. 16.o.; and Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000122, para. 16.o. | 13.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 14. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Urban Areas Security Initiative Nonprofit Security Grant Program Guidance and Application Kit dated February 2008 ("Federal Guidance"), a true and correct copy of which is attached as Exhibit "33" to the Notice of Lodgment. **Evidence:** Federal Guidance [US000001-36], Ex. "33" to Lane Decl. (Ex. "A" to FAC); Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 10-11; Dorgan Decl., para. 4 (RFA responses are deemed admitted); Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000102, para. 29; Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000084, para. 20; Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002204, para. 20; Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000117, para. 20; Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000123, para. 20; and Lane Decl., para. 6 (authenticating Ex. "33"). | 14. Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 15. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Governor's Office of Homeland Security Fiscal Year 2008 Urban Area Security Initiative Nonprofit Security Grant Program, California Supplement ("California Supplement"), a true and correct copy of which is attached as Exhibit "34" to the Notice of Lodgment.<br><br>**Evidence:**<br>California Supplement [US000037-48], Ex. "34" to Lane Decl. (Ex. "B" to FAC); Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 12-13; Dorgan Decl., para. 4 (RFA responses are deemed admitted); Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000102, para. 29; Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000084, para. 20; Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002204, para. 20; Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000117, para. 20; Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000123, para. 20; and Lane Decl., para. 6 (authenticating Ex. "34"). | 15.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF
MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 16. As a condition to participating in the NSG Program, Defendants each agreed to be bound by and comply with the Office of Justice Program's Financial Guide dated 2006 ("OJP Guide"), a true and correct copy of which is attached as Exhibit "35" to the Notice of Lodgment.<br><br>**Evidence:**<br>OJP Guide [US000049-79], Ex. "35" to Dorgan Decl. (Ex. "C" to FAC); Chabad RFA 2, Ex. "6" to Dorgan Decl., Request Nos. 14-15; Dorgan Decl., para. 4 (RFA responses are deemed admitted); Running Springs Grant Assurances [US000098-106], Ex. "28" to Dorgan Decl. (Ex. "G" to FAC), p. US000103, para. 36; Gayley Grant Assurances [US000080-85], Ex. "29" to Dorgan Decl. (Ex. "D" to FAC), p. US000084, para. 19; Yeshiva Ohr Grant Assurances [US002200-05], Ex. "30" to Lane Decl., p. US002204, para. 19; Marina Grant Assurances [US000113-118], Ex. "31" to Lane Decl., p. US000117, para. 19; and Bais Chana Grant Assurances [US000119-124], Ex. "32" to Lane Decl. (Ex. "J" to FAC), p. US000123, para. 19. | 16. Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 17. Commencing in or about late 2008, Chabad entered into agreements with the other Defendants that included the following terms: (1) Chabad would have sole responsibility for selecting, supervising and paying vendors hired to perform the security improvements; (2) Chabad would direct the timing of all drawdown requests against the grants; and (3) all funds received by Defendants through their drawdown requests would be transferred to, and held and managed by, Chabad.<br><br>**Evidence:**<br>United States' Requests for Admissions, Set No. 1, to Chabad ("Chabad RFA 1"), Ex. "1" to Dorgan Decl., Request Nos. 13, 55, 66; Dorgan Decl., para. 3 (RFA responses are deemed admitted); Transcript of Deposition of Boruch Shlomo Cunin, Volume 1 (Cunin Depo. 1), Ex. "11" to Dorgan Decl., 10:24- 11:1 (confirming Rabbi Cunin's employment as President of Chabad), 103:9-17, 108:13-109:4 (funds were to be transferred to Chabad); Transcript of Deposition of Rabbi Boruch Shlomo Cunin, Volume 2 ("Cunin Depo. 2"), Ex. "12" to Dorgan Decl., 144:18-145:18, 146:13-147:12, 149:2-23, 150:22-151:13, 211:12-212:6, 212:12-213:5; Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 25:20-27:23. | 17.  Undisputed. |
| 18. Rabbi Cunin, Chabad's President, was the individual solely responsible for determining when to seek a grant drawdown, when to pay vendors, and how to manage advances.<br><br>**Evidence:**<br>Cunin Depo. 1, Ex. "11" to Dorgan Decl., 10:24-11:1, 65:7-13, 94:12-20, 103:9-17, 104:23-106:20, 118:20-119:4, 120:22-24, 122:2-4; Cunin Depo. 2, Ex. "12" to Dorgan Decl., 211:12-212:6, 212:12-213:5; and Transcript of Deposition of David Sternlight, PhD ("Sternlight Depo."), Ex. "15" to Dorgan Decl., 69:2-70:13, 83:13-18. | 18.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 19. On or about May 28, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $66,725 from the Running Springs Grant, a true and correct copy of which is attached as Exhibit "36" to the Notice of Lodgment, based on representations that the Running Springs Grant Project generated or would generate costs of $1,050 for fencing installed by vendor Larry Clayton and costs of $65,675 for video surveillance equipment installed by vendor Elite Interactive Solutions ("Elite") during the expenditure period of July 1, 2008, through June 30, 2009.