Donald L. Saltzman, State Bar No. 54483
Professional Law Corporation
10537 Butterfield Road
Los Angeles, California 90064
Telephone: (310) 617-3073
Facsimile: (310) 836-8944
dlslawcorp@aol.com

Attorneys for Defendant
YESHIVA OHR
ELCHONON CHABAD

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARIA KOZAK AND DONNA KOZAK,<br><br>Plaintiff,<br><br>vs.<br><br>CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF MARINA; and BAIS CHAYA MUSHKA,<br><br>Defendants. | Case No. 2:10-cv-01056-MCE-EFB<br><br>**YESHIVA OHR ELCHONON CHABAD'S *AMENDED* SEPARATE STATEMENT OF UNDISPUTED AND DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| YESHIVA OHR ELCHONON CHABAD,<br><br>Cross-Complainant,<br><br>vs.<br><br>CHABAD OF CALIFORNIA,<br><br>Cross-Defendant. | Date:        September 18, 2014<br>Time:       2:00 p.m.<br>Courtroom: 7<br>Judge:      Hon. Morrison C. England, Jr.<br>Trial Date: January 5, 2015 |

A. **Yeshiva Ohr's NSG Grant Program**

| Plaintiff's Alleged Uncontroverted Material Facts | Response |
|---|---|
| 1. On or about August 29, 2008, Defendant YESHIVA OHR ELCHONON CHABAD ("Yeshiva Ohr") applied for a federal grant under the Urban Areas Security Initiative: Nonprofit Security Grant Program ("NSG Program") to pay the costs of installing video surveillance and identification equipment and perimeter security equipment at Yeshiva Ohr's facility located at 7215 Waring Avenue, Los Angeles, California | 1. Undisputed but only to extent defendant CHABAD OF CALIFORNIA ("Chabad") represented to Yeshiva Ohr that Chabad would apply for the grant and assume all responsibilities for administering the grant and payment to vendors and further to the extent that Yeshiva Ohr never authorized Chabad or its representatives to take any acts that were not in compliance with applicable laws, codes and statutes.<br><br>Evidence: See Deposition of Rabbi Boruch Shlomo Cunin, President of Chabad of California ("Cunin Depo"), p. 40, lines 15-22, p. 94, lines 12-20, p. 103, lines 12-17, p. 105, lines 4 – 13 and 22 – 25, p. 106, lines 13 – 20, p. 108, lines 1 – 5 and 15 – 18, p. 118, lines 20 – 25, p. 122, lines 2 – 4, (admits that Chabad of California assumed all responsibility with respect to applying for grants, managing grants and paying vendors because it was experienced in such matters) attached as Exhibit 11 to the Declaration of Glen Dorgan in Support of Motion for Summary Judgment ("Dorgan Decl."). Also see Vol.. II of Cunin Deposition (Exhibit 12 to Dorgan Decl), page 145, lines 13 – 18, p. 147, lines 2 – 12 (admits all Yeshiva Ohr grant funds were paid over to Chabad of California for administration), p. 150, lines 22 – 25 and p. 151, lines 1 – 13, page 213, lines 9 – 16 (admits Yeshiva Ohr received $72,750 in grant funds and transferred $72,000 of this to Chabad of California).<br><br>Also see the following exhibits to Dorgan Decl. Ex. 1 (Requests for Admissions to Chabad of California): Ex. 2, Bates numbers 1864 – 1865 (Resolution of 9-4-08 whereby Rabbi Schochet of Yeshiva Orh authorizes Dr. David Sternlight and Rabbi Danny Yiftach-Hashem, both of Chabad of California, to apply for the grant, and |

