Michael A. Hirst, Esq. CA Bar # 131034
HIRST LAW GROUP, P.C.
200 B Street, Suite A
Davis, CA 95616
Tel: (530) 756-7700
Fax: (530) 756-7707

Counsel for the Plaintiffs-Relators
Aria Kozak and Donna Kozak

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARIA KOZAK and DONNA KOZAK, <br><br> Plaintiffs, <br><br> v. <br><br> CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF MARINA; and BAIS CHAYA MUSHKA, <br><br> Defendants. | CASE NO. 2:10-cv-01056-MCE-EFB <br><br> **RELATORS' MOTION IN LIMINE TO EXCLUDE EVIDENCE ON FALSE CLAIMS ACT REMEDIES** <br><br> Trial:  January 20, 2015 <br> Time:  9:00 a.m. <br> Court: Courtroom No. 7 |

## INTRODUCTION

In the trial of this matter, the United States and Relators will prove, by a preponderance of evidence, that the Defendants violated the False Claims Act, *31 U.S.C. § 3729, et seq*. ("FCA" or "Act"), by defrauding the government in a federal grant program.

Plaintiffs-Relators Aria Kozak and Donna Kozak ("Relators") file this motion in limine to exclude during the trial of this matter any direct or indirect reference, evidence, questioning, or argument, including by innuendo or otherwise: (1) that damages are trebled and penalties are assessed for violations of the FCA, and (2) that Relators may be awarded a share of the government's recovery and their

expenses, attorneys' fees, and costs as FCA remedies.  *31 U.S.C. § 3729(a)(1)(G); 31 U.S.C. § 3730(d)(1)*.

All of the above issues will be determined by the Court, not the jury.  Reference to these FCA provisions would undermine the statutory purpose of the Act in providing compensatory and punitive damages to the government arising from a defendant's fraud, and in encouraging whistleblowers.  The jury should not be instructed on these matters.

## ARGUMENT

I. THE COURT SHOULD EXCLUDE ALL REFERENCE TO TREBLE DAMAGES AND PENALTIES UNDER THE FCA.

The jury's role in an FCA case is "to determine the number of violations and to fix the amount of actual damages suffered by the United States, if any."  *United States ex rel. Laymon v. Bombardier Transp. (Holdings) USA, Inc.*, 656 F. Supp. 2d 540, 547-48 (W.D. Pa. 2009), *citing United States ex rel. Miller v. Harbe*rt, 2007 WL 851868, at *2, 2007 U.S. Dist. LEXIS, at *7-8 (D.D.C. 2007).  The application of the FCA 's statutory penalties and trebling of actual damages is for the Court to determine.  *Id*. at 547.

Indeed, the United States Supreme Court has "strongly implied that a jury in FCA cases is generally not to be instructed on the possibility of treble [damages] and penalties."  *Laymon*, at 547, *citing Cook County v. United States ex rel. Chandler,* 538 U.S. 119, 131-32 (2003).  Because a jury could otherwise improperly decrease an actual damages award, "if it finds liability, its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier, just as the court alone sets any separate penalty."  *Chandler,* 538 U.S. at 132; *Miller*, at *2 ("There is scarce little probative value in schooling a jury on penalties and trebling, but a real risk that a jury so schooled might invade the Court's domain by reducing its damages figure or the number of violations it finds in order to offset the effect of penalties and trebling").  If a jury reduced actual damages because of an awareness of penalties and trebling, "it would thwart important goals of the FCA," which "seeks first to make the government whole."  *Miller*, at *2.  As the Supreme Court has recognized, treble damages and penalties

are appropriate, because "some liability beyond the amount of the fraud is usually necessary to compensate the Government completely for the costs, delays and inconveniences occasioned by fraudulent claims." *Chandler*, at 131; *Miller* at *2 ("it is well recognized that some component of a treble damages award in an FCA case is compensatory, covering the costs of investigation, detection, and prosecution, prejudgment interest, the consequential damages of fraud, and the costs of enticing relators to bring suit, all of which are implicated in FCA cases but none of which are otherwise provided for in the statutory scheme.")

Even apart from the legislative goals in enacting the FCA, in other contexts, "the great weight of authority," including the Ninth Circuit, has "established the general rule that it is error to instruct a jury as to treble damages, attorneys fees, or other court-determined awards that might pervert the jury's damages determination." *Mille*r, at *2, *citing Brooks v. Cook,* 938 F.2d 1048 (9th Cir. 1991 )(attorneys' fees under 42 U .S.C. § 1988); *Pollock &Riley, Inc. v. Pearl Brewing Co.,* 498 F.2d 1240, 1242 (5th Cir. 1974)(treble damages in a an antitrust case), *cert denied*, 420 U.S. 992, 95 S. Ct. 1427 (1975); *Liquid AirCorp. v. Rogers,* 834 F.2d 1297, 1308n.7 (7th Cir. 1987)(statutory penalties in a RICO case); *see also*, *Gulfstream Ill Assocs., Inc. v. Gulfstream Aerospace Corp.,* 995 F.2d 425, 433 (3d Cir. 1993)(treble damages in an antitrust case); *Spencer v. Wal–Mart Stores, Inc*., 469 F.3d 311, 315 (3d Cir. 2006) (back pay in a Title VII discrimination case to be determined by the court).

