ANDREW J. STERN, SBN 051648
LAW OFFICES OF ANDREW J. STERN
6380 Wilshire Boulevard, Suite 1010
Los Angeles, California 90048

Telephone : 323/782-8040
Facsimile : 323/782-8050
E-mail    : ajsternlaw@aol.com

Attorneys for Defendant,
CHABAD OF MARINA

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARIA KOZAK and DONNA KOZAK,<br><br>                    Plaintiff,<br><br>v.<br><br>CHABAD-LUBAVITCH INC.; CHABAD OF CALIFORNIA; CHABAD RUNNING SPRINGS RESIDENTIAL CAMP; CHABAD CHEDER MENACHEM; YESHIVA OHR ELCHONON CHABAD; BAIS CHANA HIGH SCHOOL; CHABAD OF THE MARINA; and BAIS CHAYA MUSHKA,<br><br>                    Defendants. | CASE NO. 2:10-cv-01056-MCE-EFB<br><br>**TRIAL BRIEF OF DEFENDANT CHABAD OF MARINA**<br><br>Date       : January 20, 2015<br>Time       : 9:00 a.m.<br>Courtroom  : 7<br>Judge      : Hon. Morrison C. England, Jr. |

///
///
///
///
///
///
///

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION AND FACTUAL BACKROUND.................................................. 1

II. AN AGENT I SNOT LIABLE FOR ACTS OF ITS PRINCIPAL............................... 3

III. CONCLUSION........................................................................................................ 6

# TABLE OF AUTHORITIES

**PAGE**

**FEDERAL CASES**

*Freeman v. Liu*
   112 F.R.D. 35, 39 (N.D. Ill. 1986) .................................................................. 3

*Good v. Prudential Ins. Co. of Am.*
   5 F. Supp. 2d 804 ........................................................................................... 4

**CASES**

*Heringer, et al. v. Schumacher, et al.*
   (1928) 88 Cal.App. 349, 352, 263 P. 550. ..................................................... 4

*Rakestraw v. Rodrigues*
   (1972) 8 Cal.3d 67, 72-73, 104 Cal.Rptr. 57 ................................................ 4

*Reno v. Bard*
   (1998) 18 Cal.4th 640, 648, 76 Cal.Rptr.2d 499 ........................................... 3

**FEDERAL STATUTES**

31 U.S.C. § 3729(a)(1)(A) and (B) .................................................................... 3

42 U.S.C. § 2000 e(b) ........................................................................................ 3

**CALIFORNIA AUTHORITIES**

Restatement 2d of Agency, § 335 ...................................................................... 3

NOW COMES DEFENDANT CHABAD OF MARINA, also known as Chabad Jewish Community Center of Marina Del Rey ("MARINA") and submits the Trial Brief in the above entitled case.

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

MARINA is an institution which was formed and established as a presence of the Lubavitch Movement (an Orthodox Hassidic sect of Judaism) in the area of Marina Del Rey, California at the behest and instigations of Co-Defendant CHABAD OF CALIFORNIA ("CHABAD"), and specifically the director of CHABAD, Rabbi Shlomo Cunin ("Cunin") a number of years ago. The Lubavitch Movement was established in the late 1700s in Russia and continued to function and grow through the leadership of various "grand rabbis", as single and successive leaders of the Lubavitch Movement.

During World War 11, the then leader of the Lubavitch Movement escaped from Russia and moved to New York. In about 1950, the last Lubavitch Rebbe (the title of the leading Rabbi of the Lubavitch Movement), assumed leadership of the Lubavitch Movement and began a campaign of sending representatives to various cities in the United States and throughout the world, to establish a Jewish presence in such locations and establish "Chabad Houses" which would actively promote an awareness of Jewish identity among both affiliated and non-affiliated Jews throughout the world.