<br><br>**Evidence:**<br>Running Springs Project Ledger [US000833-835], Ex. "36" to Dorgan Decl., pp. US000833 (identifying "Amount This Request" and "Expenditure Period"), US000834 (identifying date of request and certifications), and US000835 (identifying vendors and scope of work); Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 36-37; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 19.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 20. On or about July 28, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $68,140 from the Chabad Gayley Grant, a true and correct copy of which is attached as Exhibit "37" to the Notice of Lodgment, based on representations that the Chabad Gayley Grant Project generated costs of $8,140 for elevator access improvements installed by vendor Thyssen Krupp Elevator ("Thyssen Krupp") and $60,000 for video surveillance equipment installed by vendor Elite during the expenditure period of July 1, 2009, through July 23, 2009.<br><br>**Evidence:**<br>Gayley Project Ledger [US000860-862], Ex. "37" to Dorgan Decl., pp. US000860 (identifying "Amount This Request" and "Expenditure Period"), US000861 (identifying date of request and certifications), and US000862 (identifying vendors and scope of work); Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 6-7; Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 20.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 21. On or about August 24, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Yeshiva Ohr Grant, a true and correct copy of which is attached as Exhibit "38" to the Notice of Lodgment, based on representations that the Yeshiva Ohr Grant Project generated costs of $72,750 for video surveillance equipment installed by vendor Elite during the expenditure period of July 1, 2009, through August 24, 2009.<br><br>**Evidence:**<br>Yeshiva Ohr Project Ledger [US000959-961], Ex. "38" to Dorgan Decl., pp. US000959 (identifying "Amount This Request" and "Expenditure Period"), US000960 (identifying date of request and certifications), and US000961 (identifying vendor and scope of work); Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 18-19; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 21.  Undisputed. |
| 22. On or about October 29, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Marina Grant, a true and correct copy of which is attached as Exhibit "39" to the Notice of Lodgment, based on representations that the Marina Grant Project would generate costs of $58,675 for video surveillance equipment installed by Elite and $14,075 for a security fence extension by a separate vendor during the expenditure period of September 1, 2009, through March 1, 2010.<br><br>**Evidence:**<br>Marina Project Ledger [US000926-928], Ex. "39" to Dorgan Decl., pp. US000926 (identifying "Amount This Request" and "Expenditure Period"), US000928 (identifying date of request and certifications), and US000927 (identifying vendors and scope of work); Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 59-60; Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 22.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 23. On or about October 27, 2009, Chabad submitted a claim to Cal EMA seeking a drawdown of $72,750 from the Bais Chana Grant, a true and correct copy of which is attached as Exhibit "40" to the Notice of Lodgment, based on representations that the Bais Chana Grant Project would generate costs of $72,750 for video surveillance equipment installed by vendor Elite during the expenditure period of December 1, 2009, through March 1, 2010.<br><br>**Evidence:**<br>Bais Chana Project Ledger [US000892-894, Ex. "40" to Dorgan Decl., pp. US000892 (identifying "Amount This Request" and "Expenditure Period"), US000894 (identifying date of request and certifications), and US000893 (identifying vendor and scope of work); Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 70-71; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 23.  Undisputed. |
| 24. In reliance on Defendants' certifications in their Grant Assurances that they were in compliance with the financial management standards required by the NSG Program terms and conditions, and in further reliance on Defendants' re-certifications in the drawdown requests, Cal EMA approved each of the drawdown requests and the State of California paid each drawdown to the individual grantees with federal funds.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 8, 20, 38, 61, 72; Dorgan Decl., para. 3 (RFA responses are deemed admitted); Declaration of Peter Town ("Town Decl."), paras. 2-5 (confirming Cal EMA's reliance on the Grant Assurances and drawdowns); and Declaration of Rene Jackson ("Jackson Decl."), paras. 4-7 (confirming Cal EMA's reliance on the Grant Assurances and drawdowns) | 24.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF
MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 25. On July 16, 2009, after Cal EMA paid the $66,725 grant drawdown to Chabad from the Running Springs Grant, Chabad deposited the $66,725 in grant funds into a checking account with Comerica Bank bearing an account number ending in 3744 ("Account 3744").<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Req. No. 38; Dorgan Decl., para. 3 (RFA responses are deemed admitted); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 114; Bank Statement for Acct. *3744 [CH000527-28], Ex. "42" to Dorgan Decl., p. CH00527; United States' Requests for Production, Set No. 1, to Chabad ("Chabad RFP"), Ex. "4" to Dorgan Decl., Request Nos. 1, 21; Chabad of California's Response to Chabad RFP ("Chabad RFP Responses"), Ex. "5" to Dorgan Decl., Request Nos. 1, 21; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 25.  Undisputed. |
| 26. On September 9, 2009, after Cal EMA paid the $68,140 grant drawdown to Chabad from the Gayley Grant, Chabad deposited the $68,140 in grant funds into Account 3744.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 8; Dorgan Decl., para. 3 (RFA responses are deemed admitted); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000132, 135; Bank Statement for Acct. *3744 [CH000527-28], Ex. "42" to Dorgan Decl., p. CH000528; Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 1, 21; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request Nos. 1, 21; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 26.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 27. On November 23, 2009, and December 15, 2009, after Cal EMA paid the $72,750 grant drawdown to Yeshiva Ohr from the Yeshiva Ohr Grant, Yeshiva Ohr transferred $72,000 of the grant funds to Chabad in two installments of $40,000 and $32,000, respectively.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 20-21; Dorgan Decl., para. 3 (RFA responses are deemed admitted); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000217-220, 223-224; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 27.  Undisputed. |
| 28. On the same days the transfers of Yeshiva Ohr grant funds were made, Chabad deposited the $40,000 grant fund transfer and the $32,000 grant fund transfer into a checking account with Comerica Bank bearing an account number ending in 4361 ("Account 4361").<br><br>**Evidence:**<br>Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., pp. CH000531-532; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 21; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 28.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 29. On December 17, 2009, after Cal EMA paid the $72,750 grant drawdown to Marina from the Marina Grant, Marina transferred $50,000 of the grant funds to Chabad.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 61-62; Dorgan Decl., para. 3 (RFA responses are deemed admitted); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000168, 171-173; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1; Dorgan Decl., para. 6 (confirming documents produced by Chabad); Marina RFA Responses, Ex. "8" to Dorgan Decl., Request No. 20; Marina Initial Disclosures, Ex. "10" to Dorgan Decl. (Ex. "H" to Yiftach Depo.), p. H-10 [0007] (producing proof of wire transfer from Marina to Chabad); and Yiftach Depo., Ex. "16" to Dorgan Decl., 98:14-99:23, 119:8-15. | 29.  Undisputed. |
| 30. On December 17, 2009, Chabad deposited the $50,000 grant fund transfer received from Marina into Account 4361.<br><br>**Evidence:**<br>Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., p. CH000532; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 21; Dorgan Decl., para. 6 (confirming documents produced by Chabad); Marina Initial Disclosures, Ex. "10" to Dorgan Decl., p. H-10 [0007] (producing proof of wire transfer from Marina to Chabad and identifying Account *4361 as the receiving account); and Yiftach Depo., Ex. "16" to Dorgan Decl., 98:14-99:23, 119:8-15. | 30.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 31. On or about December 21, 2009, after Cal EMA paid the $72,750 grant drawdown to Bais Chana from the Bais Chana Grant, Bais Chana transferred $72,750 of the grant funds to Chabad.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request Nos. 72-73; Dorgan Decl., para. 3 (RFA responses are deemed admitted); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000146, 149, 153; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 31.  Undisputed. |
| 32. On December 21, Chabad of California deposited the $72,750 grant fund transfer received from Bais Chana into Account 4361.<br><br>**Evidence:**<br>Bank Statement for Acct. *4361 [CH000531-33], Ex. "43" to Dorgan Decl., p. CH000533; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 21; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 21; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 32.  Undisputed. |
| 33. On or before July 21, 2008, Chabad paid vendor Larry Clayton in full for all work performed on the Running Springs Grant Project.<br><br>**Evidence:**<br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 115, 120; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 33.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 34. On or about September 9, 2009, Marina paid vendor Wolf Bros. the amount of $7,000 for fence extensions installed within the scope of the Marina Grant Project.<br><br>**Evidence:**<br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000168, 172, 174, 178 (confirming payments to Wolf Bros.); Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; Dorgan Decl., para. 6 (confirming documents produced by Chabad); Marina RFA Responses, Ex. "8" to Dorgan Decl., Request No. 23; Marina Initial Disclosures, Ex. "10" to Dorgan Decl., pp. H-6 [0003] through H-9 [0006] (producing copies of checks to Wolf Bros.); and Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 59:10-15, 96:12-97:7, 118:6-119:5. | 34.  Undisputed. |