| | | |
|---|---|---|
| | | Bates numbers 1866-1867 (identical Resolution signed on 10-28-08). |
| | | Also see Deposition of Yoel S. Edelson (CFO of Chabad of California), Exhibit 13 to Dorgan Decl., p. 25, lines 17 – 22 (Chabad of California received $70,000 in grant funds from Yeshiva Ohr). |
| | | Also see deposition of Danny Yiftach-Hashem, employee of Chabad of California, Ex. No. 16 to Dorgan Decl., page 28, lines 1 – 25 (admits he signed grant application for Yeshiva Ohr, beginning with Bates US000086 – ". . . well, it's not a matter of being authorized by them, although I was in touch with them, actually, over the phone. . . . " ), |
| | | Please also see the following Exhibits to Cross-Claim of Yeshiva Ohr against Chabad of California (filed hereon on or about 4-9-13, document no. 49):  Ex. No. 1 (check for $32,000 dated 12-5-09, from Yeshiva Ohr to Chabad of California); Ex. No. 2 (check for $40,000 dated November 22, 2009, from Yeshiva Ohr to Chabad of California); Ex. No. 3 (June 1, 2010 letter from accountant for Chabad of California to Cal EMA, Bates numbers US000984 – 00986, admitting entities like Yeshiva Ohr relied upon the expertise and experience of Chabad of California to obtain the grants, manage the vendors, supervise installation and pay the vendors). |
| | 2. For the purpose of applying for the NSG Program Grant, Yeshiva Ohr's Board of Directors passed and adopted a Resolution naming Dr. David Sternlight ("Dr. Sternlight") and Rabbi Danny Yiftach-Hashem ("Rabbi Yiftach-Hashem") as authorized representatives of Yeshiva Ohr in all matters pertaining to the grant application. | 2. <u>Undisputed</u> to the extent that the phrase "all matters pertaining to this application," as used in the resolution, specifically does not refer to or authorize actions by Mr. Sternlight or Rabbi Yiftach-Hashem not permitted by applicable laws, codes, regulations and statutes. |
| | 3. For the purpose of applying for the NSG Program Grant, Yeshiva Ohr's authorized representative, Rabbi Yiftach-Hashem, executed a document entitled Grant | 3. <u>Undisputed</u> |

| | |
|---|---|
| Assurances, a true and correct copy of which is attached as Exhibit "30" to the Notice Of Lodgment. | |
| 4. On or about November 3, 2008, the California Governor's Office of Homeland Security, which was later merged into the California Emergency management Agency and is referred to herein as "Cal EMA," notified Yeshiva Ohr that it was awarded NSG Program Grant No. 2008-0005/037-90838 ("the Yeshiva Ohr Grant"), in the amount of $72,750 and Cal EMA established a performance period of October 31, 2008, through May 31, 2010. | 4. <u>Undisputed</u> to the extent that notice of the grant was provided to representatives of Chabad of California and <u>undisputed</u> that principals of Yeshiva Ohr were made aware of the amount of the grant. No evidence has been produced that other details of the grant, including but not limited to a performance period, were ever communicated to principals or employees of Yeshiva Ohr. |

B. **The NSG Program Terms and Conditions.**

| **Plaintiff's Alleged Uncontroverted Material Facts** | **Response** |
|---|---|
| 5. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Uniform Administrative Requirements for Grants and Cooperative Agreements (including sub-awards) with Institutions of Higher Learning, Hospitals and other Non-Profit Organizations, commonly referred to as "OMB Circular A-110" and codified as 28 CFR Part 70. | 5. <u>Undisputed</u> to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; <u>disputed</u> to the extent that no evidence has been produced that principals or employees of Yeshiva Ohr were ever made aware of any such administrative requirements or circulars. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 6. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Urban Areas Security Initiative Nonprofit Security Grant Program Guidance and Application Kit dated February 2008 ("Federal Guidance"), a true and correct copy of which is attached as Exhibit "33" to the Notice of Lodgment. | 6. <u>Undisputed</u> to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; <u>disputed</u> to the extent that no evidence has been produced that principals or employees of Yeshiva Ohr were ever made aware of any such Grant Program Guidance and Application Kit. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

| | |
|---|---|
| 7. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Governor's Office of Homeland Security Fiscal Year 2008 Urban Area Security Initiative Nonprofit Security Grant Program, California Supplement ("California Supplement"), a true and correct copy of which is attached as Exhibit "34" to the Notice of Lodgment. | 7. Undisputed to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; disputed to the extent that no evidence has been produced that principals or employees of Yeshiva Ohr were ever made aware of any such California Supplement. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 8. As a condition to participating in the NSG Program, Yeshiva Ohr agreed to be bound by and comply with the Office of Justice Program's Financial Guide dated 2006 ("OJP Guide"), a true and correct copy of which is attached as Exhibit "35" to the Notice of Lodgment. | 8. Undisputed to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; disputed to the extent that no evidence has been produced that principals or employees of Yeshiva Ohr were ever made aware of any such California Supplement. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