I. <u>THE COURT SHOULD EXCLUDE ALL REFERENCE TO THE RELATORS' POTENTIAL QUI TAM AWARD AND RECOVERY OF ATTORNEYS' FEES AND EXPENSES UNDER THE FCA.</u>

For the same reasons as set forth above, the Court should preclude reference to other provisions of the FCA, including any potential award for the Relators and recovery of their attorneys' fees.

In enacting and amending the FCA, Congress determined that these provisions were necessary, as a matter of public policy, to encourage whistleblowers to come forward and invest the time and expense of bringing an action on behalf of the government for losses sustained by the public as a result of fraud. In 1986, in response to the perception that "fraud permeates generally all Government programs,"

Congress amended the FCA in significant respects. *S. Rep. No. 99–345, at 2, as reprinted in 1986 U.S.C.C.A.N. at 526*7. The amendments strengthened the Act by, among other things, expanding the rights of qui tam relators and increasing their financial incentives to bring suit under the Act, so as to "encourage more private enforcement suits." *See S. Rep. No. 99–345, at 23–24, as reprinted in 1986 U.S.C.C.A.N. at 5288–89; see also Chandler*, at 133 (""Because Congress was concerned about pervasive fraud in all Government programs, ... [it] enhanced the incentives for relators to bring suit.").

Just as Congress' purpose in enacting the FCA would be thwarted by disclosing to the jury the treble damages and penalties provisions in the Act, so too would its purpose be thwarted by disclosing the possible award and attorneys' fees to the whistleblowers. That is so because a jury may inappropriately consider those matters in assessing damages, even though those provisions are entirely for the court, not the jury, to determine. See *Miller*, at * 2 ("the great weight of authority," including the Ninth Circuit, has "established the general rule that it is error to instruct a jury as to treble damages, attorneys fees, or other court-determined awards that might pervert the jury's damages determination.") [1]; *compare Miller*, at *1 (holding that references to prior settlements, and the relator's share thereof, may be disclosed).

In *Brooks v. Cook,* 938 F.2d 1048 (9th Cir. 1991), the Ninth Circuit held that the district court abused its discretion by providing the jury with information on a possible award of attorneys' fees under 42 U.S.C. § 1988:

> The award of attorneys' fees is a matter of law for the judge, not the jury. … The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. By informing the jury of the plaintiff's right to seek attorneys' fees under § 1988, the court invited the jury to factor in a subsequent step—the court's calculation of the ultimate judgment—that had no relevance to the jury's determination of liability and damages.

Id. at 1051. The Court further held that "informing the jury of the possibility of fees could … undermine the public policies behind § 1988," noting that "there are public interest considerations that transcend the conferring of a financial benefit on a prevailing party." *Id*., *quoting Ackerley Communications v. City of*

---

[1] In addition, the potential for misleading or confusing the jury should disallow this evidence under FRE 403.

*Salem*, 752 F.2d 1394, 1397 (9th Cir.), *cert. denied*, 472 U.S. 1028, 105 S. Ct. 3503 (1985); *see also Riverside v. Rivera*, 477 U.S. 561, 574 (1986)(plurality opinion)("[A] successful civil rights plaintiff often secures important social benefits….")

As the *Brooks* court notes, in the context of a Civil Rights case, a jury "may be unaware of the policy considerations that drove Congress to favor the award of fees to prevailing plaintiffs under § 1988." *Brooks*, at 1051. Those policy considerations weigh even more heavily in an FCA case brought for fraud against the government. As the Court notes in explaining why the treble damages provision in antitrust cases are not disclosed to the jury: "The justifiable fear of anti-trust plaintiffs is that the juries will adjust the damage award downward or find no liability, therefore thwarting Congress's purpose, because of some notions of a windfall to the plaintiff." *Id*. at 1052. The government's recovery of sums lost due to fraud should not be diminished by the jury's consideration of a potential windfall to the whistleblowers who initiated the case. Such a result would conflict with the Congressional goals of the FCA. *See, e.g., Miller*, at *2 (the FCA "seeks first to make the government whole.")

## CONCLUSION

For the reasons set forth above, the Relators respectfully request that the Court grant the motion in limine to exclude all evidence and references to the FCA's provisions regarding treble damages, penalties, relator share award, and recovery of expenses, attorneys' fees, and costs.

DATED:  November 13, 2014                HIRST LAW GROUP, P.C.

/s/ Michael A. Hirst
Michael A. Hirst, Esq.
Counsel for Plaintiff-Relators
Aria Kozak and Donna Kozak

**PROOF OF SERVICE**

By Electronic Filing

I HEREBY CERTIFY that on the 13th day of November 2014, I filed the foregoing electronically through the CM/ECF system, which caused the CM/ECF registered counsel in this action to be served by electronic means.

/s/ Michael A. Hirst
Michael A. Hirst, Esq.

Counsel for Plaintiffs-Relators
Aria Kozak and Donna Kozak