The Lubavitch Rebbe sent Cunin to California to establish such "Chabad Houses" throughout California in about the late 1960s or early 1970s. CHABAD purchased a building located at 2929 Washington Boulevard, Marina Del Rey, California ("Location"), and established MARINA as the "Chabad House" in Marina Del Rey, California at the Location. The Location was solely owned by CHABAD and CHABAD had and has the exclusive right to use the name "Chabad" in the State of California for more than fifty (50) years.

Prior to RABBI JAN YEFTADONAY aka RABBI DANNY YIFTACH-HASHEM ("Yiftach") becoming the executive director of MARINA, Cunin had appointed another Rabbi to operate MARINA and subsequently fired said other Rabbi and hired Yiftach to be the executive director of MARINA.

In or about latter part of 2008, CHABAD, through its consultant, Dr. David Sternlight ("Dr. Sternlight"), prepared a number of applications for grants for various entities affiliated with or subsidiaries of CHABAD from the Nonprofit Security Grant Program ("NSG Program") which were being administered through the Homeland Security Grant Program ("HSG Program") and funded through the State of California, for funds to shore up security at various facilities owned by and operated under the auspices of CHABAD, including for the Location.

On September 5, 2008, MARINA, under the instructions of CHABAD and as an agent for CHABAD, submitted an application, prepared by Dr. Sternlight, for a grant through the HSG Program for the Location. MARINA relied on Dr. Sternlight and CHABAD with regard to the application for the NSG Program and CHABAD was the driving force for the grant.

On or about October 10, 2008, MARINA was awarded the sum of Seventy Two Thousand Seven Hundred Fifty Dollars ($72,750) ("Grant Amount"), as were various other Defendants in this case, separately, through the State Administrative Agencies, which in California was the California Emergency Management Agency ("Cal EMA"). The funds granted to MARINA were for installation of security cameras and perimeter fencing at the Location. All agreements and obligations on the part of MARINA with respect to the grant from the HSG Program, which were signed by Yiftach, were made as an agent of CHABAD, with all proceeds of said grant to be used by CHABAD as it saw fit.

On or about December 1, 2009, CHABAD received a check made payable to Chabad Jewish Community Center (MARINA) from the State of California, authorized by Cal EMA, in the Grant Amount. CHABAD sent the check to MARINA to deposit in MARINA's bank account and on December 17, 2009, CHABAD instructed MARINA to pay the sum of $50,000 to CHABAD, which was done by a wire transfer.

Out of the Grant Amount, MARINA reimbursed itself the sum of $7,000 which MARINA had paid to Wolf Brothers ("Wolf") on September 9, 2009, for the installation of a security fence at the Location, wired the sum of $50,000 to CHABAD, per CHABAD's instruction, paid Wolf an additional sum of $7,075 on December 15, 2009, for work performed by Wolf on the security fence at the Location, and kept the balance of the Grant Amount in the sum of $8,675, **at the instructions of CHABAD**, to repay MARINA for previous funds loaned by MARINA to CHABAD in previous

transactions. Therefore, all of the Grant Amount for MARINA was either used for security improvements at the location and/or turned over to CHABAD, as the real party requesting the grants to the various defendants herein.

All demands by Cal EMA for repayment of sums not properly used by CHABAD and its various affiliated entities and/or subsidiaries were sent to CHABAD, at their address on Gayley Avenue, to the attention of Dr. Sternlight. No demand for repayment of monies was ever made to MARINA.

## II.

## AN AGENT IS NOT LIABLE FOR ACTS OF ITS PRINCIPAL

The basic issue of fact in this case which must be decided by the trier of facts, is whether or not MARINA should be "personally" liable to Plaintiffs or was acting solely in the capacity of an agent for CHABAD, and therefore bears no "individual" responsibility for the alleged violations of 31 U.S.C. § 3729(a)(1)(A) and (B). It is respectfully submitted that MARINA only acted in the capacity of an agent of CHABAD and should not bear any "individual" liability in this case.