| 35. The first payment made by Chabad to vendor Elite for work performed on the Running Springs Grant Project was a payment of $2,000 on June 16, 2009.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 39; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 35.  Undisputed. |
| 36. The only payment made by Chabad to Thyssen Krupp for work performed on the Gayley Grant Project was a payment of $4,070 made on or about July 29, 2009.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 10; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 36.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 37. On or about December 15, 2009, Marina paid vendor Wolf Bros. the amount of $7,075 for fence extensions installed within the scope of the Marina Grant Project.<br><br>**Evidence:**<br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000168, 172, 174, 179 (confirming payments to Wolf Bros.); Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; Dorgan Decl., para. 6 (confirming documents produced by Chabad); Marina RFA Responses, Ex. "8" to Dorgan Decl., Request No. 24; Marina Initial Disclosures, Ex. "10" to Dorgan Decl., pp. H-6 [0003] through H-9 [0006] (producing copies of checks to Wolf Bros.); and Yiftach-Hashem Depo., Ex. "16" to Dorgan Decl., 59:10-15, 96:12-97:7, 118:6-119:5. | 37.  Undisputed. |
| 38. The first payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant Project was the payment of $40,000 on November 23, 2009.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 22; Dorgan Decl., para. 3 (RFA responses are deemed admitted); Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl., p. US002526; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 38.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
| --- | --- |
| 39. The second payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant Project was the payment of $10,000 on December 15, 2009.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 23; Dorgan Decl., para. 3 (RFA responses are deemed admitted); Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl., p. US002533; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 39.  Undisputed. |
| 40. On February 16, 2010, Elite's successor, Continental Business Credit, Inc. ("CBC") filed suit against Chabad in Los Angeles Superior Court Case No. BC431893 ("the Collection Action"), seeking damages for Chabad's failure to pay Elite in full for work performed on the Running Springs Grant Project, the Gayley Grant Project and the Yeshiva Ohr Grant Project.<br><br>**Evidence:**<br>FAC, Ex. "A" to RJN, para. 26; Answer to FAC, Ex. "B" to RJN, para. 10 (admitting paragraph 26 of FAC); Collection Action, Ex. "C" to RJN, pp. US001728-29 (alleging nonpayment of Invoice Nos. 8984, 8974 and 8975); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 121 (attaching Invoice No. 8974 regarding Running Springs), CH000132, 138 (attaching Invoice No. 8984 regarding Gayley), and CH000217, 221 (attaching Invoice No. 8975 regarding Yeshiva Ohr); Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; and Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 40.  Undisputed, distinguished in part, and immaterial.<br><br>The Collection Action expressly named as defendants both the Relator Aria Kozak and security systems vendor Elite Interactive Solutions, Inc., for *inter alia*, breach of contract and unjust enrichment, as well as naming Chabad as a defendant.<br><br>**Evidence**<br>Collection Action, Ex. "C" to RJN, (Certified copy of Verified Complaint filed in the Los Angeles County Superior Court, Case No. BC431893, on February 16, 2010), 1:17-19, 5:8-25, 6:2-26, 7:16-26; Decl. Mark M. Hathaway, Exhibit 59, Chabad Verified Answer to Complaint |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 41. On May 11, 2010, Elite filed a cross-complaint in the Collection Action seeking damages for Chabad's failure to pay Elite in full for work performed on the Running Springs Grant Project, the Gayley Grant Project and the Yeshiva Ohr Grant Project.<br><br>**Evidence:**<br>Cross-Complaint, Ex. "E" to RJN, pp. US001749-52 (alleging nonpayment of Invoice Nos. 8984, 8974 and 8975); June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl., pp. CH000111, 121 (attaching Invoice No. 8974 regarding Running Springs), CH000132, 138 (attaching Invoice No. 8984 regarding Gayley), and CH000217, 221 (attaching Invoice No. 8975 regarding Yeshiva Ohr); Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 20; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 20; Dorgan Decl., para. 6 (confirming documents produced by Chabad). | 41. Undisputed. |
| 42. The second payment made by Chabad to Elite, or its successors, for work performed on the Running Springs Grant Project was one of several installment payments totaling $41,137, which were made in settlement of the Collection Action to CBC commencing on or about October 26, 2010.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 40; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 42. Undisputed. |