C.  **Yeshiva Ohr's Grant Drawdowns.**

| **Plaintiff's Alleged Uncontroverted Material Facts** | **Response** |
|---|---|
| 9. On or about August 24, 2009, Yeshiva Ohr submitted a claim to Cal EMA, a true and correct copy of which is attached as Exhibit "38" to the Notice of Lodgment, seeking a drawdown of $72,750 from the Yeshiva Ohr Grant based on representations that the Yeshiva Ohr grant Project had generated costs of $72,750 for video surveillance equipment installed by vendor Elite Interactive Solutions ("Elite") during the expenditure period of July 1, 2009 through August 24, 2009. | 9. Undisputed to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; undisputed that representatives of Chabad sought a grant of $72,750 in the name of Yeshiva Ohr; disputed to the extent that all documents referenced by Plaintiff speak for themselves and do not necessarily include contents as represented by Plaintiff. Further, disputed to the extent that no evidence has been produced that principals or employees of Yeshiva Ohr were ever made aware of any |

| | |
|---|---|
| | such expenditure period. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 10.   On or about September 2, 2009, in reliance on Yeshiva Ohr's certifications in its Grant Assurances that it was in compliance with the financial management standards required by the NSG Program terms and conditions, Cal EMA approved the drawdown request and the State of California paid $72,750 in federal grant funds to Yeshiva Ohr. | 10.   <u>Undisputed</u> to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; <u>undisputed</u> that Yeshiva Ohr received $72,750 in grant funds; <u>disputed</u> to the extent that no evidence has been produced that principals or employees of Yeshiva Ohr were ever made aware of any NSG Program terms or that they made any certifications with respect to financial management standards. See paragraph numbers 4, 5, 6, 7, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

D.   **Yeshiva Ohr Transfers $72,000 to Chabad and Retains $750.**

| **Plaintiff's Alleged Uncontroverted Material Facts** | **Response** |
|---|---|
| 11.   As of August 24, 2009, the date of its drawdown claim, Yeshiva Ohr entered into an agreement with Defendant CHABAD OF CALIFORNIA ("Chabad") that included the following terms: (1) Chabad would have sole responsibility for selecting, supervising and paying vendors hired to perform the security improvements; (2) Chabad would direct the timing of all drawdown requests against the grants; and (3) all funds received by Yeshiva Ohr through its drawdown requests would be transferred to, and held and managed by, Chabad. | 11.   <u>Undisputed</u> as to the facts stated. <u>Disputed</u> to the extent the terms stated by Plaintiff do not contain all of the terms of the agreement and have left out the following terms, without limitation: (1) Chabad would have sole responsibility for applying for the grant; (2) implied in the agreement was that Chabad would comply with all applicable laws, rules, statutes and regulations; (3) express or implied in the agreement was that Yeshiva Ohr lacked the experience and knowledge to apply for and manage the grant; (4) express or implied in the agreement was that Chabad had the necessary knowledge and experience to apply for and manage the grant; (5) express in the agreement is no authorization by Yeshiva Ohr for Chabad to take any actions that are not in compliance with applicable laws, rules, statutes and |

YESHIVA OHR ELCHONON CHABAD'S *AMENDED* SEPARATE STATEMENT OF UNDISPUTED AND DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | regulations. |
| 12.   On November 23, 2009, and December 15, 2009, Yeshiva Ohr transferred $72,000 of its receipts from the Yeshiva Ohr Grant to Chabad in two installments of $40,000 and $32,000, respectively. | 12.   Undisputed. |
| 13.   On the same days the transfers were made, Chabad deposited the $40,000 grant fund transfer and the $32,000 grant fund transfer into a checking account with Comerica Bank bearing an account number ending in 4361 ("Account 4361"). | 13.   Undisputed. |
| 14.   Yeshiva Ohr retained and never expended $750 of its receipts from the Yeshiva Ohr grant. | 14.   Undisputed. |