42 U.S.C. § 2000 e(b) states that an employer is "a person who has fifteen or more employees... and any **agent** of such person" (Emphasis added) *Reno v. Bard* (1998) 18 Cal.4th 640, 648, 76 Cal.Rptr.2d 499.

In an action brought against an agent upon a contract to which the agent is a party but under which the primary duty of performance rests upon the principal, the agent has the defenses available to a surety. Restatement 2d of Agency, § 335. Similarly, in *Freeman v. Liu*, 112 F.R.D. 35, 39 (N.D. Ill. 1986), the court held that where the agent discloses to the third party the existence of the principal, the principal becomes primarily liable to the third party, while the agent remains only secondarily liable. Similarly, in the insurance context, California courts have held that where the agent remains within the scope of his agency, he cannot be held liable for breaches of contract toward the insured. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804.

The issues dealt with herein involve the application of traditional principles of agency law. The basic rule involved herein is that ratification by a person of an act purportedly done on his behalf not

only creates the relationship of principal and agent but also constitutes approval by the ratifier of the purported agent's act, relieving such agent of liability to the ratifier for the act. *Rakestraw v. Rodrigues* (1972) 8 Cal.3d 67, 72-73, 104 Cal.Rptr. 57. A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is "inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it." *Rakestraw* (supra) at p. 73.

"Where an agent acts in behalf of a disclosed principal, his acts and contracts, within the scope of his authority, are generally considered as the acts and contracts of the principal, and in the absence of an agreement otherwise, involve no personal liability, on the part of the agent, to a third person, except in an action for tort." *Heringer, et al. v. Schumacher, et al.* (1928) 88 Cal.App. 349, 352, 263 P. 550.

In the instant case, the parties have filed a "Joint Final Pretrial Statement" ("JFPS"), with certain admitted facts. It is an admitted fact that CHABAD managed the funds from the NSG Program, which included the Grant Amount to MARINA (JFPS paragraph 3 C and 3 D). As part of the JFPS, the parties agreed to certain Undisputed Facts which were listed on Exhibit "A" to the JEPS ("Undisputed Facts"). Paragraph E 18 of the Undisputed Facts clearly states that CHABAD entered into an agreement with "the other Defendants" to do various things regarding the NSG Program, including, without limitation, "(1) . . . have sole responsibility for selecting, supervising and paying vendors hired to perform the security improvements, (2) . . . direct the timing of all drawdown requests against the grants and (3) all funds received by Defendants through their drawdown requests would be transferred to, and held and managed by Chabad."

The evidence will also show that Cunin, in his own deposition in this case ("Cunin Depo"), admitted and acknowledged that at all times, CHABAD was responsible for managing all funds obtained from the NSG Program to MARINA (Cunin Depo. Vol.2. p. 144, lines 18 - 25). The evidence will further show that Cunin also admitted that all funds received by MARINA from the United States as part of the NSG Program were deposited into MARINA's bank account, with the

4
TRIAL BRIEF OF DEFENDANT CHABAD OF MARINA

majority being paid over to CHABAD, which would supervise and pay vendors (Cunin Depo, Vol. 2, p. 145, lines 13 -18).

MARINA will offer uncontroverted evidence that it had no prior experience in applying for or administering government grants and that it justifiably relied upon CHABAD and its representatives to apply for the NSG Program funds and to administer said funds in full conformity with all applicable Federal and State statutes, rules and regulations. The evidence will show, through the testimony of Yiftach, the director of MARINA, that the application for a grant for MARINA was handled by CHABAD (See Deposition of Yiftach ("Yiftach Depo"), p. 32, lines 7 - 14, p. 33, lines 10 - 14, and p. 34, lines 22 - 25). Furthermore, all requests for funds for MARINA were done by Dr. Sternlight, an agent employed by CHABAD and Yiftach would simply sign them (see Yiftach Depo., p. 56, lines 15 - 22).