| 43. The final payment made by Chabad to Elite, or its successors, for work performed on the Running Springs Grant Project was one of several installment payments totaling $21,863, which were made in settlement of the Collection Action to Elite commencing on or about February 15, 2011.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 41; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 43. Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 44. The only payments made by Chabad to Elite, or its successors, for work performed on the Gayley Grant Project were payments totaling $60,000, which were made in installments in settlement of the Collection Action to CBC, commencing on or about October 26, 2010.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 9; and Dorgan Decl., para. 3 (RFA responses are deemed admitted). | 44.  Undisputed. |
| 45. The third and final payments made by Chabad to Elite, or its successors, for work performed on the Yeshiva Ohr Grant Project were payments totaling $22,000, which were made in installments in settlement of the Collection Action to Elite commencing on or about February 15, 2011.<br><br>**Evidence:**<br>Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 24; Dorgan Decl., para. 3 (RFA responses are deemed admitted); and Declaration of Donna Kozak ("Kozak Decl."), paras. 3-4, 6-7. | 45.  Undisputed. |
| 46. Other than the payments to vendor Wolf Bros., no other payments have been made to vendors, including Elite, for work performed on the Marina Grant Project, because no additional work has been performed.<br><br>**Evidence:**<br>Cunin Depo. 2, Ex. "12" to Dorgan Decl., 232:7-11; Chabad RFA 1, Ex. "1" to Dorgan Decl., Request No. 63; Dorgan Decl., para. 3 (RFA responses are deemed admitted); and Yiftach Depo., Ex. "16" to Dorgan Decl., 59:10-18. | 46.  Undisputed. |
| 47. No payments have been made to any vendors for work performed on the Bais Chana Grant Project, because no work has been performed.<br><br>**Evidence:**<br>Cunin Depo. 2, Ex. "8" to Dorgan Decl., 232:7-233:13. | 47.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 48. During the period of May 2008 through December 2012, Chabad did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b).<br><br>**Evidence:**<br>Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 16; Dorgan Decl., para. 4 (RFA responses are deemed admitted); Cunin Depo. 1, Ex. "11" to Dorgan Decl., 57:20-58:18, 63:1-66:4, 68:2-15, 69:5-18, 72:16-19, 112:8-25, 115:4-117:12, 118:3-16; and Cunin Depo. 2, Ex. "12" to Dorgan Decl., 227:17-228:5, 263:18-264:12. | 48. Disputed.<br><br>All Chabad entities adopted OMB Circular A-110 Uniform Administrative Requirements for Grants and Agreements with Institutions of Higher Education, Hospitals, and Other Non-Profit Organizations, as their respective policies on fiscal / administrative and procurement procedures.<br><br>**Evidence:**<br>June 1 Accounting Letter, Ex. "41" to Lewis Decl., at p. CH000055, ¶ 2. |
| 49. On the dates Cal EMA approved Defendants' drawdown requests, Cal EMA was unaware that Yeshiva Ohr, Marina and Bais Chana had entered into an agreement with Chabad whereby Defendants agreed to transfer grant advances to Chabad and Chabad agreed to manage Defendants' grant projects by selecting, supervising and paying the vendors hired to perform the work within the scope of the grant projects.<br><br>**Evidence:**<br>Town Decl., paras. 2-5; Jackson Decl., paras. 2-7; and Lewis Decl., para. 5. | 49. Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 50. On the date Cal-EMA approved Defendants' drawdown requests, Cal EMA was unaware that neither Chabad, Yeshiva Ohr, Marina or Bais Chana had written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b).<br><br>**Evidence:**<br>Town Decl., paras. 2-5; and Jackson Decl., paras. 2-7. | 50.  Disputed.<br><br>All Chabad entities adopted OMB Circular A-110 Uniform Administrative Requirements for Grants and Agreements with Institutions of Higher Education, Hospitals, and Other Non-Profit Organizations, as their respective policies on fiscal / administrative and procurement procedures.<br><br>**Evidence:**<br>June 1 Accounting Letter, Ex. "41" to Lewis Decl., at p. CH000055, ¶ 2. |
| 51. Had Cal EMA known that (1) Yeshiva Ohr, Marina and Bais Chana had entered into an agreement with Chabad whereby Defendants agreed to transfer grant advances to Chabad and Chabad agreed to manage Defendants' grant projects by selecting, supervising and paying the vendors hired to perform the work within the scope of the grant projects; and (2) the parties in receipt of the grant funds did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR §§ 70.21(b)(3) and 70.22(b), Cal EMA would not have approved the transfers of the grant funds.<br><br>**Evidence:**<br>Town Decl., paras. 2-5; and Jackson Decl., paras. 2-7. | 51.  Disputed.<br><br>All Chabad entities adopted OMB Circular A-110 Uniform Administrative Requirements for Grants and Agreements with Institutions of Higher Education, Hospitals, and Other Non-Profit Organizations, as their respective policies on fiscal / administrative and procurement procedures.<br><br>**Evidence:**<br>June 1 Accounting Letter, Ex. "41" to Lewis Decl., at p. CH000055, ¶ 2. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 52. The only two accounts used by Chabad to hold NSG Program grant funds were Account 4361 and Account 3744 (collectively the "Comerica Accounts").<br><br>**Evidence:**<br>United States' Interrogatories to Chabad of California, ("Chabad Interrogatories"), Ex. "2" to Dorgan Decl., Request No. 1; Response to Chabad Interrogatories, Ex. "3" to Dorgan Decl., Request No. 1; and Transcript of Deposition of Yoel Edelson, Volume 2 ("Edelson Depo. 2"), Ex. "14" to Dorgan Decl., pp. 146:13-156:3. | 52.  Undisputed. |