D.   **Yeshiva Ohr and Chabad Failed to Comply with Financial Management Standards.**

| Plaintiff's Alleged Uncontroverted Material Facts | Response |
|---|---|
| 15.   During the period of May 2008 through December 2012, Yeshiva Ohr did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b). | 15.   Undisputed to the extent Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations; undisputed that Yeshiva Ohr received $72,750 in grant funds; undisputed that Yeshiva Ohr turned over $72,000 of the grant funds to Chabad for management and payment to vendors; disputed to the extent that no evidence has been produced by Plaintiff or any party that Yeshiva Ohr was required to have such written procedures in place, especially where it immediately turned over all grant funds (save $750) to Chabad for management purposes. See paragraph numbers 4, 5, 6, 7, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge of specific grant procedures or requirements. |
| 16.   During the period of May 2008 through December 2012, Chabad did not have written procedures to provide for control over and accountability for all funds received under the | 16.   Disputed to the extent there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge on the dates in question of specific procedures in |

| | |
|---|---|
| NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b). | place at Chabad. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

### F. Compliance with Financial Management Standards was Material to Cal EMA.

| Plaintiff's Alleged Uncontroverted Material Facts | Response |
|---|---|
| 17. On the date Cal EMA approved Yeshiva Ohr's drawdown request for $72,750 from the Yeshiva Ohr grant, Cal EMA was unaware that Yeshiva Ohr agreed to transfer grant advances to Chabad and Chabad agreed to manage the Yeshiva Ohr Grant project by selecting, supervising and paying the vendor hired to perform the work within the scope of the Yeshiva Ohr Grant project. | 17. Disputed to the extent there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge on the dates in question of specific information of which Cal EMA may or may not have been aware. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 18. On the date Cal EMA approved Yeshiva Ohr's drawdown request for $72,750 from the Yeshiva Ohr grant, Cal EMA was unaware that neither Yeshiva Ohr nor Chabad had written procedures to provide for control over the accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b). | 18. Disputed to the extent there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge on the dates in question of specific information of which Cal EMA may or may not have been aware. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. Further disputed on the ground that no evidence has been produced by Plaintiff or any party that Yeshiva Ohr was required to have such written procedures in place, especially where it immediately turned over all grant funds (save $750) to Chabad for management purposes. |
| 19. Had Cal EMA known that (1) Yeshiva Ohr had entered into an agreement with Chabad whereby Yeshiva Ohr agreed to transfer grant advances to Chabad and Chabad agreed to manage the Yeshiva Ohr Grant project by selecting, supervising and paying the vendor hired to perform the work within the scope of the Yeshiva Ohr Grant project; | 19. Disputed to the extent there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge on the dates in question of specific information of which Cal EMA may or may not have been aware. See paragraph numbers 4, 5, 6, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of |

| | |
|---|---|
| and (2) the parties in receipt of the Yeshiva Ohr Grant funds did not have written procedures to provide for control over and accountability for all funds received under the NSG Program in order to adequately safeguard all such funds and assure they were used solely for authorized purposes as required by 28 CFR 70.21(b)(3) and 70.22(b), Cal EMA would not have approved the transfer of the grant funds. | knowledge.  Further <u>disputed</u> on the ground that no evidence has been produced by Plaintiff or any party that Yeshiva Ohr was required to have such written procedures in place, especially where it immediately turned over all grant funds (save $750) to Chabad for management purposes.  Further <u>disputed</u> on the ground it would be impermissible speculation on the part of Yeshiva Ohr to guess as to what Cal EMA may or may not have done under certain circumstances.  Further <u>disputed</u> on the ground that Cal EMA obviously was fully aware that Chabad was applying for and undertaking to manage the grants of a number of religious learning institutions.  For evidence, see Plaintiff's Complaint, acknowledging that Cal EMA was aware that Chabad had applied for grants on behalf of a number of different entities. |

G.  **Yeshiva Ohr and Chabad Failed to Timely Pay Elite in Full.**

| **Plaintiff's Alleged Uncontroverted Material Facts** | **Response** |
|---|---|
| 20.  The first payment made by Chabad of California to Elite for work performed on the Yeshiva Ohr Grant project was the payment of $40,000 on November 23, 2009. | 20.  <u>Undisputed</u>. |
| 21.  The second payment made by Chabad to Elite for work performed on the Yeshiva Ohr Grant project was the payment of $10,000 on December 15, 2009. | 21.  <u>Undisputed</u> although there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge on the date in question of specific payments made by Chabad to Elite.  See paragraph numbers 4, 5, 6, 7, 8, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 22.  Chabad made no further payments to Elite until in or about February 2011, when Chabad settled a lawsuit filed by Elite seeking collection of the remaining payments. | 22.  <u>Undisputed</u> that there was a lawsuit but <u>disputed</u> to the extent there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge on the date in question of specific payments made by |

| | Chabad to Elite. See paragraph numbers 4, 5, 6, 7, 8, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
|---|---|