The evidence will further establish that some of the NSG Program funds that were part of the Grant Amount were used for security improvements at the Location and the rest of the monies were turned over to CHABAD (see Yiftach Depo, P. 96, lines 12 - 22). It was even admitted by Plaintiffs herein that except for the payment of two checks by MARINA to a vendor for work performed, the rest of monies were paid by CHABAD. Yiftach will confirm that of the $72,750 received by MARINA from the NSG Program funds, $14,050 was paid for security work done at the Location, $50,000 was sent to CHABAD and the balance of about $8,675.00 was retained by MARINA for monies owed to MARINA by CHABAD at the request of CHABAD (see Yiftach Depo, p. 99, lines 19 - 25 and p. 100, lines 1 - 25).

Separate and apart from the above, the chief operating officer and director of CHABAD, Cunin, in his own deposition, admitted and acknowledged that at all times, CHABAD was responsible for managing all funds obtained from the NSG Program to MARINA (see Cunin Depo, Vol.2. p. 144, lines 18 - 25). Cunin further testified that all funds received by MARINA from the United States were deposited into MARINA's bank account, with the majority being paid over to CHABAD, which would supervise and pay vendors, and not by MARINA (see Cunin Depo, p.145, lines 13 - 18). As a result,

///

the funds received by MARINA from the NSG Program were requested by and used exclusively by **CHABAD,** for its purposes, as **IT** sought fit.

### III.

### CONCLUSION

It will be clear from the evidence submitted and introduced by both the Plaintiff United States, as well as the statements and/or testimony of both Yiftach and Cunin, that MARINA merely acted in the capacity of an agent of CHABAD, in that all of the actions taken by MARINA in this case were taken for the benefit of the Location, which was the property of CHABAD, the actions of MARINA were pursuant to the requests of CHABAD and all paperwork required for the NSG Program were made by and pursuant to the instructions from CHABAD. Therefore, MARINA was merely acting in the capacity of an agent for CHABAD and should be relieved of any "personal" responsibility to Plaintiffs hereunder.

Dated: November 24, 2013

Respectfully submitted,

LAW OFFICES OF ANDREW J. STERN

By: _____/s/ Andrew J. Stern_____
ANDREW J. STERN,
Attorneys for Defendant,
CHABAD OF MARINA

# PROOF OF SERVICE

I, Andrew J. Stern, declare that I am over the age of eighteen (18) and not a party to this action. My business address is 6380 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90048.

On November 25, 2014, I served the following document(s): **TRIAL BRIEF OF DEFENDANT CHABAD OF MARINA** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

**See attached Service List**

☒ I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

☐ By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☒ By E-Service: I caused the above document(s) to be electronically served via the Court's CM/ECF system on the recipients designated on the Electronic Mail Notice List.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 25th day of November, 2014 at Los Angeles, CA.


/s/ Andrew J. Stern
ANDREW J. STERN

# SERVICE LIST

<u>Counsel for the United States</u>
BENJAMIN B. WAGNER
United States Attorney
GLEN F. DORGAN
KELLI L. TAYLOR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
(559) 497-4080  (Telephone)
(559) 497-4099  (Facsimile)
Glen.dorgan@usdoj.gov


<u>Counsel for Defendant Chabad of California</u>
MARK M. HATHAWAY
Law Offices of Mark J. Werksman
888 West Sixth Street, Fourth Floor
Los Angeles, CA 90017
(213) 688-0460  (Telephone)
(213) 624-1942  (Facsimile)
mhathaway@werksmanlaw.com


<u>Counsel for Relators Aria and Donna Kozak</u>
MICHAEL A. HIRST
Hirst Law Group
200 B Street, Suite A
Davis, CA 95616
(530) 756-7700  (Telephone)
michael.hirst@hirstlawgroup.com


<u>Counsel for Defendant Yeshiva Ohr Elchonon Chabad</u>
DONALD L. SALTZMAN
10537 Butterfield Road
Los Angeles, CA 90064
(310) 617-3073  (Telephone)
(310) 836-8944  (Facsimile)
dislawcorp@aol.com