| 53. The Comerica Accounts were used by Chabad to hold money received from non-grant sources and to pay Chabad's non-grant related operating expenses, including employee payroll, building repairs, mortgages, and utility expenses.<br><br>**Evidence:**<br>Cunin Depo. 1, Ex. "11" to Dorgan Decl., 118:3-16; and Transcript of Deposition of Yoel Edelson, Volume 1 ("Edelson Depo. 1"), Ex. "13" to Dorgan Decl., pp. 24:22-27:20, 32:8-33:9, 34:5-18. | 53.  Undisputed. |
| 54. On July 16, 2009, Chabad withdrew $63,675 in Running Springs Grant advances from the Comerica Accounts for non-grant purposes.<br><br>**Evidence:**<br>Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.A.; Volk Expert Report, Ex. "47" to Volk Decl., p. US002611; Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 2; Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 54.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 55. Between September 9, 2009, and October 6, 2009, Chabad withdrew $64,070 in Gayley Grant advances from the Comerica Accounts for nongrant purposes.<br><br>**Evidence:**<br>Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.B.; Volk Expert Report, Ex. "47" to Volk Decl., p. US002611; Comerica Account Summary Detail, Ex. "48" to Volk Decl., pp. 3-4; Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 55.  Undisputed. |
| 56. Between December 15, 2009 and December 17, 2009, Chabad withdrew $22,000 in Yeshiva Ohr Grant advances from the Comerica Accounts for non-grant purposes.<br><br>**Evidence:**<br>Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.C.-D.; Volk Expert Report, Ex. "47" to Volk Decl., p. US002611; Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 5; Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 56.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 57. Between December 17, 2009, and December 21, 2009, Chabad withdrew $50,000 in Marina Grant advances from the Comerica Accounts for non-grant purposes.<br><br>**Evidence:**<br>Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.D.-E.; Volk Expert Report, Ex. "47" to Volk Decl., pp. US002611-12; Comerica Account Summary Detail, Ex. "48" to Volk Decl., p. 5; Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 57.  Undisputed, but immaterial. |
| 58. Between December 21, 2009, and April 9, 2010, Chabad withdrew $72,750 in Bais Chana Grant advances from the Comerica Accounts for non-grant purposes.<br><br>**Evidence:**<br>Declaration of Karl Erik Volk ("Volk Decl."), paras. 4-11, 12.E.; Volk Expert Report, Ex. "47" to Volk Decl., p. US002612; Comerica Account Summary Detail, Ex. "48" to Volk Decl., pp. 6-8; Bank Statements for Acct. *3744 [US002569-2605], Ex. "45" to Dorgan Decl.; Bank Statements for Acct. *4361 [US002501-2568], Ex. "46" to Dorgan Decl.,; and Comerica Letter in Response to Subpoena and Declaration of Custodian, Ex. "44" to Dorgan Decl. | 58.  Undisputed, but immaterial. |
| 59. Between 2008 and 2010, Dr. Sternlight was a consultant who assisted Rabbi Cunin with the NSG Program grants.<br><br>**Evidence:**<br>Sternlight Depo., Ex. "15" to Dorgan Decl., 20:13-22, 23:20-25:4, 131:16-133:6. | 59.  Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 60. Dr. Sternlight was the only individual associated with Chabad who underwent training concerning the NSG Program.<br><br>**Evidence:**<br>Sternlight Depo., Ex. "11" to Dorgan Decl., 25:21-26:8; and Cunin Depo. 1, Ex. "7" to Dorgan Decl., 36:3-40:2, 103:16-24. | 60. Undisputed, however, the United States inadvertently refers to Exh. "11" as the Sternlight deposition, rather than Exh. "15", and refers to Exh. "7" as the Cunin Depo, rather than Exh. "11" |
| 61. On or about October 7, 2009, Dr. Sternlight sent an email to Rabbi Cunin that stated, "IMPORTANT NOTE: Under Homeland Security rules Chabad of California will have 120 calendar days from the date on the California Treasurer's advance check (not the date it is received) to perform and complete the project installation and submit the final invoice information offsetting the cash advance. PLEASE DO NOT FORGET THIS."<br><br>**Evidence:**<br>Chabad Emails [CH000538-552], Ex. "49" to Dorgan Decl. (Ex. "D" to Cunin Depo. 2), pp. CH000549-550 (emphasis in original); Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 6-18; Chabad RFP Response, Ex. "5" to NOL, Request Nos. 6-18; Dorgan Decl., para. 6 (confirming documents produced by Chabad); and Cunin Depo. 2, Ex. "12" to Dorgan Decl., 188:9-189:14, 191:10-194:4 (confirming documents produced by Chabad). | 61. Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 62. On or about October 20, 2009, Dr. Sternlight sent an email to Rabbi Cunin that stated, "For those who are curious, according to the Office of Homeland Security the 120 days after the issuance of the check, for the project to be completed and fully reported, is because they do not charge interest on the cash advance, and 120 days is the longest a State agency can do this under California law.  Thus this is a firm period and they can't give extensions."<br><br>**Evidence:**<br>Chabad Emails [CH000538-552], Ex. "49" to Dorgan Decl., pp. CH000548-549; Chabad RFP, Ex. "4" to Dorgan Decl., Request Nos. 6-18; Chabad RFP Response, Ex. "5" to Dorgan Decl., Request Nos. 6-18; Dorgan Decl., para. 6 (confirming documents produced by Chabad); and Cunin Depo. 2, Ex. "12" to Dorgan Decl., 188:9-189:14, 191:10-194:4 (confirming documents produced by Chabad). | 62.  Undisputed, but immaterial. |