**H.  Chabad Misappropriated $22,000.**

| Plaintiff's Alleged Uncontroverted Material Facts | Response |
|---|---|
| 23.  The only two accounts used by Chabad to hold NSG Program grant funds were Account 4361 and a checking account with Comerica Bank bearing an account number ending in 3744 | 23.  <u>Undisputed</u> although there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge prior to this lawsuit of specific banking procedures of Chabad.  See paragraph numbers 4, 5, 6, 7, 8, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 24.  The Comerica Accounts were used by Chabad to hold money received from non-grant sources and to pay Chabad's non-grant related operating expenses, including employee payroll, building repairs, mortgages and utility expenses. | 24.  <u>Undisputed</u> although there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge prior to this lawsuit of specific banking procedures of Chabad.  See paragraph numbers 4, 5, 6, 7, 8, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 25.  Between December 15 and December 17, 2009, Chabad withdrew $22,000 in Yeshiva Ohr Grant advances from the Comerica Accounts for non-grant purposes. | 25.  <u>Undisputed</u> although there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge prior to this lawsuit of Chabad's use of grant funds. See paragraph numbers 4, 5, 6, 7, 8, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

**I.  Yeshiva Ohr and Chabad Acted Recklessly and/or with Deliberate Ignorance.**

| Plaintiff's Alleged Uncontroverted Material Facts | Response |
|---|---|

| | |
|---|---|
| 26. Rabbi Boruch Shlomo Cunin ("Rabbi Cunin"), Chabad's President, was the individual solely responsible for determining when to seek a grant drawdown, when to pay vendors, and how to manage advances. | 26. <u>Undisputed</u>. |
| 27. Between 2008 and 2010, Dr. Sternlight was a consultant who assisted Rabbi Cunin with the NSG Program grants. | 27. <u>Undisputed</u>. |
| 28. Dr. Sternlight was the only individual associated with Chabad who underwent training concerning the NSG Program. | 28. Ambiguous as to the meaning of "training," but <u>undisputed</u> Dr. Sternlight obtained specific training. |
| 29. On or about October 7, 2009, Dr. Sternlight sent an email to Rabbi Cunin and Rabbi Yiftach-Hashem that stated, "Under Homeland Security rules Chabad of California will have 120 calendar days from the date on the California Treasurer's advance check (not the date it is received) to perform and complete the project installation and submit the final invoice information offsetting the cash advance.  PLEASE DO NOT FORGET THIS." | 29. <u>Undisputed</u> although there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge of this email prior to this lawsuit. |
| 30. On or about October 20, 2009, Dr. Sternlight sent an email to Rabbi Cunin and rabbi Yiftach-Hashem that stated, "For those who are curious, according to the Office of Homeland Security, the 120 days after the issuance of the check, for the project to be completed and fully reported, is because they do not charge interest on the cash advance, and 120 days is the longest a State agency can do this under California law.  Thus this is a firm period and they can't give extensions." | 30. <u>Undisputed</u> although there has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge of this email prior to this lawsuit. |
| 31. Dr. Sternlight had no involvement with the management of the grant funds received by Chabad. | 31. <u>Undisputed</u>, based solely on Sternlight and Cunin deposition testimony. |
| 32. Dr. Sternlight was never informed by Chabad that it had failed to pay any vendors for work performed on the grants at issue after drawdown funds were received and throughout most of 2010.  Had Dr. Sternlight known, he would have "reminded them in strong—very strong terms that you don't mess with Uncle Sam." | 32. <u>Undisputed</u>, based solely on Sternlight deposition testimony, but speculation by Sternlight as to what he may or may not have done.  There has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge of these facts prior to this lawsuit. |
| 33. Dr. Sternlight was never informed by | 33. <u>Undisputed</u>, based solely on Sternlight |

| | |
|---|---|
| Chabad that the grant funds at issue herein were misappropriated and used to pay for Chabad's non-grant expenses. Had Dr. Sternlight known, he "would have objected vehemently." | deposition testimony, but speculation by Sternlight as to what he may or may not have done. There has been no evidence produced by Plaintiff or any other party that Yeshiva Ohr had knowledge of these facts prior to this lawsuit. See paragraph numbers 4, 5, 6, 7, 8, 11, 12 and 13 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