| 63. Dr. Sternlight had no involvement with the management of the grant funds received by Chabad of California.<br><br>**Evidence:**<br>Sternlight Depo., Ex. "11" to Dorgan Decl., 25:5-26:1, 39:19-25, 56:9-23, 83:10-18; and Cunin Depo. 1, Ex. "7" to Dorgan Decl., 36:3-39:9. | 63.  Undisputed, but immaterial.<br><br>The United States inadvertently refers to Exh. "11" as the Sternlight deposition, rather than Exh. "15", and refers to Exh. "7" as the Cunin Depo, rather than Exh. "11" |
| 64. Dr. Sternlight was never informed by Chabad of California that it had failed to pay any vendors for work performed on the grants at issue after drawdown funds were received and throughout most of 2010. Had Dr. Sternlight known, he would have "reminded them in strong—very strong terms that you don't mess with Uncle Sam."<br><br>**Evidence:**<br>Sternlight Depo., Ex. "11" to Dorgan Decl., 69:15-70:13, 74:19-75:4. | 64.  Undisputed, but immaterial.<br><br>The United States inadvertently refers to Exh. "11" as the Sternlight deposition, rather than Exh. "15." |

32

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 65. Dr. Sternlight was never informed by Chabad of California that the grant funds at issue herein were misappropriated and used to pay for Chabad of California's non-grant expenses. Had Dr. Sternlight known, he "would have objective vehemently."<br><br>**Evidence:**<br>Sternlight Depo., Ex. "11" to Dorgan Decl., 134:11-15. | 65.  Undisputed, but immaterial.<br><br>The United States inadvertently refers to Exh. "11" as the Sternlight deposition, rather than Exh. "15."  The United States mischaracterizes Dr. Sternlight's testimony, which does not mention "misappropriation."<br><br>**Evidence**<br>Sternlight Depo., Ex. "15" to Dorgan Decl., 134:11-15 |
| 66. By letter dated April 23, 2010, a true and correct copy of which is attached as Exhibit "52" to the Notice of Lodgment, Cal EMA advised Chabad that it was conducting a review of the Running Springs Grant, the Gayley Grant, the Yeshiva Ohr Grant, the Marina Grant and the Bais Chana Grant, and Cal EMA demanded that Chabad produce all records of its management of the grant advances as well as copies of Chabad's written policies "ensur[ing] control over and accountability for grant funds."<br><br>**Evidence:**<br>Letter of April 23, 2010 [US000974-76], Ex. "52" to Lewis Decl., p. US000976 (identifying grants subject to review and records requested); Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 17; Dorgan Decl., para. 4 (RFA responses are deemed admitted); and Lewis Decl., para. 5 (authenticating Ex. "52"). | 66.  Undisputed. |

33

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 67. On June 1, 2010, Chabad presented its written response to Cal EMA's April 23, 2010, audit request, a true and correct copy of which is attached as Exhibit "41" to the Notice of Lodgment.<br><br>**Evidence:**<br>June 1 Accounting Letter [CH000053-227], Ex. "41" to Lewis Decl.; Chabad RFP, Ex. "4" to Dorgan Decl., Request No. 1; Chabad RFP Responses, Ex. "5" to Dorgan Decl., Request No. 1; Dorgan Decl., para. 6 (confirming documents produced); and Lewis Decl., para. 6 (authenticating Ex. "41"). | 67.  Undisputed. |
| 68. On November 1, 2010, Cal EMA issued a demand to Chabad for repayment of $612,066 in grant funds, which included (1) the $63,675 in grant funds that Chabad failed to timely pay to Elite on the Running Springs Grant Project, (2) the $64,070 that Chabad failed to timely pay to Elite and ThyssenKrupp on the Gayley Grant Project, (3) $22,000 that Chabad failed to timely pay to Elite on the Yeshiva Ohr Grant Project, (4) $50,000 that Chabad failed to timely pay to Elite on the Marina Grant Project, and (5) $72,750 that Chabad failed to timely pay to Elite on the Bais Chana Grant Project.<br><br>**Evidence:**<br>November 1 Letter [US001245-47], Ex. "53" to Lewis Decl.; Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 20; Dorgan Decl., para. 4 (RFA responses are deemed admitted); and Lewis Decl., para. 8 (authenticating Ex. "53" and confirming demand sought the repayment of grant funds at issue herein). | 68.  Undisputed in part, disputed in part, and immaterial.<br><br>The United States and Catherine Lewis mischaracterize Exhibit 53, the Cal-EMA Compliance Review Report #FI0-502/505, which is not a demand for payment but rather sets out "Required Corrective Action," unless challenged within 30 days, and states further that any payment would be due no later than 30 days after Cal EMA forwards an invoice for $612,066.  The United States presents no evidence that Cal-EMA ever issued an invoice, which would be a demand for payment, and on November 29, 2012 the State of California, through its Attorney General, consented to the Court's order dismissing California's claims against all defendants.<br><br>**Evidence:**<br>November 1 Letter [US001245-47], Ex. "53" to Lewis Decl., page 3, ¶ 3 [US001247];  Stipulation of Dismissal; Order, entered December 4, 2012. CR 32, page 3. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE OF CHABAD OF CALIFORNIA |
|---|---|