**J.     Yeshiva Ohr Failed to Repay $22,750.**

| Plaintiff's Alleged Uncontroverted Material Facts | Response |
|---|---|
| 34.     When Yeshiva Ohr applied for the Yeshiva Ohr Grant, it identified Dr. Sternlight as its agent and point of contact. | 34.     <u>Undisputed</u> except that it was Chabad, not Yeshiva Ohr, that applied for the Yeshiva Ohr Grant. See deposition testimony cited above from Rabbi Cunin, Yoel Edelson and Danny Yiftach-Hashem. |
| 35.     By letter dated April 23, 2010, a true and correct copy of which is attached as Exhibit "52" to the Notice of Lodgment, Cal EMA advised Dr. Sternlight that it was conducting a review of the Yeshiva Ohr Grant, and Cal EMA demanded that Yeshiva Ohr produce all records of its management of the grant advances as well as copies of Yeshiva Ohr's written policies "ensur[ing] control over and accountability for grant funds." | 35.     <u>Undisputed</u> as to contents of letter, but <u>disputed</u> as to "notice" from Cal EMA to Yeshiva Ohr. There has been no evidence produced by Plaintiff or any other party that any principals or employees of Yeshiva Ohr had knowledge of this letter prior to this lawsuit. See paragraph numbers 4, 5, 6, 7, 8, 10, 11, 12, 13 and 15 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 36.     On June 1, 2010, Yeshiva Ohr presented its written response to Cal EMA's April 23, 2010, document request, a true and correct copy of which is attached as Exhibit "41" to the Notice of Lodgment. | 36.     <u>Undisputed</u> as to contents of June 1, 2010 letter but <u>disputed</u> that that letter was presented by Yeshiva Ohr. It is <u>undisputed</u> that it was presented by representatives of Chabad. There has been no evidence produced by Plaintiff or any other party that any principals or employees of Yeshiva Ohr had knowledge of this letter prior to this lawsuit. See paragraph numbers 4, 5, 6, 7, 8, 10, 11, 12, 13 and 15 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 37.     On November 1, 2010, Cal EMA issued | 37.     <u>Undisputed</u> as to contents of November |

| | |
|---|---|
| a demand to Yeshiva Ohr by letter to Dr. Sternlight seeking Defendants' repayment of $612,066 in grant funds, which included the $22,750 in grant funds that Yeshiva Ohr and Chabad failed to timely pay to Elite. | 1, 2010 letter but <u>disputed</u> that demand was made to Yeshiva Ohr. There has been no evidence produced by Plaintiff or any other party that any principals or employees of Yeshiva Ohr had knowledge of this letter prior to this lawsuit. See paragraph numbers 4, 5, 6, 7, 8, 10, 11, 12, 13 and 15 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 38. On May 2, 2011, Cal EMA issued a demand to Yeshiva Ohr by letter to Dr. Sternlight seeking Defendants' repayment of $598,118.17 in grant funds, which included the $22,750 in grant funds that Yeshiva Ohr and Chabad failed to timely pay to Elite. | 38. <u>Undisputed</u> as to contents of May 2, 2011 letter but <u>disputed</u> that demand was made to Yeshiva Ohr. There has been no evidence produced by Plaintiff or any other party that any principals or employees of Yeshiva Ohr had knowledge of this letter prior to this lawsuit. See paragraph numbers 4, 5, 6, 7, 8, 10, 11, 12, 13 and 15 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |
| 39. At no time has Yeshiva Ohr or Chabad made any payment to Cal EMA to reimburse grant funds. | 39. <u>Disputed</u>. Yeshiva Ohr originally authorized Chabad of California to take steps in the grant process and administration of the grant that conformed to applicable codes, rules and regulations. No evidence has been produced by Plaintiff or the other parties that prior to this lawsuit, any principals or employees of Yeshiva Ohr were aware that Cal EMA had made a demand for reimbursement of grant funds. See paragraph numbers 4, 5, 6, 7, 8, 10, 11, 12, 13 and 15 of Declaration of Rabbi Mendel Spalter concerning Yeshiva Ohr's lack of knowledge. |