| 69. On May 2, 2011, Cal EMA issued a demand to Chabad for repayment of $598,118.17 in grant funds, which included (1) the $63,675 in grant funds that Chabad failed to timely pay to Elite on the Running Springs Grant Project, (2) the $64,070 that Chabad failed to timely pay to Elite and ThyssenKrupp on the Gayley Grant Project, (3) $22,000 that Chabad failed to timely pay to Elite on the Yeshiva Ohr Grant Project, (4) $50,000 that Chabad failed to timely pay to Elite on the Marina Grant Project, and (5) $72,750 that Chabad failed to timely pay to Elite on the Bais Chana Grant Project. **Evidence:** May 2 Letter [US001217-18], Ex. "54" to Lewis Decl.; Chabad RFA 2, Ex. "6" to Dorgan Decl., Request No. 24; Dorgan Decl., para. 5 (RFA responses are deemed admitted); and Lewis Decl., para. 10 (authenticating Ex. "54" and confirming demand sought the repayment of grant funds at issue herein). | 69. Undisputed in part, disputed in part, and immaterial. The United States and Catherine Lewis mischaracterize Exhibit 54, the Cal-EMA Management Decision: Chabad of California Challenge Compliance Review Report #F 10-502/505, which is not a demand for payment but rather states that "An invoice in this amount [$598,118.17] will be forwarded to you from the CalEMA Accounting Office. Payment in full must be remitted to CalEMA no later than 30 days after receipt of the invoice." The United States presents no evidence that Cal-EMA ever issued an invoice, which would be a demand for payment, and on November 29, 2012 the State of California, through its Attorney General, consented to the Court's order dismissing California's claims against all defendants. **Evidence:** May 2, 2010 Letter [US001217-18], Ex. "54" to Lewis Decl., page 2, ¶ 3 [US001247]; Stipulation of Dismissal; Order, entered December 4, 2012. CR 32, page 3. |
| 70. At no time has Chabad made any payment to Cal EMA to reimburse grant funds. **Evidence:** Cunin Depo. 2, Ex. "12" to Dorgan Decl., 256:3-257:17; and Lewis Decl., para. 11 (confirming no payments received in response to Exs. "53" and "54"). | 70. Undisputed that Chabad did not make payment to Cal-EMA in response to Exhs. "53" and "54," but immaterial. On November 29, 2012 the State of California consented to the Court's order dismissing California's claims against all defendants. Chabad paid $136,920 to the United States, which includes amounts not disputed by Chabad with Cal-EMA. **Evidence:** Stipulation of Dismissal; Order, entered December 4, 2012. CR 32, page 3. Decl. Mark Hathaway, Exh. "55" |
| | |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| NON-MOVING PARTY'S UNCONTROVERTED FACTS | EVIDENCE |
|---|---|
| 71.  On July 14, 2014 Chabad unconditionally tendered $136,920 to the United States. | Decl. Of Mark M. Hathaway<br><br>Exhibit 55 |
| 72.  Cal EMA confirmed in writing that Chabad was to identify the funds advanced against costs that had been incurred, but not yet paid to the vendor, as "expended." | Decl. Of Dr. Sternlight<br><br>Exhibit 58, p. 2 |
| 73.  Chabad had a CPA, Chaim Levin, reporting the grant accounting on an accrual basis. | Deposition of Chaim Levin CPA<br><br>Exhibit 57<br><br>Exhibit 10, 122:25-27 |
| 74.  The United States presents no evidence that Cal EMA ever issued an invoice for repayment of $612,066 in grant funds. | See SSUF No. 68<br><br>Exhibit 53 |
| 75.  The United States presents no evidence Cal EMA ever issued an invoice for repayment of $598,118.17 in grant funds | See SSUF No. 69<br><br>Exhibit 54 |
| 76.  Chabad disputed the claims in the state court complaint filed by Continental Business Credit, Inc. | Decl. Mark M. Hathaway<br><br>Exhibit 59, Chabad Verified Answer to Complaint |
| 77.  Chabad disputed the claims in the state court cross-complaint filed by Elite in the Continental Business Credit case. | Decl. Mark M. Hathaway<br><br>Exhibit 61, Chabad Verified Answer to Cross-Complaint |
| 78.  A Notice of Settlement was filed in the Continental state court action in February 2011 | Decl. Mark M. Hathaway<br><br>Exhibit 62, 63, Notice of Settlement of Entire Case, Court Case Docket |
| 79.  Chabad paid Elite $102,000 to settle claims for the costs of actual installation of the security systems funded by the grants. | Decl. Mark M. Hathaway<br><br>Exhibit 62 , p. 2, Chabad Summary of Payments and Unobligated Funds |
| 80.  Chabad paid Continental Credit Corp $130,137 to settle claims for the costs of actual installation of the security systems funded by the grants. | Decl. Mark M. Hathaway<br><br>Exhibit 62 , p. 2, Chabad Summary of Payments and Unobligated Funds |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA

| NON-MOVING PARTY'S UNCONTROVERTED FACTS | EVIDENCE |
|---|---|
| 81.  Of the $345,145 in grant funds, Chabad has tendered unconditionally to the United States $136,920 and paid more than the balance to settle vendor claims, $232,137, for the security systems that were actually installed. | Decl. Mark M. Hathaway<br><br>Exhibit 55, 62 , p. 2, Chabad Summary of Payments and Unobligated Funds |

LAW OFFICES OF MARK J. WERKSMAN

Dated: September 3, 2014            /S/ _____
                                    Mark J. Werksman
                                    Mark M. Hathaway
                                    Attorneys for Defendant Chabad of California

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CHABAD OF CALIFORNIA