## YESHIVA OHR'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| Yeshiva Ohr's Uncontroverted Material Facts | Evidence |
|---|---|
| 1. Yeshiva Ohr reasonably relied upon Chabad of California's representations that it could apply for and manage all grant funds. | 1. See Deposition of Rabbi Boruch Shlomo Cunin, President of Chabad of California ("Cunin Depo"), p. 40, lines 15-22, p. 94, lines 12-20, p. 103, lines 12-17, p. 105, lines 4 |

YESHIVA OHR ELCHONON CHABAD'S *AMENDED* SEPARATE STATEMENT OF UNDISPUTED AND DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | – 13 and 22 – 25, p. 106, lines 13 – 20, p. 108, lines 1 – 5 and 15 – 18, p. 118, lines 20 – 25, p. 122, lines 2 – 4, (admits that Chabad of California assumed all responsibility with respect to applying for grants, managing grants and paying vendors because it was experienced in such matters) attached as Exhibit 11 to the Declaration of Glen Dorgan in Support of Motion for Summary Judgment ("Dorgan Decl."). <br><br> Also see deposition of Danny Yiftach-Hashem, employee of Chabad of California, Ex. No. 16 to Dorgan Decl., page 28, line 16 through page 29, line 24 – 25 (admits he had previously worked at Yeshiva Ohr, was very familiar with the premises and led Rabbis Spalter and Schochet to believe he would be very "hands on" concerning the upgrades to the property). <br><br> Please also see the following Exhibit to Cross-Claim of Yeshiva Ohr against Chabad of California (filed hereon on or about 4-9-13, document no. 49): Ex. No. 3, June 1, 2010 letter from accountant for Chabad of California to Cal EMA, Bates numbers US000984 – 00986, admitting entities like Yeshiva Ohr were inexperienced in grant matters and that they relied upon the expertise and experience of Chabad of California to obtain the grants, manage the vendors, supervise installation and pay the vendors). <br><br> Please also see Declaration of Rabbi Mendel Spalter, paragraph numbers 4 and 6. |
| 2. Yeshiva Ohr had no prior experience with application or management of grant funds. | 35. This is undisputed by Plaintiff. <br><br> Evidence: See Deposition of Rabbi Boruch Shlomo Cunin, President of Chabad of California ("Cunin Depo"), p. 40, lines 15-22, p. 94, lines 12-20, p. 103, lines 12-17, p. 105, lines 4 – 13 and 22 – 25, p. 106, lines 13 – 20, p. 108, lines 1 – 5 and 15 – 18, p. 118, lines 20 – 25, p. 122, lines 2 – 4, (admits that |

14   No. 2:10-cv-01056-MCE-EFB
YESHIVA OHR ELCHONON CHABAD'S *AMENDED* SEPARATE STATEMENT OF UNDISPUTED AND
DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | Chabad of California assumed all responsibility with respect to applying for grants, managing grants and paying vendors because it was experienced in such matters) attached as Exhibit 11 to the Declaration of Glen Dorgan in Support of Motion for Summary Judgment ("Dorgan Decl."). |
| | Also see deposition of Danny Yiftach-Hashem, employee of Chabad of California, Ex. No. 16 to Dorgan Decl., page 28, line 16 through page 29, line 24 – 25 (admits he had previously worked at Yeshiva Ohr, was very familiar with the premises and led Rabbis Spalter and Schochet to believe he would be very "hands on" concerning the upgrades to the property). |
| | Please also see the following Exhibit to Cross-Claim of Yeshiva Ohr against Chabad of California (filed hereon on or about 4-9-13, document no. 49): Ex. No. 3, June 1, 2010 letter from accountant for Chabad of California to Cal EMA, Bates numbers US000984 – 00986, admitting entities like Yeshiva Ohr were inexperienced in grant matters and that they relied upon the expertise and experience of Chabad of California to obtain the grants, manage the vendors, supervise installation and pay the vendors). |
| | Please also see Declaration of Rabbi Mendel Spalter, paragraph numbers 4 and 6. |
| 3. Yeshiva Ohr turned all $72,500 of grant funds received over to Chabad of California, except for the sum of $750 through inadvertence. | 3. This is undisputed by Plaintiff.<br><br>Evidence: See Plaintiff's list of undisputed facts, which includes this fact. Also see Declaration of Rabbi Mendel Spalter, paragraph number 7. |
| 4. Chabad of California assumed all responsibility for payment of Yeshiva Ohr's grant funds to vendors. | 4. This is undisputed by Plaintiff.<br><br>Evidence: See Deposition of Rabbi Boruch Shlomo Cunin, President of Chabad of |

| | | |
|---|---|---|
| 1-9 | | California ("Cunin Depo"), p. 40, lines 15-22, p. 94, lines 12-20, p. 103, lines 12-17, p. 105, lines 4 – 13 and 22 – 25, p. 106, lines 13 – 20, p. 108, lines 1 – 5 and 15 – 18, p. 118, lines 20 – 25, p. 122, lines 2 – 4, (admits that Chabad of California assumed all responsibility with respect to applying for grants, managing grants and paying vendors because it was experienced in such matters) attached as Exhibit 11 to the Declaration of Glen Dorgan in Support of Motion for Summary Judgment ("Dorgan Decl."). Also see Rabbi Mendel Spalter Declaration, paragraph numbers 6, 7, 8 and 14. |
| | 5.  Yeshiva Ohr had no knowledge of any violations of Federal or State statutes, rules or regulations by Chabad of California or any of its employees, representatives or agents | 5.  See paragraph numbers 5, 8, 10, 11, 12, 13, 14 and 15 of Declaration of Rabbi Mendel Spalter. |
| | 6.  At no time did Cal EMA directly notify Yeshiva Ohr of any alleged violations of law in connection with the grants. | 6.  See paragraph numbers 5, 8, 10, 11, 12, 13, 14 and 15 of Declaration of Rabbi Mendel Spalter. |
| | 7.  At all times Yeshiva Ohr made efforts to make sure that Chabad paid vendors on a timely basis | 7.  See paragraph numbers 5, 8, 9, 10, 11, 12, 13, 14 and 15 of Declaration of Rabbi Mendel Spalter. |
| | 8.  At no relevant time did Yeshiva Ohr have any personal knowledge that Chabad of California may not have been following applicable law, rules and regulations with respect to the grant funds. | 8.  See paragraph numbers 5, 8, 9, 10, 11, 12, 13, 14 and 15 of Declaration of Rabbi Mendel Spalter. |
| | 9.  At all relevant times, Yeshiva Ohr was a completely separate and distinct legal and physical entity from Chabad of California | 9.  This is undisputed by Plaintiff. See paragraph number 2, Declaration of Rabbi Mendel Spalter. |
| | 10.  There is no witness testimony that Yeshiva Ohr had personal knowledge of any possible violations of Federal or State statutes, rules or regulations with respect to the Yeshiva Ohr Grant. | 10.  Neither the Plaintiff nor any party has introduced any evidence that any principal or employee of Yeshiva Ohr had personal knowledge of possible violations by Chabad of California. |

| | |
|---|---|
| 11. Yeshiva Ohr did not knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval. | 11. See all witness deposition testimony cited above. Also see paragraph numbers 5, 8, 10, 11, 12, 13, 14, 15 and 17 of Declaration of Rabbi Mendel Spalter. |
| 12. Yeshiva Ohr did not knowingly make a false record or statement material to a false or fraudulent claim. | 12. See paragraph numbers 5, 8, 9, 10, 11, 12, 13, 14, 15, 17 and 18 of Declaration of Rabbi Mendel Spalter. |
| 13. Yeshiva Ohr did not knowingly make, use or cause to be made a false record or statement | 13. See paragraph numbers 5, 8, 9, 10, 11, 12, 13, 14, 15, 17 and 18 of Declaration of Rabbi Mendel Spalter. |
| 14. Yeshiva Ohr did not knowingly conceal or avoid an obligation to pay or transmit money or property to the government | 14. See paragraph numbers 5, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18 and 19 of Declaration of Rabbi Mendel Spalter. |
| 15. At no relevant time did Yeshiva Ohr act recklessly or in deliberate ignorance of the truth with respect to the facts alleged in Undisputed Material Fact numbers 11 through 14 above. | 15. See paragraph numbers 5, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19 and 20 of Declaration of Rabbi Mendel Spalter.<br><br>Also see all witness deposition testimony referred to above. |

Respectfully submitted,

Dated: September 3, 2014          DONALD L. SALTZMAN, PLC


                                  By: _____
                                      Donald L. Saltzman
                                  Attorneys for Defendant and Cross-Claimant,
                                  Yeshiva Ohr Elchonon Chabad

YESHIVA OHR ELCHONON CHABAD'S *AMENDED* SEPARATE STATEMENT OF UNDISPUTED AND DISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT